SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| SEATTLE CITY EMPLOYEES' RETIREMENT SYSTEM, an agency of the City of Seattle,<br><br>   Plaintiff,<br><br>v.<br><br>EPSILON GLOBAL ACTIVE VALUE FUND II, LTD., a British Virgin Islands corporation, EPSILON GLOBAL MASTER FUND II, L.P., a limited partnership formed under the laws of the Cayman Islands, EPSILON INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company, EPSILON GLOBAL ASSET MANAGEMENT LTD., a corporation formed under the laws of the Cayman Islands, and STEVEN G. STEVANOVICH, a resident of Florida,<br><br>   Defendants. | No. 10-2-10235-3 SEA<br><br>MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

## I.   INTRODUCTION & RELIEF REQUESTED

Plaintiff Seattle City Employees' Retirement System ("SCERS") brings this motion for temporary restraining order to protect its $20 million dollar investment in Epsilon Global Active Fund II, Ltd. ("Epsilon II"), a private investment hedge fund managed principally by Defendant Steven G. Stevanovich ("Stevanovich") and his Epsilon family of companies. As of the date of this filing, the Defendants have refused to provide contractually required financial statements, are refusing to redeem SCERS's shares in Epsilon II, and are refusing to meet with SCERS to provide documents relating to Epsilon II. An unrelated fund also managed by Stevanovich is

MOTION FOR TEMPORARY RESTRAINING ORDER - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51058581.1

under investigation by the SEC.[1] SCERS fears that if it does not receive immediate injunctive relief, that its investment in Epsilon II will be compromised.

Epsilon II was obligated to provide SCERS with a 2008 annual report and audited financial statement, by May 9, 2009. However, to this day, despite repeated assurances that the financial statements would be forthcoming, none of the contractually required documents have been produced. Epsilon II has also refused SCERS's alternative request, if audited financial statements were not yet available, to provide to SCERS all underlying documents provided to Epsilon II's auditor, PricewaterhouseCoopers, for the purposes of preparing the 2008 audited financial statements.

Epsilon II refuses to give SCERS an explanation for its failure to provide the 2008 financial documents. Indeed, the only reason that SCERS can piece together for Epsilon II's stonewalling behavior is Epsilon II's opaque reference to a SEC investigation of an unrelated Stevanovich-managed fund, Westford I, that, like Epsilon II, invests in Epsilon Global Master Fund II. But Stevanovich and Epsilon II should not be permitted to hide behind Westford I to evade their duty to provide the financial documents to SCERS.

Epsilon II's refusal to provide any financial documents with respect to Epsilon II is a breach of its contract with SCERS. This provides the very clear basis and legal right for the issuance of a Temporary Restraining Order ("TRO") in this matter, compelling the Defendants to produce the annual report and audited financial statements for 2008, or in the alternative, all underlying documents provided to Epsilon II's auditor, PricewaterhouseCoopers, for the purposes of preparing the 2008 audited financial statements. A TRO is also appropriate to enjoin Epsilon II from taking any action harmful to SCERS or its $20 million investment and from paying a management fee to Epsilon Management while it refuses to permit SCERS to redeem its shares. Finally, Epsilon II's breach of its contractual obligation to provide financial

---

[1] In addition to the SEC investigation, a Westford shareholder has filed an application for the appointment of a liquidator for Westford I. (Declaration of Bradley P. Thoreson, Ex. A.)

MOTION FOR TEMPORARY RESTRAINING ORDER - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51058581.1

1  documents also provides the basis for this Court to permit the immediate issuance of subpoenas to PricewaterhouseCoopers and other third-parties that have financial documents related to SCERS's investment in Epsilon II in their possession.

