1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

THE HONORABLE CAROL SCHAPIRA

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

SEATTLE CITY EMPLOYEES'
RETIREMENT SYSTEM, an agency of the
City of Seattle,

                Plaintiff,

      v.

EPSILON GLOBAL ACTIVE VALUE FUND
II, LTD., a British Virgin Islands corporation,
EPSILON GLOBAL MASTER FUND II, L.P.,
a limited partnership formed under the laws of
the Cayman Islands, EPSILON
INVESTMENT MANAGEMENT, LLC, a
Delaware limited liability company, EPSILON
GLOBAL ASSET MANAGEMENT LTD., a
corporation formed under the laws of the
Cayman Islands, and STEVEN G.
STEVANOVICH, a resident of Florida,

                Defendants.

No. 10-2-10235-3 SEA

DECLARATION OF JOSEPH M.
MCMILLAN

I, JOSEPH M. MCMILLAN, hereby declare as follows:

    1.      I am one of the attorneys for Defendants in the above-captioned action.  I make

this Declaration based upon personal knowledge, about which I am competent to testify.

DECLARATION OF JOSEPH M. MCMILLAN – 1

73288-0001/LEGAL17962228.1

2.    Attached as Exhibit A is a true and correct copy of the Court's Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, dated March 15, 2010.

3.    Attached as Exhibit B is a true and correct copy of the Declaration of Bradley P. Thoreson in Support of Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (without exhibits), dated March 15, 2010.

4.    Attached as Exhibit C is a true and correct copy of the Court's Amended Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, dated March 16, 2010.

5.    Attached as Exhibit D is a true and correct copy of a cover letter, dated March 23, 2010, which was hand delivered to corporate counsel in the British Virgin Islands for Epsilon Global Active Value Fund II, Ltd. ("Epsilon II"), and which enclosed the Summons, Complaint, the March 15 TRO, and other filings in the action.

6.    On the morning of Wednesday, March 24, 2010, my colleague Harry H. Schneider, Jr., and I contacted Plaintiff's counsel (Bradley Thoreson) and told him that Perkins Coie had been asked by Epsilon II to appear on its behalf in this action (and potentially on behalf of one or more of the other Defendants). We informed him that certain arrangements needed to be made before Perkins Coie would undertake the representation and enter the case, but that we expected those to be in place within 48 hours. (The next day, on March 25, Perkins Coie was retained to represent all Defendants in this action.) We also requested that, in exchange for Defendants' agreement that the TRO would remain in effect until the hearing on Plaintiff's Motion for Preliminary Injunction, Plaintiff agree to continue that hearing for two weeks, until April 12, 2010. We explained that this would give us a reasonable opportunity to review the papers, ascertain the relevant facts, and respond to Plaintiff's Motion for a Preliminary Injunction. Plaintiff's counsel refused to agree to a continuance of the hearing, unless Defendants agreed that one of the elements of the mandatory injunctive relief sought – the

DECLARATION OF JOSEPH M. MCMILLAN – 2

73288-0001/LEGAL17962228.1

production of documents – would occur by a date certain.  We asked that Plaintiff's counsel

consult with his client about Defendants' proposed stipulation, and he indicated he would do so.

Attached as Exhibit E is a true and correct copy of a follow-up letter from defense counsel

(Harry H. Schneider, Jr.) to Plaintiff's counsel (Bradley P. Thoreson) sent later that day via email

and facsimile.

       7.     After the phone conversation with Plaintiff's counsel, Perkins Coie immediately

began drafting the motion and supporting papers for continuance of the hearing date and the

associated motion to shorten time.  Later that evening, Plaintiff's counsel informed Mr.

Schneider that Plaintiff would not agree to a continuance unless Defendants agreed to produce

documents that are a subject of the TRO.  Attached as Exhibit F is a true and correct copy of the

email correspondence from Plaintiff's counsel (Samuel Bull) providing such response.