## II.  FACTS

### A. SCERS Is A Public Pension Fund That Manages Pension Investments For Over 15,000 Beneficiaries.

SCERS is a public pension fund that provides retirement, disability and survivors' benefits to the City of Seattle's employees. (Declaration of Cecelia Carter ("Carter Decl.") ¶ 2.) SCERS currently manages pension investments for over 15,000 current, former and retired City of Seattle employees and surviving beneficiaries. (*Id.*)

### B. SCERS Invested $20 Million In Epsilon II.

In or about May 2003, Epsilon Investment Management, LLC ("Epsilon Management") solicited SCERS to invest in Epsilon II (and through it, invest in the Epsilon Global Master Fund II, L.P. ("Epsilon Master Fund")). Between May 2003 and December 2003, Epsilon Management provided an offering memorandum, dated January 2003, to SCERS for investment in Epsilon II. (Carter Decl. ¶ 3, Ex. A.) Revised offering memorandums were issued in 2004 and 2009. (*Id.*, Exs. B and C.)

In or about December 2003, SCERS accepted the terms offered in the Confidential Offering Memorandum and executed a Subscription Agreement and Standing Proxy, by which it purchased shares in Epsilon II. (Carter Decl. ¶ 5, Ex. D.) SCERS purchased additional shares in Epsilon II on or about December 2004. (*Id.*, Ex. E.) In total, SCERS has invested approximately $20 million in Epsilon II. (*Id.*)

### C. The Offering Memorandums Obligate Epsilon II To Provide Annual Reports And Quarterly Reports to SCERS.

The various offering memorandums obligate Epsilon II to provide an annual report, together with an annual audited financial statement, to SCERS within 120 days following the conclusion of each fiscal year. (Carter Decl., Exs. A, B, and C at 2.) Specifically, the offering

MOTION FOR TEMPORARY RESTRAINING ORDER - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51058581.1

memorandums state that "[w]ithin 120 following the conclusion of each fiscal year, each Shareholder *will* receive an annual report (together with an annual audited financial statement) describing the results of the Fund's trading activities for that fiscal year." (*Id.*) (Emphasis added.) In addition, the offering memorandums require Epsilon II to provide quarterly investment reports describing Epsilon II's activities. (*Id.*)

**D. Epsilon II Failed To Provide A 2008 Annual Report And A 2008 Audited Financial Statement.**

Epsilon II was required to provide the 2008 annual report and 2008 audited financial statement by May 1, 2009. (Carter Decl. ¶ 6.) Neither the annual report nor the audited financial statement was provided by that date. (*Id.*) When SCERS inquired as to its whereabouts, Epsilon Management explained that it had yet to complete Epsilon II's audited financials for 2008, but assured SCERS that the annual report and audited financials would be forthcoming. (*Id.*) To date, the required reports have not been provided. (*Id.*)

**E. Epsilon II Refuses To Redeem SCERS's Shares In Epsilon II.**

On or about January 28, 2010, still not having received the 2008 annual report or 2008 audited financial statement; SCERS requested the redemption of its Epsilon II shares. (Carter Decl. ¶ 7, Ex. F.)

On February 4, 2010, Stevanovich sent a memorandum to SCERS, indicating that no redemptions would be honored because: (1) an associated fund, Westford I, was under investigation by the Securities and Exchange Commission ("SEC"); (2) there were liquidity problems with Westford I; and (3) in light of the SEC investigation of Westford I, PricewaterhouseCoopers had not released audited financial statements for 2008. (Carter Decl. ¶ 8, Ex. G.)

Troubled by this response, on February 12, 2010, SCERS requested that Epsilon II consider redeeming 85% of SCERS's position within the subscription documents' timeline and hold back 15% pending completion of the 2008 audit, or other event-driven circumstances, at

MOTION FOR TEMPORARY RESTRAINING ORDER - 4

which point it could provide a full release of held back monies. (Carter Decl. ¶ 9, Ex. H.) SCERS requested a response by February 23, 2010. (*Id.*)

Epsilon Management did not respond to SCERS's February 12, 2010 email, other than to provide an "Investor Statement" on February 19, 2010, stating that SCERS's closing position as of December 31, 2009 was $24,865,756.33. (Carter Decl. ¶ 10, Ex. I.) However, no supporting data was supplied and the statement did not appear to be audited. (*Id.*)