**I declare under penalty of perjury under the laws of the State of
Washington that the foregoing is true and correct.**

EXECUTED at Seattle, Washington this ⏤25ᴛʜ⏤ day of March, 2010.

_____
Joseph M. McMillan

DECLARATION OF JOSEPH M. MCMILLAN – 3

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

73288-0001/LEGAL17962228.1

## CERTIFICATE OF SERVICE

On the 25th day of March, 2010, I caused to be served upon the following, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

| | |
|---|---|
| Bradley P. Thoreson<br>Samuel T. Bull<br>Miriam H. Cho<br>Foster Pepper PLLC<br>1111 Third Avenue, Suite 3400<br>Seattle, WA 98101<br>thorb@foster.com<br>bulls@foster.com<br>chomi@foster.com | __X__  Via hand delivery<br>__—__  Via U.S. Mail, 1st Class,<br>       Postage Prepaid<br>__—__  Via Overnight Delivery<br>__—__  Via Facsimile<br>__X__  Via Email |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 25th day of March, 2010.

*Roxann P. Ditlevson*

Roxann P. Ditlevson

DECLARATION OF JOSEPH M. MCMILLAN – 4

73288-0001/LEGAL17962228.1

Exhibit A

Exhibit A

PRESENT IN PERSON

RECEIVED

15 MAR 2010    10 45

DEPARTMENT OF
JUDICIAL ADMINISTRATION
KING COUNTY, WASHINGTON

EXPO 1

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

SEATTLE CITY EMPLOYEES'
RETIREMENT SYSTEM, an agency of the
City of Seattle,

                              Plaintiff,

        v.

EPSILON GLOBAL ACTIVE VALUE FUND
II, LTD., a British Virgin Islands corporation,
EPSILON GLOBAL MASTER FUND II, L.P.,
a limited partnership formed under the laws of
the Cayman Islands, EPSILON INVESTMENT
MANAGEMENT, LLC, a Delaware limited
liability company, EPSILON GLOBAL ASSET
MANAGEMENT LTD., a corporation formed
under the laws of the Cayman Islands, and
STEVEN G. STEVANOVICH, a resident of
Florida,

                              Defendants.

Cause No. 10-2-10235-3 SEA

~~[PROPOSED]~~ TEMPORARY
RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION
SHOULD NOT ISSUE

        This matter came on regularly before the Court upon the Motion For A Temporary

Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue

("Motion") filed by Seattle City Employees' Retirement System ("SCERS").

        SCERS seeks an order:  (1) requiring Defendant Epsilon Global Active Value Fund II,

Ltd. ("Epsilon II") to produce to SCERS an annual report and audited financial statement for the

2008 fiscal year and to provide the annual report and audited financial statement for the 2009

fiscal year when they come due on May 1, 2010; _or_ (2) to the extent the 2008 annual report and

2008 audited financial statement do not exist, requiring Defendant Epsilon II to produce all

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1    underlying documents provided to Epsilon II's auditor, PricewaterhouseCoopers ("PwC"), for

2    the purposes of preparing 2008 audited financial statements for Epsilon II; *or* (3) to the extent

3    Epsilon II is unable to produce the 2008 annual report and audited financial statements, or all

4    underlying documents provided to Epsilon II's auditor, PwC, for the purposes of preparing the

5    2008 audited financial statements for Epsilon II because Defendants Epsilon Global Master Fund

6    II, L.P. ("Epsilon Master"), Epsilon Global Asset Management Ltd. ("Epsilon Global"), Epsilon

7    Investment Management, LLC ("Epsilon Management") and Steven G. Stevanovich

8    ("Stevanovich") (collectively "Defendants") have such documents, requiring Defendants to

9    produce the above-mentioned documents to SCERS; *and* (4) directing the immediate issuance of

10    a subpoena requiring Equinoxe Alternative Investment Services Ltd., Epsilon II's current fund

11    administrator/broker; Goldman Sachs & Co., Epsilon II's former broker; and JPMorgan Chase,

12    Epsilon II's former broker, to produce all financial information related to Epsilon II from 2003 to

13    present; *and* (5) preventing Epsilon II from taking any action harmful to Plaintiff's position as an

14    investor in Epsilon II and/or its investment in Epsilon II; *and* (6) preventing Epsilon II from

15    paying any management fee to Epsilon Management, or any other entity, while redemptions are

16    not being permitted from Epsilon II.