On March 8, 2010, SCERS requested additional information regarding SCERS's position in Epsilon II, explaining that none of the reasons supplied in Stevanovich's February 4 memorandum justified withholding from SCERS the audited financial statements of Epsilon II or associated records if the audited financial statements were not available. (Carter Decl. ¶ 11, Ex. J.) As to its request for redemption, SCERS pointed out that Stevanovich's February 4 memorandum did not justify refusing to redeem SCERS's shares in Epsilon II. (*Id.*) In this correspondence, SCERS requested a meeting with Epsilon Management on March 15, 2010 at which meeting it requested that Epsilon Management produce: (1) the 2008 audited financial statement, if it existed; (2) all underlying documents provided to Epsilon II's auditor, PricewaterhouseCoopers, for the purposes of preparing the 2008 audited financial statements; and (3) an accounting of SCERS's December 31, 2009 holdings as a percentage of Epsilon II. (*Id.*)

On Friday, March 12, Epsilon Management contacted SCERS and stated that Epsilon Management would not meet with SCERS staff on March 15 and that Epsilon II would not provide the requested documents by March 15. (Carter Decl. ¶ 12.)

F. **Epsilon II, Epsilon Management, Epsilon Global, And Epsilon Master Fund Operate Under the Direction and Final Say-So of Stevanovich.**

Stevanovich personally manages and has the final say over all of the Defendant entities in this lawsuit. (Carter Decl., Exs. A, B, C, D, E, and G.)

MOTION FOR TEMPORARY RESTRAINING ORDER - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51058581.1

**Epsilon II.** Stevanovich is the director of Epsilon II. (Carter Decl., Exs. A, B, and C at 1 and 6.) As director, he is responsible for Epsilon II's operations and activities. (*Id.*)

**Epsilon Master Fund.** All assets of Epsilon II and the proceeds from the sale of additional shares of common stock of Epsilon II are invested through Epsilon Master Fund. (Carter Decl., Exs. A, B, and C at 1.) As a result, Epsilon II's current financial position is directly tied to Epsilon Master Fund. As with Epsilon II, Stevanovich is the director of Epsilon Master Fund, and is responsible for Epsilon Master Fund's operations and activities. (*Id.*, Exs. A, B, and C at 1 and 6.)

**Epsilon Global Asset Management Ltd. ("Epsilon Global").** Epsilon Global is the General Partner and Investment Manager of Epsilon Master Fund. (Carter Decl., Exs. A, B, and C at 1.) Stevanovich is the manager of Epsilon Global and, therefore, responsible for the investment decisions of Epsilon Master Fund, which ultimately controls the investment of Epsilon II, since the assets of Epsilon II and the proceeds from the sale of additional shares of common stock of Epsilon II are invested through Epsilon Master Fund. (*Id.* at 6.)

**Epsilon Management.** Epsilon Management is the current investment manager for Epsilon II. (Carter Decl., Exs. A, B, and C at 1 and 6.) Epsilon Management provides services for Epsilon II's operation including analysis and recommendations related to Epsilon II's trading and investments transactions. (*Id.*) Stevanovich is sole the manager of Epsilon Management. (*Id.*) In particular, Stevanovich is the President and Founder of Epsilon Management, acts as Epsilon Management's Chief Financial Officer, is responsible for risk management, has responsibility over all trading activities, has ultimate and final authority to approve trades, is involved in every trading decision, has sole authority with respect to cash movements, and all staff of Epsilon Management ultimately report to Stevanovich. (*Id.*)

Thus, although the web of corporate organization is complex, at the end of the day, this is really a one-man shop, directed under the leadership and final say-so of Stevanovich.

MOTION FOR TEMPORARY RESTRAINING ORDER - 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51058581.1

G.  **The Defendants Are Acting As *Alter Egos* Of Epsilon II.**

Stevanovich's February 4, 2010 memorandum suggests the absence of the financial position and financial records of Epsilon II is tied to the difficulty of obtaining records in connection with Westford I, which also invests in the Epsilon Master Fund. (Carter Decl., Ex. G.) To the extent this is true, Defendants Epsilon Management, Stevanovich, Epsilon Global and Epsilon Master Fund appear to be acting as the *alter ego* of Epsilon II in intentionally acting as vehicles for Epsilon II to evade its duty to provide financial documents to SCERS and SCERS is deprived of its financial records as a result of their intentional acts.