17    The Court has considered all of the records and files herein, including the following:

18    1.    Plaintiff's Summons and Complaint;

19    2.    Plaintiff's Motion For A Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue;

20

21    3.    Declaration of Cecelia Carter In Support of Plaintiff's Motion For Injunctive Relief with attached exhibits;

22

23    4.    Declaration of Bradley P. Thoreson with attached exhibits;

23    5.    Plaintiff's Proposed Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue.

24

25    6.    Any opposition pleadings filed by Defendants.

26

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1      7.     Any reply pleadings filed by Plaintiff.

2      Based on the record, as well as the oral argument of counsel, and being otherwise fully

3  informed,

4      **THE COURT FINDS THAT:**

5      1.     This Court has jurisdiction in this matter and venue is proper in King County,

6  Washington;

7      2.     SCERS provided Notice to Defendants of this motion on March 15, 2010;

8      3.     SCERS has demonstrated a substantial likelihood of success on the merits of its

9  claims by demonstrating a clear legal right, pursuant to the agreement between it and Epsilon II,

10  to the 2008 annual report and audited financial statement, or to the extent the 2008 annual report

11  and audited financial statement doe not exist, all underlying documents provided to Epsilon II's

12  auditor, PwC, for the purposes of preparing 2008 audited financial statement;

13      4.     SCERS also has a clear legal right to demand the 2008 annual report and 2008

14  audited financial statements from Stevanovich, Epsilon Master Fund, Epsilon Global, and/or

15  Epsilon Management, to the extent these related entities have the documents;

16      5.     Epsilon II's consistent refusal to comply with the parties' contract and indication

17  it does not intend to provide these documents provides a well grounded fear of immediate

18  invasion of SCERS's right to these documents;

19      6.     Defendants' cavalier refusal to produce financial records regarding SCERS's

20  Epsilon II investment has left SCERS in the dark regarding the true value of its investment and

21  SCERS will be irreparably harmed if Epsilon II is permitted to take any other action that will be

22  harmful to it as an investor or its investment (especially in light of the fact that Epsilon II is

23  currently not permitting SCERS to redeem it shares), or if Epsilon II continues to pay any

24  management fee while SCERS is being denied redemption (and therefore, no work is being done

25  with respect to SCERS's investment).  Under these circumstances, an immediate injunction is

26  necessary to protect SCERS from being further damaged;

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

7.    The balance of equities in this matter tilt sharply in favor of Plaintiff. Defendants' conduct is clearly at odds with the parties' contract and Defendants are not entitled to stonewall SCERS, hiding behind the various corporate entities operated by Stevanovich in blatant disregard of SCERS's rights.

Based on these findings, and upon all of the other facts submitted to the Court, NOW THEREFORE, it is hereby:

**ORDERED AND DECREED THAT:**

1.    Plaintiff's Motion For A Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue is **GRANTED**;

2.    The Temporary Restraining Order shall remain in full force and effect pending the Court's determination on an Order to Show Cause Why A Preliminary Injunction Should Not Issue currently set for MARCH 29, 2010 at 4:00 AM/PM before the HONORABLE CAROL SHAPIRA Department 28, King County Courthouse, Seattle, Washington; and