H.  **Defendants' Failure To Provide The Annual Report And Audited Financial Statements Threatens To Compromise SCERS's Epsilon II Investment And SCERS's Duties To Its Beneficiaries.**

Defendants' lack of transparency and refusal to provide basic financial information regarding Epsilon II has put SCERS in an untenable situation. As a public pension, SCERS is required by the Financial Accounting Standards Board Statement No. 157 to report asset value at market value. (Carter Decl. ¶ 13.) Although the February 19, 2010 Investor Statement from Epsilon Management stated that SCERS's closing position as of December 31, 2009 was $24,865,756.33, no supporting data was supplied and the statement did not appear to be audited. (*Id.*, Ex. I.)

The February 19, 2010 Investor Statement is also troubling because, according to the 2007 Directors' Report and Financial Statement, the net asset value to holders of redeemable shares in Epsilon II was $24,222,406.00. (Carter Decl., Ex. K.) SCERS fears that it may be the only shareholder remaining in Epsilon II. Moreover, Epsilon II has suffered very significant losses in the past in very short periods of time, and there is a possibility that SCERS's investment could quickly erode.

MOTION FOR TEMPORARY RESTRAINING ORDER - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51058581.1

I.  **SCERS Provided Notice To The Defendants Of This Motion For Temporary Restraining Order.**

On Monday, May 15, 2010 concurrently with the filing of this motion, counsel for SCERS emailed the Complaint, Summons, Motion for Temporary Restraining Oder and accompanying declarations, and the Proposed Temporary Restraining Order to Monahan & Biagi, PLLC, a local Seattle law firm listed as counsel for Epsilon II in the offering memorandums. (Thoreson Decl. ¶ 2.) (Carter Decl., Exs. A, B, and C at viii.) In addition, SCERS emailed the same documents to Karen Tomblin and George Rudman of Epsilon Management and to Stevanovich at his Epsilon email address. (Thoreson Decl. ¶ 2.) As Stevanovich manages all of the Defendant companies, providing notice to him puts all of the Defendants on notice. In his email to the various people and entities, counsel for SCERS stated that SCERS would be moving for the issuance of a TRO before a Commissioner at the King County Courthouse, 516 Third Avenue, Seattle, WA 98104 at approximately 9:10 a.m.

### III.  ISSUES PRESENTED

Should a temporary restraining order be issued to require Defendants to provide the 2008 annual report and 2008 audited financial statement to SCERS, or if such documents are not available, all underlying documents provided to Epsilon II's auditor, PricewaterhouseCoopers, for the purposes of preparing the 2008 audited financial statements?

Should a temporary restraining order be issued to prevent Epsilon II from taking any action that will be harmful to SCERS as an investor or to SCERS investment in Epsilon II, and to prevent Epsilon II from paying any management fee while SCERS is being denied redemption of its shares?

Should subpoenas be immediately issued to Epsilon II's auditor, PricewaterhouseCoopers, and other non-parties which include Equinoxe Alternative Investment Services Ltd., Epsilon II's current fund administrator/broker; Goldman Sachs & Co., Epsilon II's

MOTION FOR TEMPORARY RESTRAINING ORDER - 8

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51058581.1

1  former broker; and JPMorgan Chase, Epsilon II's former broker; requiring the production of all financial information related to Epsilon II from 2003 to present?

### IV. EVIDENCE RELIED UPON

This motion relies upon the Declaration of Cecelia Carter with exhibits, the Declaration of Bradley P. Thoreson with exhibits, and all of the documents on file in this case.

### V. AUTHORITY

CR 65 and RCW 7.40.010 allow the Court to grant a temporary restraining order. If notice of the injunction is provided, as here, then no finding of "irreparable harm" is required. *See County of Spokane v. Local No. 1553, American Federation of State, County and Municipal Employees*, 76 Wn. App. 765, 770, 888 P.2d 735 (1995). Rather, the moving party must show (1) a clear legal or equitable right; (2) a well-grounded fear of immediate invasion of that right; and (3) the acts complained of are either resulting in or will result in actual and substantial injury. *Id.* at 739-40; *Rabon v. City of Seattle*, 135 Wn.2d 278, 284, 957 P.2d 621 (1998).[2]