Defendants, and any agents or other parties acting on behalf of or in concert with Defendants, are hereby **ORDERED** to: (1) produce to SCERS an annual report and audited financial statement for the 2008 fiscal year and to provide the annual report and audited financial statement for the 2009 fiscal year when they come due on May 1, 2010; **or** (2) to the extent the 2008 annual report and 2008 audited financial statement do not exist, produce all underlying documents provided to Epsilon II's auditor, PricewaterhouseCoopers ("PwC"), for the purposes of preparing 2008 audited financial statements for Epsilon II; **and** (3) Equinoxe Alternative Investment Services Ltd., Epsilon II's current fund administrator/broker; Goldman Sachs & Co., Epsilon II's former broker; and JPMorgan Chase, Epsilon II's former broker, are to produce all financial information related to Epsilon II from 2003 to present; **and** (5) Epsilon II is to cease from taking any action harmful to Plaintiff's position as an investor in Epsilon II and/or its investment in Epsilon II; **and** (6) Epsilon II is to cease from paying any management fee to

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1   Epsilon Management, or any other entity, while redemptions are not being permitted from

2   Epsilon II.

3

4            DONE IN OPEN COURT this _____ day of March, 2010.

5

6

7                                    The Honorable _____

8

9

10  Presented By:

11  FOSTER PEPPER PLLC

12

13  Bradley P. Thoreson, WSBA No. 18190
    Samuel T. Bull, WSBA No. 34387
14  Miriam H. Cho, WSBA No. 40238
    Attorneys for Plaintiff Seattle City Retirement Systems

15

16

17

18

19

20

21

22

23

24

25

26

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

Exhibit B

Exhibit B

1

2

3

4

5

6

7                    SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8    SEATTLE CITY EMPLOYEES'
     RETIREMENT SYSTEM, an agency of the
9    City of Seattle,                                    No.  10-2-10235-3 SEA

10                                    Plaintiff,         DECLARATION OF BRADLEY P.
              v.                                         THORESON IN SUPPORT OF MOTION
11                                                       FOR TEMPORARY RESTRAINING
     EPSILON GLOBAL ACTIVE VALUE FUND                    ORDER AND ORDER TO SHOW
12   II, LTD., a British Virgin Islands corporation,     CAUSE WHY A PRELIMINARY
     EPSILON GLOBAL MASTER FUND II, L.P.,                INJUNCTION SHOULD NOT ISSUE
13   a limited partnership formed under the laws of
     the Cayman Islands, EPSILON INVESTMENT
14   MANAGEMENT, LLC, a Delaware limited
     liability company, EPSILON GLOBAL
15   ASSET MANAGEMENT LTD., a corporation
     formed under the laws of the Cayman Islands,
16   and STEVEN G. STEVANOVICH, a resident
     of Florida,
17
                                    Defendants.
18

19           BRADLEY P. THORESON declares:

20           1.      I am of legal age, have personal knowledge of the facts stated herein, and I am

21   competent to testify to them.

22           2.      On Monday, May 15, 2010 concurrently with the filing of the lawsuit, I emailed

23   the Complaint, Summonses, Motion for Temporary Restraining Oder and accompanying

24   declarations, and the Proposed Temporary Restraining Order to Monahan & Biagi, PLLC, a local

25   Seattle law firm listed as counsel for Epsilon II in the offering memorandums.  In addition, I

26   emailed the same documents to Karen Tomblin and George Rudman of Epsilon Management

DECLARATION OF BRADLEY P. THORESON IN              FOSTER PEPPER PLLC
SUPPORT OF MOTION FOR TEMPORARY RESTRAINING        1111 THIRD AVENUE, SUITE 3400
ORDER - 1                                          SEATTLE, WASHINGTON 98101-3299
                                                   PHONE (206) 447-4400  FAX (206) 447-9700

51058588.1

1   and to Steven Stevanovich at his Epsilon email address.  As Steven Stevanovich manages all of

2   the Defendant companies, providing notice to him puts all of the Defendants on notice.  In my

3   email to the various people and entities, I stated that SCERS would be moving for the issuance of

4   a TRO before a Commissioner at the King County Courthouse, 516 Third Avenue, Seattle, WA

5   98104 at approximately 9:10 a.m.

6        3.     Attached as Exhibit A is copy of the application of the appointment of a liquidator

7   filed by an investor in Westford I, another fund managed by Steven Stevanovich.