Both a TRO and a preliminary injunction may affirmatively compel the delivery of the financial documents to which SCERS is contractually entitled. *See Federal Trade Comm'n v. H. N. Singer, Inc.*, 668 F.2d 1107 (9th Cir. 1982) (court issued preliminary injunction requiring the defendants to hand over certain documents, which include financial documents, to plaintiffs); *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989) (trial court granted preliminary injunction ordering return of sculpture to original artist); *accord In re Marriage of Thompson*, 32 Wn. App. 179, 646 P.2d 163 (1982) (trial court issued TRO ordering mother and

---

[2] Even if a showing of irreparable harm were required, SCERS could make this showing. Defendants' conduct threatens a $20 million investment intended to provide pension benefits for thousands of beneficiaries. *See, Board of Trustees of Community College Dist. No. 6 v. Krasnowski*, 5 Wn. App 232, 235, 487 P.2d 231 (1971)(holding that college had shown it would suffer irreparable harm where threatened activity interfered with its property rights). It is difficult to ascertain and measure the damages that SCERS may suffer by the loss of the ability to make decisions with respect to its property, especially in light of the fact that it may be the only shareholder remaining in Epsilon II and there is a possibility that SCERS's investment could quickly erode. *See, Ross-Simons of Warwick, Inc. v. Baccarat, Inc.* 102 F.2d 12 (1st Cir. 1996)("If the plaintiff suffers substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural result.") Further, Defendants' lack of transparency threatens to compromise SCERS's ability to value its assets as required under FASB 157.

MOTION FOR TEMPORARY RESTRAINING ORDER - 9

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51058581.1

children to return to Washington State). In this case, SCERS clearly meets all three prongs of the *County of Spokane* test sufficient to warrant the entry of a temporary restraining order and mandatory injunction.

**A.     SCERS Has Clear A Legal And/Or Equitable Right.**

In determining whether a party has a clear legal or equitable right, the court examines the likelihood that the moving party will prevail on the merits. *Rabon*, 135 Wn.2d at 285. Although the trial court considers the legal issues for purposes of deciding whether to grant or deny the preliminary injunction, it may not adjudicate the ultimate merits of the case. *Id.* at 286.

Epsilon II's failure to provide the 2008 annual report and the 2008 audited financial statements by May 1, 2009 is contrary to the parties' agreement. Specifically, the various operating memorandums state that "[w]ithin 120 following the conclusion of each fiscal year, each Shareholder *will* receive an annual report (together with an annual audited financial statement describing the results of the Fund's trading activities for that fiscal year." (Carter Decl., Exs. A, B, and C at 2.) (Emphasis added.)

Epsilon II's obligation to produce these documents is not optional. No dispute exists that the requisite 120 days have already passed since the end of the 2008 fiscal year – we are now in the year 2010, and SCERS still has not received the documents. Epsilon II's surprising refusal to abide by this contractual obligation is in blatant disregard of its obvious contractual duty to SCERS. There is simply no legitimate basis for Epsilon II to ignore its contractual duties.

SCERS also has a clear legal right to demand the 2008 annual report and 2008 audited financial statements from Stevanovich, Epsilon Master Fund, Epsilon Global, and/or Epsilon Management, to the extent these related entities have the documents.

"It is a well-recognized principle of law that a corporation may not be used as a cloak or disguise to escape corporate liability, and that the corporate veil may be pierced when necessary to justice in a particular case. The foregoing principle, regarding that a corporate entity on occasion be disregarded, is especially applicable in cases involving a parent or principal

MOTION FOR TEMPORARY RESTRAINING ORDER - 10

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51058581.1

corporation and subsidiary corporations which merely acquiesce in and register the decrees of their principal." *Kueckelhan v. Fed. Old Line Ins. Co. (Mutual)*, 69 Wn.2d 392, 411, 418 P.2d 443 (1966) (citations omitted).

Here, there can be no doubt that Epsilon Management, Epsilon Global, Epsilon Master Fund and Epsilon II, all "register and acquiesce in the decrees of" Stevanovich. Indeed, his position as director of Epsilon II and Epsilon Master Fund gives him the sole ability to dictate their operations and activities. Similarly, Stevanovich's position as the manager of Epsilon Global and Epsilon Management gives him the sole and ultimate authority to make the investment decisions of these entities, which in turn, analyze and recommend trading and investment transactions for Epsilon II and Epsilon Master Fund. Thus, although the related nature of these entities may appear complicated, when unraveled, they all point to Stevanovich as the ultimate authority and decision-maker.