8        I declare under penalty of perjury under the laws of the State of Washington the

9   foregoing is true and correct to the best of my knowledge, information, and belief.

10       Executed this 15th day of March, 2010 in Seattle, Washington.

11

12

13   Bradley P. Thoreson

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF BRADLEY P. THORESON IN
SUPPORT OF MOTION FOR TEMPORARY RESTRAINING
ORDER - 2

51058588.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

Exhibit C

Exhibit C

PRESENT IN PERSON

FILED

2010 MAR 16 AM 10: 51

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

EXPO 1

**FILED**
KING COUNTY, WASHINGTON

MAR 16 2010

DEPARTMENT OF
JUDICIAL ADMINISTRATION

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| SEATTLE CITY EMPLOYEES' RETIREMENT SYSTEM, an agency of the City of Seattle, | Cause No. 10-2-10235-3 SEA |
| Plaintiff, | |
| v. | [~~PROPOSED~~] AMENDED TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |
| EPSILON GLOBAL ACTIVE VALUE FUND II, LTD., a British Virgin Islands corporation, EPSILON GLOBAL MASTER FUND II, L.P., a limited partnership formed under the laws of the Cayman Islands, EPSILON INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company, EPSILON GLOBAL ASSET MANAGEMENT LTD., a corporation formed under the laws of the Cayman Islands, and STEVEN G. STEVANOVICH, a resident of Florida, | |
| Defendants. | |

This matter came on regularly before the Court upon the Motion For A Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue ("Motion") filed by Seattle City Employees' Retirement System ("SCERS").

SCERS seeks an order: (1) requiring Defendant Epsilon Global Active Value Fund II, Ltd. ("Epsilon II") to produce to SCERS an annual report and audited financial statement for the 2008 fiscal year and to provide the annual report and audited financial statement for the 2009 fiscal year when they come due on May 1, 2010; _or_ (2) to the extent the 2008 annual report and 2008 audited financial statement do not exist, requiring Defendant Epsilon II to produce all

AMENDED TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

1  underlying documents provided to Epsilon II's auditor, PricewaterhouseCoopers ("PwC"), for

2  the purposes of preparing 2008 audited financial statements for Epsilon II; _or_ (3) to the extent

3  Epsilon II is unable to produce the 2008 annual report and audited financial statements, or all

4  underlying documents provided to Epsilon II's auditor, PwC, for the purposes of preparing the

5  2008 audited financial statements for Epsilon II because Defendants Epsilon Global Master Fund

6  II, L.P. ("Epsilon Master"), Epsilon Global Asset Management Ltd. ("Epsilon Global"), Epsilon

7  Investment Management, LLC ("Epsilon Management") and Steven G. Stevanovich

8  ("Stevanovich") (collectively "Defendants") have such documents, requiring Defendants to

9  produce the above-mentioned documents to SCERS; _and_ (4) directing the immediate issuance of

10  a subpoena requiring Equinoxe Alternative Investment Services Ltd., Epsilon II's current fund

11  administrator/broker; Goldman Sachs & Co., Epsilon II's former broker; JPMorgan Chase,

12  Epsilon II's former broker; and PwC, Epsilon II's auditor, to produce all financial information

13  related to Epsilon II from 2003 to present; _and_ (5) preventing Epsilon II from taking any action

14  harmful to Plaintiff's position as an investor in Epsilon II and/or its investment in Epsilon II; _and_

15  (6) preventing Epsilon II from paying any management fee to Epsilon Management, or any other

16  entity, while redemptions are not being permitted from Epsilon II.

17       The Court has considered all of the records and files herein, including the following:

18      1.    Plaintiff's Summons and Complaint;

19      2.    Plaintiff's Motion For A Temporary Restraining Order And Order To Show
20          Cause Why A Preliminary Injunction Should Not Issue;

21      3.    Declaration of Cecelia Carter In Support of Plaintiff's Motion For Injunctive
22          Relief with attached exhibits;

23      4.    Declaration of Bradley P. Thoreson with attached exhibits;

24      5.    Plaintiff's Proposed Temporary Restraining Order and Order to Show Cause Why
         A Preliminary Injunction Should Not Issue.