Moreover, the manner in which Stevanovich ignores the corporate form to serve whatever end he deems to be in his best interest – for example, justifying not having provided audited financial statements for Epsilon II because another fund that is being managed by Stevanovich and which invests in Epsilon Master Fund, Westford I, is under investigation – clearly demonstrates that this is a one-man shop, operating under the direction and final say-so of Stevanovich. Simply put, the different corporate entities are being used as vehicles for Epsilon II evade its duty to provide the 2008 annual report and 2008 audited financial statements.

To the extent the various Defendant-entities have the documents that SCERS is contractually entitled to have; SCERS has a clear legal right to receive them from Stevanovich, Epsilon Master Fund, Epsilon Global, and/or Epsilon Management.

**B.   SCERS Has A Well Grounded Fear of Immediate Invasion of Its Rights.**

The second criterion is also easily met, as its right to these documents has already been invaded. The annual report and audited financial statements for 2008 were due on May 1, 2009 – they are already 10 months overdue. Epsilon II's consistent refusal to comply with the parties'

MOTION FOR TEMPORARY RESTRAINING ORDER - 11

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51058581.1

contract and indication it does not intend to provide these documents provides a well grounded fear of immediate invasion of SCERS's right to these documents. As indicated in the declaration of Ms. Carter submitted herewith, there are ample grounds for SCERS's fears given the recent communications with Epsilon Management.

**C.     SCERS HAS Been Damaged And/Or Will Be Damaged If Defendants Refuse To Provide The Financial Documents.**

The third criterion to obtain an injunction is also easily met in this case. Defendants' conduct threatens a $20 million investment intended to provide pension benefits for thousands of beneficiaries. Further, SCERS has obligations under FASB Statement No. 157 to report asset value at market value. Defendants' cavalier refusal to produce financial records regarding SCERS's Epsilon II investment has left SCERS in the dark regarding the true value of its investment.

SCERS will also suffer irreparable harm if Epsilon II is permitted to take any other action that will be harmful to it as an investor or its investment (especially in light of the fact that Epsilon II is currently not permitting SCERS to redeem it shares), or if Epsilon II continues to pay any management fee while SCERS is being denied redemption (and therefore, no work is being done with respect to SCERS's investment).

Under these circumstances, an immediate injunction is necessary to protect SCERS from being further damaged.

**D.     Balancing the Equities Further Justifies An Injunction.**

Each of the above-three criteria to support an injunction is to be "examined in light of equity, including the balancing of the relative interests of the parties and the interests of the public, if appropriate." *Rabon*, 135 Wn.2d at 284; *Tyler Pipe Industries, Inc. v. Department of Revenue*, 96 Wn.2d 785, 792, 638 P.2d 1213 (1982); *see also Marshall v. Superior Court For Snohomish County*, 119 Wash. 631, 206 P. 362 (1922) (the balance of interests favored granting

MOTION FOR TEMPORARY RESTRAINING ORDER - 12

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51058581.1

injunction relief where plaintiff would otherwise suffer substantial injury and defendant would only be inconvenienced by an injunction).

Here, a balancing of the equities heavily favors issuing an injunction. Defendants' conduct is clearly at odds with the parties' contracts. The time has well passed for SCERS to receive the 2008 annual report and audited financial statements. Obviously, Defendants are not entitled to stonewall SCERS, hiding behind the various corporate entities operated by Stevanovich in blatant disregard of SCERS's rights. A TRO should issue to stop Defendants from refusing to provide these documents, as Epsilon II agreed it would do.

## VI.  CONCLUSION

Based on the foregoing, the Court should issue a temporarily restraining order requiring Defendants to provide the 2008 annual report and 2008 audited financial statements to SCERS, or if such documents are not available, all underlying documents provided to Epsilon II's auditor, PricewaterhouseCoopers, for the purposes of preparing the 2008 audited financial statements.