25      6.    Any opposition pleadings filed by Defendants.

26

AMENDED TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

7.     Any reply pleadings filed by Plaintiff.

Based on the record, as well as the oral argument of counsel, and being otherwise fully informed,

**THE COURT FINDS THAT:**

1.     This Court has jurisdiction in this matter and venue is proper in King County, Washington;

2.     SCERS provided Notice to Defendants of this motion on March 15, 2010;

3.     SCERS has demonstrated a substantial likelihood of success on the merits of its claims by demonstrating a clear legal right, pursuant to the agreement between it and Epsilon II, to the 2008 annual report and audited financial statement, or to the extent the 2008 annual report and audited financial statement doe not exist, all underlying documents provided to Epsilon II's auditor, PwC, for the purposes of preparing 2008 audited financial statement;

4.     SCERS also has a clear legal right to demand the 2008 annual report and 2008 audited financial statements from Stevanovich, Epsilon Master Fund, Epsilon Global, and/or Epsilon Management, to the extent these related entities have the documents;

5.     Epsilon II's consistent refusal to comply with the parties' contract and indication it does not intend to provide these documents provides a well grounded fear of immediate invasion of SCERS's right to these documents;

6.     Defendants' cavalier refusal to produce financial records regarding SCERS's Epsilon II investment has left SCERS in the dark regarding the true value of its investment and SCERS will be irreparably harmed if Epsilon II is permitted to take any other action that will be harmful to it as an investor or its investment (especially in light of the fact that Epsilon II is currently not permitting SCERS to redeem it shares), or if Epsilon II continues to pay any management fee while SCERS is being denied redemption (and therefore, no work is being done with respect to SCERS's investment).  Under these circumstances, an immediate injunction is necessary to protect SCERS from being further damaged;

AMENDED TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1    7.    The balance of equities in this matter tilt sharply in favor of Plaintiff.

2  Defendants' conduct is clearly at odds with the parties' contract and Defendants are not entitled

3  to stonewall SCERS, hiding behind the various corporate entities operated by Stevanovich in

4  blatant disregard of SCERS's rights.

5    Based on these findings, and upon all of the other facts submitted to the Court, NOW

6  THEREFORE, it is hereby:

7    **ORDERED AND DECREED THAT:**

8    1.    Plaintiff's Motion For A Temporary Restraining Order And Order To Show

9  Cause Why A Preliminary Injunction Should Not Issue is **GRANTED;**

10    2.    The Temporary Restraining Order shall remain in full force and effect pending the

11  Court's determination on an Order to Show Cause Why A Preliminary Injunction Should Not

12  Issue currently set for March 29, 2010 at 4:00 PM before the

13  HONORABLE Carol Schapira, Department 28, King County Courthouse, Seattle, Washington;

14  and

15    Defendants, and any agents or other parties acting on behalf of or in concert with

16  Defendants, are hereby **ORDERED** to: (1) produce to SCERS an annual report and audited

17  financial statement for the 2008 fiscal year and to provide the annual report and audited financial

18  statement for the 2009 fiscal year when they come due on May 1, 2010; _**or**_ (2) to the extent the

19  2008 annual report and 2008 audited financial statement do not exist, produce all underlying

20  documents provided to Epsilon II's auditor, PricewaterhouseCoopers ("PwC"), for the purposes

21  of preparing 2008 audited financial statements for Epsilon II;  _**and**_ (3) Equinoxe Alternative

22  Investment Services Ltd., Epsilon II's current fund administrator/broker; Goldman Sachs & Co.,

23  Epsilon II's former broker; JPMorgan Chase, Epsilon II's former broker; and PwC, Epsilon II's

24  auditor, are to produce all financial information related to Epsilon II from 2003 to present; _**and**_

25  (5) Epsilon II is to cease from taking any action harmful to Plaintiff's position as an investor in

26  Epsilon II and/or its investment in Epsilon II; _**and**_ (6) Epsilon II is to cease from paying any

AMENDED TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1    management fee to Epsilon Management, or any other entity, while redemptions are not being

2    permitted from Epsilon II.