Further, this Court should issue a temporary restraining order preventing Epsilon II from taking any other action that will be harmful to it as an investor or to SCERS's investment in Epsilon II, and to prevent Epsilon II from paying any management fee while it is being denied redemption of its shares.

Finally, this Court should issue immediate subpoenas to Epsilon II's auditor, PricewaterhouseCoopers, and other non-parties, including Equinoxe Alternative Investment Services Ltd., Epsilon II's current fund administrator/broker; Goldman Sachs & Co., Epsilon II's former broker; and JPMorgan Chase, Epsilon II's former broker; requiring the production of all financial information related to Epsilon II from 2003 to present, so that SCERS may ascertain the history and status of its investment.

A proposed order is provided.

/

/

MOTION FOR TEMPORARY RESTRAINING ORDER - 13

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51058581.1

DATED this 15th day of March, 2010.

FOSTER PEPPER PLLC

*(signature)*

Bradley P. Thoreson, WSBA No. 18190
Samuel T. Bull, WSBA No. 34387
Miriam H. Cho, WSBA No. 40238
Attorneys for Plaintiff Seattle City Employees' Retirement Systems

MOTION FOR TEMPORARY RESTRAINING ORDER - 14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51058581.1

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| SEATTLE CITY EMPLOYEES' RETIREMENT SYSTEM, an agency of the City of Seattle,<br><br>Plaintiff,<br><br>v.<br><br>EPSILON GLOBAL ACTIVE VALUE FUND II, LTD., a British Virgin Islands corporation, EPSILON GLOBAL MASTER FUND II, L.P., a limited partnership formed under the laws of the Cayman Islands, EPSILON INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company, EPSILON GLOBAL ASSET MANAGEMENT LTD., a corporation formed under the laws of the Cayman Islands, and STEVEN G. STEVANOVICH, a resident of Florida,<br><br>Defendants. | Cause No.<br><br>[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

This matter came on regularly before the Court upon the Motion For A Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue ("Motion") filed by Seattle City Employees' Retirement System ("SCERS").

SCERS seeks an order: (1) requiring Defendant Epsilon Global Active Value Fund II, Ltd. ("Epsilon II") to produce to SCERS an annual report and audited financial statement for the 2008 fiscal year and to provide the annual report and audited financial statement for the 2009 fiscal year when they come due on May 1, 2010; _or_ (2) to the extent the 2008 annual report and 2008 audited financial statement do not exist, requiring Defendant Epsilon II to produce all

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

underlying documents provided to Epsilon II's auditor, PricewaterhouseCoopers ("PwC"), for the purposes of preparing 2008 audited financial statements for Epsilon II; **or** (3) to the extent Epsilon II is unable to produce the 2008 annual report and audited financial statements, or all underlying documents provided to Epsilon II's auditor, PwC, for the purposes of preparing the 2008 audited financial statements for Epsilon II because Defendants Epsilon Global Master Fund II, L.P. ("Epsilon Master"), Epsilon Global Asset Management Ltd. ("Epsilon Global"), Epsilon Investment Management, LLC ("Epsilon Management") and Steven G. Stevanovich ("Stevanovich") (collectively "Defendants") have such documents, requiring Defendants to produce the above-mentioned documents to SCERS; **and** (4) directing the immediate issuance of a subpoena requiring Equinoxe Alternative Investment Services Ltd., Epsilon II's current fund administrator/broker; Goldman Sachs & Co., Epsilon II's former broker; and JPMorgan Chase, Epsilon II's former broker, to produce all financial information related to Epsilon II from 2003 to present; **and** (5) preventing Epsilon II from taking any action harmful to Plaintiff's position as an investor in Epsilon II and/or its investment in Epsilon II; **and** (6) preventing Epsilon II from paying any management fee to Epsilon Management, or any other entity, while redemptions are not being permitted from Epsilon II.