3

4    DONE IN OPEN COURT this ___16th___ day of March, 2010.

5

6

7    _____

The Honorable    Kathleen Royer

8                     Comm. P. T.

9    Presented By:

10   FOSTER PEPPER PLLC

11

12   _____

13   Bradley P. Thoreson, WSBA No. 18190
     Samuel T. Bull, WSBA No. 34387

14   Miriam H. Cho, WSBA No. 40238
     Attorneys for Plaintiff Seattle City Retirement Systems

15

16

17

18

19

20

21

22

23

24

25

26

AMENDED TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

Exhibit D

Exhibit D

# ||| WALKERS

BRITISH VIRGIN ISLANDS · · · **BY HAND**

CAYMAN ISLANDS · · 23 March 2010

Our Ref: JPE/SJH/S5215.B06328

DUBAI

HONG KONG · Epsilon Global Active Value Fund II, LTd.
c/- Harneys Corporate Services Limited
Craigmuir Chambers
JERSEY · · P.O. Box 71
Road Town, Tortola
LONDON · British Virgin Islands

Dear Sirs

**SEATTLE CITY EMPLOYEES SYSTEM -V- EPSILON GLOBAL ACTIVE VALUE FUND II
LTD. & ORS**

**SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY
CAUSE NO. 10-2-10235-3 SEA**

We act on behalf of Seattle City Employees' Retirement System.  We enclose, by way of
service, the following documents:

1.      Summons;

2.      Complaint for Injunctive Relief;

3.      Order Setting Civil Case Schedule;

4.      Temporary Restraining Order/Order to Show Cause;

5.      Motion for Temporary Restraining Order and For Order to Show Cause;

6.      Declaration of Brad Thoreson; and

7.      Declaration of Cecelia Carter.

Please acknowledge service of the enclosed documents by signing the duplicate letter
enclosed.

Yours sincerely

*Walkers.*

Julie Engwirda
**WALKERS**

Direct Tel: 1 284 852 2205
Direct Fax: 1 284 494 6683
Email: Julie.Engwirda@walkersglobal.com

Served on: *EPSILON GLOBAL ACTIVE VALUE*
Served at: *FUND II LTD.*
*c/- HARNEYS CORPORATE SERVICES*
Road Town, Tortola *LIMITED.*
British Virgin Islands
Served by: *Winfield Smith*
Date of Service: *23 MARCH, 2010*
Time of Service: *3:10PM*
Recipient's Signature:

Name & Position *Joanne Timbull*
*Team Leader*
*Investment Funds Team* Walkers *Library*

171 Main Street, PO Box 92, Road Town

Tortola, British Virgin Islands, VG 1110

T +1 284 494 2204  F +1 284 494 5535  www.walkersglobal.com

Exhibit E

Exhibit E



Harry H. Schneider, Jr.
PHONE: (206) 359-8508
FAX: (206) 359-9508
EMAIL: HSchneider@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

March 24, 2010

**VIA FACSIMILE AND EMAIL**

Bradley P. Thoreson
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA  98101

Re:    **Seattle City Employees' Retirement System v. Epsilon Global Active Value Fund II,
       Ltd., et al.**

Dear Brad:

As Joe McMillan and I indicated on the phone this morning, we have been asked by Epsilon
Global Active Value Fund II, Ltd., to appear on its behalf in the referenced lawsuit.  There are
arrangements that need to be made before we undertake the representation and enter the case, but
we expect those to be in place within the next 48 hours.  We also may appear for one or more of
the other defendants.

Thanks for providing us a copy of the pleadings, notices, orders and other court filings to date.
We received those materials from your colleague this afternoon.