The Court has considered all of the records and files herein, including the following:

1. Plaintiff's Summons and Complaint;

2. Plaintiff's Motion For A Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue;

3. Declaration of Cecelia Carter In Support of Plaintiff's Motion For Injunctive Relief with attached exhibits;

4. Declaration of Bradley P. Thoreson with attached exhibits;

5. Plaintiff's Proposed Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue.

6. Any opposition pleadings filed by Defendants.

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

7. Any reply pleadings filed by Plaintiff.

Based on the record, as well as the oral argument of counsel, and being otherwise fully informed,

**THE COURT FINDS THAT:**

1. This Court has jurisdiction in this matter and venue is proper in King County, Washington;

2. SCERS provided Notice to Defendants of this motion on March 15, 2010;

3. SCERS has demonstrated a substantial likelihood of success on the merits of its claims by demonstrating a clear legal right, pursuant to the agreement between it and Epsilon II, to the 2008 annual report and audited financial statement, or to the extent the 2008 annual report and audited financial statement doe not exist, all underlying documents provided to Epsilon II's auditor, PwC, for the purposes of preparing 2008 audited financial statement;

4. SCERS also has a clear legal right to demand the 2008 annual report and 2008 audited financial statements from Stevanovich, Epsilon Master Fund, Epsilon Global, and/or Epsilon Management, to the extent these related entities have the documents;

5. Epsilon II's consistent refusal to comply with the parties' contract and indication it does not intend to provide these documents provides a well grounded fear of immediate invasion of SCERS's right to these documents;

6. Defendants' cavalier refusal to produce financial records regarding SCERS's Epsilon II investment has left SCERS in the dark regarding the true value of its investment and SCERS will be irreparably harmed if Epsilon II is permitted to take any other action that will be harmful to it as an investor or its investment (especially in light of the fact that Epsilon II is currently not permitting SCERS to redeem it shares), or if Epsilon II continues to pay any management fee while SCERS is being denied redemption (and therefore, no work is being done with respect to SCERS's investment). Under these circumstances, an immediate injunction is necessary to protect SCERS from being further damaged;

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

7.  The balance of equities in this matter tilt sharply in favor of Plaintiff. Defendants' conduct is clearly at odds with the parties' contract and Defendants are not entitled to stonewall SCERS, hiding behind the various corporate entities operated by Stevanovich in blatant disregard of SCERS's rights.

Based on these findings, and upon all of the other facts submitted to the Court, NOW THEREFORE, it is hereby:

**ORDERED AND DECREED THAT:**

1.  Plaintiff's Motion For A Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue is **GRANTED**;

2.  The Temporary Restraining Order shall remain in full force and effect pending the Court's determination on an Order to Show Cause Why A Preliminary Injunction Should Not Issue currently set for _____ at _____ AM/PM before the HONORABLE _____ Department _____, King County Courthouse, Seattle, Washington; and

Defendants, and any agents or other parties acting on behalf of or in concert with Defendants, are hereby **ORDERED** to: (1) produce to SCERS an annual report and audited financial statement for the 2008 fiscal year and to provide the annual report and audited financial statement for the 2009 fiscal year when they come due on May 1, 2010; *or* (2) to the extent the 2008 annual report and 2008 audited financial statement do not exist, produce all underlying documents provided to Epsilon II's auditor, PricewaterhouseCoopers ("PwC"), for the purposes of preparing 2008 audited financial statements for Epsilon II; *and* (3) Equinoxe Alternative Investment Services Ltd., Epsilon II's current fund administrator/broker; Goldman Sachs & Co., Epsilon II's former broker; and JPMorgan Chase, Epsilon II's former broker, are to produce all financial information related to Epsilon II from 2003 to present; *and* (5) Epsilon II is to cease from taking any action harmful to Plaintiff's position as an investor in Epsilon II and/or its investment in Epsilon II; *and* (6) Epsilon II is to cease from paying any management fee to

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1 | Epsilon Management, or any other entity, while redemptions are not being permitted from
2 | Epsilon II.

4 |       DONE IN OPEN COURT this _____ day of March, 2010.

7 |                                                           The Honorable _____

9 | Presented By:

10 | FOSTER PEPPER PLLC

12 | *[signature]*

13 | Bradley P. Thoreson, WSBA No. 18190
Samuel T. Bull, WSBA No. 34387
Miriam H. Cho, WSBA No. 40238
14 | Attorneys for Plaintiff Seattle City Retirement Systems

---

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700