We understand a hearing on issuance of a preliminary injunction is set for Monday, March 29.
That briefing schedule would require an opposition to be filed by noon tomorrow. Obviously we
cannot be prepared to respond adequately on the merits of the motion by tomorrow and therefore
we ask that you agree to have the hearing and briefing rescheduled to a mutually convenient
date.  We understand you will inquire of your client and let us know.  Unless we hear back from
you by mid-day tomorrow that your client agrees to reschedule, we will be compelled to file a
motion seeking a continuance on shortened time.

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES · MADISON
MENLO PARK · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · SHANGHAI · WASHINGTON, D.C.

Perkins Coie LLP and Affiliates

Bradley P. Thoreson
March 24, 2010
Page 2

We would agree that the TRO does not expire for a period of two additional weeks in order to make sure the status quo is preserved.

Very truly yours,

Harry H. Schneider, Jr.

cc:     Joseph M. McMillan
        Jeffrey M. Hanson

73288-0001/LEGAL17962297.1

Exhibit F

Exhibit F

| | |
|---|---|
| **From:** | Samuel Bull [BullS@foster.com] |
| **Sent:** | Wednesday, March 24, 2010 8:21 PM |
| **To:** | Ditlevson, Roxann (Perkins Coie); Schneider, Harry (Perkins Coie); McMillan, Joseph M. (Perkins Coie); Hanson, Jeff (Perkins Coie) |
| **Cc:** | thoreb@foster.com; Miriam H. Cho |
| **Subject:** | RE: Seattle City Employees' Retirement System v. Epsilon Global Active Value Fund II, Ltd., et al. |

Dear Harry et al.,

There are a couple of issues we need to address:
(1) Our office got a call from the Court late this afternoon regarding the hearing time for Monday's scheduled preliminary injunction hearing. The Court has a conflict with the originally scheduled 4 p.m. time slot and has offered two alternative times, Monday at 8:45 a.m. and Wednesday at 4:00. Brad has a conflicting hearing scheduled for Wednesday, so we can't do that time. Because of this, we will inform the Court that we would like the 8:45 a.m. hearing time on Monday.
(2) You have requested that we agree to continuing the preliminary injunction hearing date. As part of that request, you have stated that you would be willing to extend the TRO for an additional two weeks until a new preliminary injunction hearing date. As you know, the TRO requires your client(s) to produce specific documents. To date, your client(s) has ignored the TRO and has not produced a single document. If you agree to abide by the terms of the TRO and produce the ordered documents by no later than Friday, April 2, then we will agree to continue the preliminary injunction hearing by two weeks. Unless you actually agree to provide the documents required under the terms of the TRO, your agreement to extend the TRO for 2 weeks is meaningless. As such, any agreement to extend the duration of the TRO necessarily requires an agreement that your client(s) will abide by the terms of the TRO.

We look forward to hearing from you soon.

Sam
Samuel T. Bull
Foster Pepper PLLC
1111 Third Ave., Suite 3400
Seattle, WA 98101
Tel. (206) 447-5142
Fax (206) 749-1949

-----Original Message-----
From: Ditlevson, Roxann (Perkins Coie) [mailto:RDitlevson@perkinscoie.com]
Sent: Wed 3/24/2010 5:00 PM
To: thoreb@foster.com; Samuel Bull; Miriam H. Cho
Cc: Schneider, Harry (Perkins Coie); McMillan, Joseph M. (Perkins Coie); Hanson, Jeff (Perkins Coie); Ditlevson, Roxann (Perkins Coie)
Subject: Seattle City Employees' Retirement System v. Epsilon Global Active Value Fund II, Ltd., et al.

3/24/10 Perkins Coie letter to Foster Pepper regarding hearing on issuance of a preliminary injunction currently set for Monday, March 29, 2010, and proposed rescheduling of same.

<<Document.pdf>>

Roxann Ditlevson (Rox) ~ Perkins Coie LLP
Legal Secretary
1201 Third Ave., Suite 4800
Seattle, WA 98101
206-359-3424
RDitlevson@perkinscoie.com

3/25/2010

_____

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.