THE HONORABLE CAROL SCHAPIRA

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

SEATTLE CITY EMPLOYEES'
RETIREMENT SYSTEM, an agency of the
City of Seattle,

No. 10-2-10235-3 SEA

                   Plaintiff,

   v.

DECLARATION OF SAMUEL T. BULL
IN OPPOSITION TO MOTION TO
CONTINUE PRELIMINARY
INJUNCTION HEARING

EPSILON GLOBAL ACTIVE VALUE FUND
II, LTD., a British Virgin Islands corporation,
EPSILON GLOBAL MASTER FUND II, L.P.,
a limited partnership formed under the laws of
the Cayman Islands, EPSILON INVESTMENT
MANAGEMENT, LLC, a Delaware limited
liability company, EPSILON GLOBAL
ASSET MANAGEMENT LTD., a corporation
formed under the laws of the Cayman Islands,
and STEVEN G. STEVANOVICH, a resident
of Florida,

Noted for hearing: March 26, 2010

                 Defendants.

SAMUEL T. BULL declares as follows:

1.     I am of legal age, have personal knowledge of the facts stated herein, and am competent to testify to them.

2.     I am an attorney for Plaintiff Seattle City Employees' Retirement System.

3.     Attached as Exhibit A is a copy of the Order from a British Virgins Island Court appointing a liquidator for Westford Special Situations Fund Ltd., another Stevanovich-managed fund.

DECLARATION OF SAMUEL T. BULL IN OPPOSITION TO
MOTION TO CONTINUE PRELIMINARY INJUNCTION
HEARING - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51061150.1

1        4.      Following entry of the TRO, we immediately contacted Jay Biagi of Monahan &

2    Biagi, PLLC. At Mr. Biagi's request, we provided him with a copy of the TRO to be distributed

3    to the Defendants. After receiving the TRO, Mr. Biagi wrote us and stated that he was not

4    authorized to accept service in the case. Attached as Exhibit B is a true and correct copy of the

5    email exchange between Foster Pepper and Mr. Biagi.

6        5.      Later on March 15, I emailed the TRO to Defendant Stevanovich, Karen Tomblin

7    (of Epsilon Investment Management) and George Rudman (of Epsilon Investment Management).

8    Mr. Stevanovich received the TRO and forwarded it to General Counsel for the various

9    Defendant entities. Attached as Exhibit C is a true and correct copy of the email chain

10   containing the emails between Foster Pepper, general counsel for the entity Defendants, Steve

11   Stevanovich, George Rudman, and Karen Tomblin.

12       6.      On Tuesday, March 16, one day after the entry of the TRO, Edmund Bergan, the

13   self-identified General Counsel of Epsilon Investment Management and Affiliates, assured

14   Foster Pepper that, "We are in the process of retaining Seattle counsel and you may expect to

15   hear from them quite shortly." See Exhibit C.

16       7.      Counsel for SCERS, however, did <u>not</u> hear from Seattle counsel or any other

17   counsel for the Defendants "quite shortly." In fact, counsel for SCERS did not hear from

18   Defendants again for another eight days, when we were contacted by Perkins Coie on

19   Wednesday, March 24.

20       8.      On March 16, one day after the entry of the TRO, and concurrent with

21   Defendants' counsel's refusal to accept service, SCERS caused the TRO to be hand-served on

22   Defendant Epsilon II in the British Virgin Islands. That same day, the Complaint, Summons,

23   Motion for TRO, and TRO, among other pleadings were hand-served on Defendant Epsilon

24   Management through its Delaware registered agent. Since that time, all of the Defendant entities

25   have been served. Attached as Exhibit D is a true and correct copy of a letter from BVI counsel

26   showing hand-service of the TRO on Defendant Epsilon Global Active Value Fund II, Ltd.

DECLARATION OF SAMUEL T. BULL IN OPPOSITION TO
MOTION TO CONTINUE PRELIMINARY INJUNCTION
HEARING - 2

51061150.1

1   Attached as Exhibit E is a true and correct copy of the Affidavit of Service of the Summons and

2   Complaint as well as other pleadings on Epsilon Investment Management, LLC.  Attached as

3   Exhibit F is a true and correct copy of the Affidavit of Service of the Summons and Complaint as

4   well as other pleadings on Epsilon Global Active Value Fund II, Ltd.  Attached as Exhibit G is a

5   true and correct copy of the Affidavit of Service of the Summons and Complaint as well as other

6   pleadings on Epsilon Global Master Fund II, LP.  Attached as Exhibit H is a true and correct

7   copy of the Affidavit of Service of the Summons and Complaint as well as other pleadings on

8   Epsilon Global Asset Management Ltd.

9          9.      SCERS spent days trying to process serve Mr. Stevanovich.  On the first occasion,

10  Mr. Stevanovich's housekeeper answered the door and told the process server that Mrs.

11  Stevanovich was at home, but in the shower, and told the process server to return in 20 minutes.

12  Upon the process server's return 20 minutes later, no one answered the door of the Stevanovich

13  home.  The process server attempted service on several other occasions, and on each occasion

14  was met with no response.  On the final attempt at service, the process server found the gate

15  outside of the home locked. When he buzzed the doorbell at the gate, the housekeeper told the

16  process server that she had been ordered by Mr. Stevanovich to deny the process server entry and

17  to refuse to accept service.  Attached as Exhibit I is a true and correct copy of the Affidavit of

18  Service of the Summons and Complaint as well as other pleadings on Steven G. Stevanovich that

19  includes the details of the process server's attempts to serve Mr. Stevanovich.

20         10.     Originally the preliminary injunction hearing was scheduled for Monday,

21  March 29 at 4 p.m.  However, because of a Court conflict and Defendants' assertion that they

22  had a conflict earlier that same day, SCERS reluctantly agreed to continue the preliminary

23  injunction hearing to Thursday, April 1 at 4 p.m.  At the time that SCERS agreed to the initial

24  continuance, Defendants did not notify SCERS that they would be seeking a further continuance.

25  In fact, counsel for SCERS was extremely surprised to see Defendants email stating that it would

26  be seeking a further continuance after SCERS had agreed to the April 1 hearing date.  Attached

DECLARATION OF SAMUEL T. BULL IN OPPOSITION TO
MOTION TO CONTINUE PRELIMINARY INJUNCTION
HEARING - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51061150.1

1  as Exhibit J is the email chain relating to the initial continuance of the preliminary injunction

2  hearing date.

3          I declare under penalty of perjury under the laws of the State of Washington the

4  foregoing is true and correct to the best of my knowledge, information, and belief.

5

6          Executed this 26th day of March, 2010 in Seattle, Washington.

7

8

9                                                    Samuel T. Bull

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF SAMUEL T. BULL IN OPPOSITION TO
MOTION TO CONTINUE PRELIMINARY INJUNCTION
HEARING - 4

51061150.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700



THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
(COMMERCIAL DIVISION)

IN THE MATTER OF WESTFORD SPECIAL SITUATIONS FUND LTD
AND IN THE MATTER OF THE BVI BUSINESS COMPANIES ACT, 2004
AND IN THE MATTER OF THE INSOLVENCY ACT, 2003

Claim No. BVIHC (COM) 2010/0018


Barfield Nominees Limited
Virginia Molino as Trustee for the McKinsey Master Retirement Trust
Applicant

and

Westford Special Situations Fund Ltd
Respondent


<u>ORDER APPOINTING LIQUIDATORS</u>

**BEFORE:**     The Honourable Mr Justice Edward Bannister (Ag)

**MADE:**       The 18th day of March 2010

**ENTERED:**    The 19 day of March 2010

**UPON THE APPLICATION** of the Applicants namely Barfield Nominees Limited and Virginia Molino as Trustee for the McKinsey Master Retirement Trust filed (the "**Applicants**") with the Court on 11 February 2010 (the "**Application**")

**AND UPON HEARING** Mrs Sandie Corbett of Counsel and with her Miss Julie Engwirda for the Applicants and upon hearing Mr Christopher Young of Counsel and with him Mr Andrew Thorp for the Respondent company

**AND UPON READING** the documents filed in support of the Application with the Court on 11th of February 2010, 19th of February 2010 and the 19th of March 2010.

**AND UPON READING** the Notice of Opposition dated 17 March 2010, the unfiled First Affidavit of Steven Stevanovich dated 18 March 2010 and the exhibit thereto, and the unfiled First Affidavit of Maria McFarlane dated 18 March 2010 and the exhibit thereto.

1



**IT IS HEREBY ORDERED THAT:**

1.    **Westford Special Situations Fund Ltd** (the "**Company**") be liquidated by the Court under the provisions of the Insolvency Act, 2003 (the "**Act**").

2.    **Mr Mark McDonald** of Grant Thornton (BVI) Limited, 171 Main Street, Road Town, Tortola, British Virgin Islands and, **Mr Hugh Dickson** of Grant Thornton (Cayman Islands) Limited, 5th Floor, Bermuda House, Dr. Roy's Drive, Grand Cayman, Cayman Islands, be appointed as joint and several liquidators (the "**Liquidators**") of the Company.

3.    The Liquidators be at liberty to employ such other counsel, solicitors or other agents in the British Virgin Islands or elsewhere to assist them with their duties as will be required to be carried out by them at such hourly rates as agreed from time to time by the Liquidators and these other solicitors or agents.

4.    The Liquidators shall have the powers necessary to carry out the functions and duties of a liquidator under the Act, in the British Virgin Islands or elsewhere, including the powers specified in Schedule 2 of the Act, namely to:

    (a)    Pay any class of creditors in full.

    (b)    Make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the Company, whether present or future, certain or contingent, ascertained or not.

    (c)    Compromise, on such terms as may be agreed:

        (i)    calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the company and any person; and

        (ii)    questions in any way relating to or affecting the assets or the liquidation of the Company;

    and take security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

    (d)    Commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the Company.

    (e)    Carry on the business of the Company so far as may be necessary for its beneficial liquidation.

    (f)    Sell or otherwise dispose of property of the Company.

    (g)    To do all acts and execute, in the name and on behalf of the company, any deeds, receipts or other documents.

(h)    Use the Company seal.

(i)    Prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance, as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors.

(j)    Draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Company with the same effect with respect to the Company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Company in the course of its business.

(k)    Borrow money, whether on the security of the assets of the Company or otherwise.

(l)    Take out in their official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Company.

For the purpose of enabling the Liquidators to take out letters of administration or do any other act under this paragraph, to be due to the Liquidators themselves.

(m)    Call meetings of creditors or members for

(i)    the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

(ii)    the purpose of ascertaining the views of the creditors or members on any matter arising in the liquidation; or

(iii)    such other purpose connected with the liquidation as the Liquidators consider fit.

(n)    Appoint solicitors, accountants or other professionally qualified persons to assist the liquidators in the performance of their duties.

(o)    Appoint an agent to do any business that the liquidators are unable to do themselves, or which can be more conveniently done by an agent.

5.    The powers of the Liquidators set out in paragraph 4(a) to 4(d) shall only be exercisable with the sanction of the Court. The powers of the Liquidators set out in paragraphs 4(e) to 4(o) shall be exercisable without requiring the sanction of the Court.

6.    The costs of the liquidation, including the proper fees and disbursements of the Liquidators, be paid out of the assets of the Company in priority to all other claims.

3

7.    The costs of this Application be paid out of the Company assets as costs in the winding up.

**BY THE COURT**

**REGISTRAR**

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
BRITISH VIRGIN ISLANDS
(COMMERCIAL DIVISION)

IN THE MATTER OF WESTFORD SPECIAL SITUATIONS FUND LTD
AND IN THE MATTER OF THE BVI BUSINESS COMPANIES ACT, 2004
AND IN THE MATTER OF THE INSOLVENCY ACT, 2003

CLAIM NO. BVIHC (COM) 2010 /0018

BETWEEN:

**Barfield Nominees Limited**
**Virginia Molino as Trustee for the McKinsey Master Retirement Trust**
Applicants

**and**

**Westford Special Situations Fund Ltd**
Respondent

---

ORDER APPOINTING LIQUIDATORS

---

**Walkers**
**Legal Practitioners for the Applicants**

171 Main Street
PO Box 92
Road Town
Tortola
British Virgin Islands

Tel: +1 (284) 494 2204
Fax: +1 (284) 494 6683
Ref: JPE/SC/B05982

5

**Samuel Bull**

| | |
|---|---|
| **From:** | Jay Biagi [JBiagi@monahanbiagi.com] |
| **Sent:** | Monday, March 15, 2010 12:13 PM |
| **To:** | Samuel Bull |
| **Cc:** | Brad Thoreson |
| **Subject:** | RE: SCERS - Temporary Restraining Order and Order to Show Cause Against Epsilon |

Hi Sam and Brad,

Thanks for the copy of the ex parte Order. Please let me know when you've obtained proper service of process on the various defendants in the complaint. My firm isn't authorized to accept service in this matter.

Thanks,
Jay

**From:** Samuel Bull [mailto:BullS@foster.com]
**Sent:** Monday, March 15, 2010 11:47 AM
**To:** Attys; Jay Biagi
**Cc:** Brad Thoreson
**Subject:** SCERS - Temporary Restraining Order and Order to Show Cause Against Epsilon

Jay,

I understand that Brad's assistant, Brenda Bole, has already emailed you a copy of the TRO, but here is another copy just to be on the safe side. It is our understanding from your conversation with Brad that you will provide a copy of the TRO to the various defendants.

As soon as possible, will you please:
(1) Let us know who will be representing the Defendants; and
(2) Confirm that the Defendants will be complying with the TRO and provide us the date that Defendants will be providing the documents. Our expectation is that the documents will be provided within 5 business days.

Thanks,

Sam
Samuel T. Bull
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
Tel. (206) 447-5142
Fax (206) 749-1949



EXHIBIT B

3/26/2010

# Samuel Bull

**From:** Brad Thoreson
**Sent:** Tuesday, March 16, 2010 10:40 AM
**To:** 'Ed Bergan'
**Cc:** Samuel Bull; Cecelia Carter; Carlton Seu; Miriam H. Cho; Rafael Stone
**Subject:** RE: SCERS v. Epsilon - Temporary Restraining Order and Order to Show Cause

Dear Mr. Bergan:

I find it hard to believe you can write with "righteous indignation" such as below.  Quite a feat, given the fact that "your client' (we would appreciate knowing which entities or person is your client and which are not) has completely failed to honor its contractual obligations to our client, and in the meantime YOU specifically have stonewalled the simplest of questions or requests for information, which have been -

1) are there any other investors in Fund II?

2) providing any meaningful financial records that would allow our client to evaluate its current position in Fund II and

3) a valid basis to deny redemption - we do not see a right to a connection in any of the contractual documents between Westford and Fund II.

If your client (whichever ones they may be) have lost all of our clients money, please let us know.  That would be the right thing to do - not play hide the ball.

Your complete lack of transparency, and that of the apparent General for all these entities - Mr. Stevanovich - cause substantial concern.  Instead of playing "legal gamesmanship", why don't you act like a steward or fiduciary to these pension beneficiaries and produce either 1) the audited financial statements and the annual report for 2008 OR 2) the back up information so we can assess the situation.  On the blackmail issue, I hope that means Mr. Stevanovich would be embarrassed were the world to learn about the conduct of Fund II and those who direct its actions.  I certainly would be.

Brad Thoreson, Foster Pepper PLLC.

-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.
PRIVILEGED AND CONFIDENTIAL
This e-mail is from the law firm of Foster Pepper PLLC ("FP") and is
intended solely for the use of the addressee(s). Please maintain this email and its contents
in confidence to preserve the privileges protecting its confidentiality. If you have received this
email in error, please immediately notify the Sender and delete the e-mail. Do not copy it or
disclose it to anyone. If you are not a FP client, do not construe this e-mail to make you a
client unless it so states and disclose nothing to FP in reply that you expect it to hold in confidence.
-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.-.



**From:** Ed Bergan [mailto:bergan@sgsfunds.com]
**Sent:** Tuesday, March 16, 2010 10:26 AM
**To:** Brad Thoreson
**Cc:** Samuel Bull; Cecelia Carter; Carlton Seu; Miriam H. Cho; Rafael Stone
**Subject:** RE: SCERS v. Epsilon - Temporary Restraining Order and Order to Show Cause

We are in the process of retaining Seattle counsel and you may expect to hear from them quite shortly.  In the meantime we would caution you in the strongest terms, in terms of the repercussions for you professionally and for your client, against proceeding with any of the



EXHIBIT C

3/25/2010

blackmail you discuss below.

Edmund P. Bergan, Jr.
General Counsel and CCO
Epsilon Investment Management and Affiliates

---

**From:** Brad Thoreson [mailto:ThorB@foster.com]
**Sent:** Monday, March 15, 2010 11:26 PM
**To:** Ed Bergan
**Cc:** Samuel Bull; Cecelia Carter; Carlton Seu; Miriam Cho; Rafael Stone
**Subject:** Re: SCERS v. Epsilon - Temporary Restraining Order and Order to Show Cause

Dear Mr Bergen:

Please either hire an attorney in Seattle to accept service of process or stop the silly emails. You either are counsel with authority who can hire local attorneys or you will be ignored and we will use every method available to effectuate service of process on the entries and Mr Stevanovich to enorxw the order, which may include personal service, publication in large national newspapers and additional notice to folks who may also be in harms way, such as other investors and the Board of Trustees of the University of Chicago. No more shell games. This is shameless. Brad Thoreson.  Foster Pepper PLLC

Brad Thoreson
Foster Pepper PLLC
thorb@foster.com

On Mar 15, 2010, at 6:23 PM, "Ed Bergan" <bergan@sgsfunds.com> wrote:

> Dear Mr. Bull:
>
> My prior email, if you will go back and  re-read it, answers all of your questions for the moment.  In any event, as I am the defendants' chief legal officer, it would seem to your advantage—not to mention the only appropriate course—to address your communications to the defendants to me.  Again, kindly do so until we advise you otherwise.
>
> Edmund P. Bergan, Jr.
> General Counsel and CCO
> Epsilon Investment Management LLC and Affiliates
>
> ---
>
> **From:** Samuel Bull [mailto:BullS@foster.com]
> **Sent:** Monday, March 15, 2010 9:06 PM
> **To:** Ed Bergan
> **Cc:** Brad Thoreson
> **Subject:** RE: SCERS v. Epsilon - Temporary Restraining Order and Order to Show Cause
>
> Dear Mr. Bergan,
>
> Previously we communicated with Monahan & Biagi, legal counsel listed in the Epsilon II offering memorandum.  After telling us that he would distribute the TRO to the Defendants, we were informed by Mr. Biagi that he is not representing any of the Defendants in this matter.
>
> If you are representing any of the Defendants in this matter, please specifically identify each of the

3/25/2010

Defendants that you purport to represent. After identifying the specific Defendants you represent, please: (1) provide us with your full contact information; (2)inform us as to whether you will accept service on behalf of your clients; and (3) confirm that your clients will be complying with the TRO issued by the Court. Until get clarification on the representation issue, we will continue to contact the Defendants as necessary.

Further, I reiterate the point that I made in my earlier email -- Defendants' lack of transparency and self-serving behavior is inappropriate and at odds with their obligations to Epsilon II's shareholders. SCERS has patiently indulged Epsilon while Epsilon has repeatedly assured SCERS that the required financial records would be provided. Rather than engaging in saber rattling, we suggest that the Defendants step to the plate and immediately produce the long-promised documents.

I look forward to your prompt response.

Thanks,

Sam
Samuel T. Bull
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
Tel. (206) 447-5142
Fax (206) 749-1949

---

**From:** Ed Bergan [mailto:bergan@sgsfunds.com]
**Sent:** Monday, March 15, 2010 5:08 PM
**To:** Samuel Bull
**Cc:** Steve Stevanovich
**Subject:** RE: SCERS v. Epsilon - Temporary Restraining Order and Order to Show Cause

Dear Mr. Bull:

As I am known to your client as Epsilon's General Counsel, I am somewhat surprised to find you committing the impropriety of communicating directly with my business colleagues.

Unless and until otherwise directed by me, please do address yourself solely to the undersigned regarding this matter.

Please note that this communication constitutes neither an appearance in this matter nor any acknowledgement or admission that with respect to the purported Temporary Restraining Order and Order to Show Cause, the King County Superior Court has either subject matter jurisdiction or *in personam* jurisdiction in any degree whatsoever.

Edmund P. Bergan, Jr.
General Counsel and Chief Compliance Officer
Epsilon Investment Management LLC and Affiliates

---

**From:** Steve Stevanovich
**Sent:** Monday, March 15, 2010 7:17 PM



3/25/2010

**To:** Ed Bergan
**Subject:** FW: SCERS v. Epsilon - Temporary Restraining Order and Order to Show Cause
**Importance:** High

---

**From:** Samuel Bull [mailto:BullS@foster.com]
**Sent:** Monday, March 15, 2010 7:16 PM
**To:** Steve Stevanovich; Steve Stevanovich; Steve Stevanovich
**Cc:** Brad Thoreson
**Subject:** SCERS v. Epsilon - Temporary Restraining Order and Order to Show Cause
**Importance:** High

Dear Mr. Stevanovich, Ms. Tomblin, and Mr. Rudman,

Attached is the temporary restraining order entered in King County Superior Court in Seattle, Washington this morning.  We have been in contact with James Biagi at Monahan & Biagi and have provided him with a copy of this order.  Mr. Biagi tells us that he is not representing any of the Defendants in this matter.

Please confirm that the various Defendants intend to comply with the attached order.
Please be aware that if the records referenced in the order are not produced, we will request that the Court hold the Defendants in contempt.

In addition, we would like to remind you that it appears that SCERS is the only remaining shareholder in Epsilon II.  At the very least it is a major shareholder.  SCERS expects that the Defendants and their employees will honor their duties to the Fund and its shareholders and put the interest of the shareholders above their own personal interests and act in a transparent manner.  If any breach of these duties occur, SCERS will aggressively seek redress for resulting damage.

Please let us know as soon as possible when we will receive the documents ordered to be produced.  Our expectation is that we will receive all documents within five business days.

We look forward to hearing from you soon.

Sincerely,

Samuel T. Bull
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
Tel. (206) 447-5142
Fax (206) 749-1949

3/25/2010

# ‖ WALKERS

BRITISH VIRGIN ISLANDS

CAYMAN ISLANDS

DUBAI

HONG KONG

JERSEY

LONDON

**BY HAND**

16 March 2010                                          Our Ref: JPE/SJH/S5215.B06328

Epsilon Global Active Value Fund II Ltd.
c/- Harneys Corporate Services Limited
Craigmuir Chambers
P.O. Box 71
Road Town, Tortola
British Virgin Islands

Dear Sirs

**SEATTLE CITY EMPLOYEES SYSTEM -V- EPSILON GLOBAL ACTIVE VALUE FUND II
LTD. & ORS**

**SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY
CAUSE NO. 10-2-10235-35EA**

We act on behalf of Seattle City Employees' Retirement System.  We enclose, by way of
service, a copy of a temporary restraining order and order to show cause why a preliminary
injunction should not issue (the "Temporary Restraining Order") granted in favour of our client
against you, among others, on 15 March 2010 by the Superior Court of Washington in and for
King County.  Please acknowledge service of the enclosed Temporary Restraining Order by
signing the duplicate letter enclosed.

Yours sincerely

*Walkers.*

Julie Engwirda
**WALKERS**

Direct Tel: 1 284 852 2205
Direct Fax: 1 284 494 6683
Email: Julie.Engwirda@walkersglobal.com

Served on: EPSILON GLOBAL ACTIVE VALUE FUND II LTD.
Served at: C/- HARNEYS CORPORATE SERVICES LIMITED
Road Town, Tortola
**British Virgin Islands**
Served by: CALVIN SMITH
Date of Service: 16 MARCH 2010
Time of Service: 3.27PM
Recipient's Signature:

Name & Position: DANNIE HARNEDEL
                 TEAM LEADER
                 INVESTMENT FUNDS & REGULATORY

Walkers

171 Main Street, PO Box 92, Road Town
Tortola, British Virgin Islands, VG 1110

T +1 284 494 2204  F +1 284 494 5535  www.walkersglobal.com

# EXHIBIT D

PRESENT IN PERSON

RECEIVED

15 MAR 2010    10 45

EXPO 1

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

SEATTLE CITY EMPLOYEES'
RETIREMENT SYSTEM, an agency of the
City of Seattle,

                         Plaintiff,

    v.

EPSILON GLOBAL ACTIVE VALUE FUND
II, LTD., a British Virgin Islands corporation,
EPSILON GLOBAL MASTER FUND II, L.P.,
a limited partnership formed under the laws of
the Cayman Islands, EPSILON INVESTMENT
MANAGEMENT, LLC, a Delaware limited
liability company, EPSILON GLOBAL ASSET
MANAGEMENT LTD., a corporation formed
under the laws of the Cayman Islands, and
STEVEN G. STEVANOVICH, a resident of
Florida,

                        Defendants.

Cause No. 10-2-10235-3 SEA

[PROPOSED] TEMPORARY
RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION
SHOULD NOT ISSUE

    This matter came on regularly before the Court upon the Motion For A Temporary
Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue
("Motion") filed by Seattle City Employees' Retirement System ("SCERS").

    SCERS seeks an order: (1) requiring Defendant Epsilon Global Active Value Fund II,
Ltd. ("Epsilon II") to produce to SCERS an annual report and audited financial statement for the
2008 fiscal year and to provide the annual report and audited financial statement for the 2009
fiscal year when they come due on May 1, 2010; _or_ (2) to the extent the 2008 annual report and
2008 audited financial statement do not exist, requiring Defendant Epsilon II to produce all

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 Fax (206) 447-9700

1 underlying documents provided to Epsilon II's auditor, PricewaterhouseCoopers ("PwC"), for

2 the purposes of preparing 2008 audited financial statements for Epsilon II; _or_ (3) to the extent

3 Epsilon II is unable to produce the 2008 annual report and audited financial statements, or all

4 underlying documents provided to Epsilon II's auditor, PwC, for the purposes of preparing the

5 2008 audited financial statements for Epsilon II because Defendants Epsilon Global Master Fund

6 II, L.P. ("Epsilon Master"), Epsilon Global Asset Management Ltd. ("Epsilon Global"), Epsilon

7 Investment Management, LLC ("Epsilon Management") and Steven G. Stevanovich

8 ("Stevanovich") (collectively "Defendants") have such documents, requiring Defendants to

9 produce the above-mentioned documents to SCERS; _and_ (4) directing the immediate issuance of

10 a subpoena requiring Equinoxe Alternative Investment Services Ltd., Epsilon II's current fund

11 administrator/broker; Goldman Sachs & Co., Epsilon II's former broker; and JPMorgan Chase,

12 Epsilon II's former broker, to produce all financial information related to Epsilon II from 2003 to

13 present; _and_ (5) preventing Epsilon II from taking any action harmful to Plaintiff's position as an

14 investor in Epsilon II and/or its investment in Epsilon II; _and_ (6) preventing Epsilon II from

15 paying any management fee to Epsilon Management, or any other entity, while redemptions are

16 not being permitted from Epsilon II.

17     The Court has considered all of the records and files herein, including the following:

18     1.    Plaintiff's Summons and Complaint;

19     2.    Plaintiff's Motion For A Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue;

20

21     3.    Declaration of Cecelia Carter In Support of Plaintiff's Motion For Injunctive Relief with attached exhibits;

22

23     4.    Declaration of Bradley P. Thoreson with attached exhibits;

24     5.    Plaintiff's Proposed Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue.

25     6.    Any opposition pleadings filed by Defendants.

26

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

7.     Any reply pleadings filed by Plaintiff.

Based on the record, as well as the oral argument of counsel, and being otherwise fully informed,

**THE COURT FINDS THAT:**

1.     This Court has jurisdiction in this matter and venue is proper in King County, Washington;

2.     SCERS provided Notice to Defendants of this motion on March 15, 2010;

3.     SCERS has demonstrated a substantial likelihood of success on the merits of its claims by demonstrating a clear legal right, pursuant to the agreement between it and Epsilon II, to the 2008 annual report and audited financial statement, or to the extent the 2008 annual report and audited financial statement doe not exist, all underlying documents provided to Epsilon II's auditor, PwC, for the purposes of preparing 2008 audited financial statement;

4.     SCERS also has a clear legal right to demand the 2008 annual report and 2008 audited financial statements from Stevanovich, Epsilon Master Fund, Epsilon Global, and/or Epsilon Management, to the extent these related entities have the documents;

5.     Epsilon II's consistent refusal to comply with the parties' contract and indication it does not intend to provide these documents provides a well grounded fear of immediate invasion of SCERS's right to these documents;

6.     Defendants' cavalier refusal to produce financial records regarding SCERS's Epsilon II investment has left SCERS in the dark regarding the true value of its investment and SCERS will be irreparably harmed if Epsilon II is permitted to take any other action that will be harmful to it as an investor or its investment (especially in light of the fact that Epsilon II is currently not permitting SCERS to redeem it shares), or if Epsilon II continues to pay any management fee while SCERS is being denied redemption (and therefore, no work is being done with respect to SCERS's investment). Under these circumstances, an immediate injunction is necessary to protect SCERS from being further damaged;

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

7.     The balance of equities in this matter tilt sharply in favor of Plaintiff. Defendants' conduct is clearly at odds with the parties' contract and Defendants are not entitled to stonewall SCERS, hiding behind the various corporate entities operated by Stevanovich in blatant disregard of SCERS's rights.

Based on these findings, and upon all of the other facts submitted to the Court, NOW THEREFORE, it is hereby:

**ORDERED AND DECREED THAT:**

1.     Plaintiff's Motion For A Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue is **GRANTED;**

2.     The Temporary Restraining Order shall remain in full force and effect pending the Court's determination on an Order to Show Cause Why A Preliminary Injunction Should Not Issue currently set for __MARCH 29, 2010__ at __4:00__ AM/PM before the HONORABLE __CAROL SCHAPIRA__ Department __28__, King County Courthouse, Seattle, Washington; and

Defendants, and any agents or other parties acting on behalf of or in concert with Defendants, are hereby **ORDERED** to: (1) produce to SCERS an annual report and audited financial statement for the 2008 fiscal year and to provide the annual report and audited financial statement for the 2009 fiscal year when they come due on May 1, 2010; *or* (2) to the extent the 2008 annual report and 2008 audited financial statement do not exist, produce all underlying documents provided to Epsilon II's auditor, PricewaterhouseCoopers ("PwC"), for the purposes of preparing 2008 audited financial statements for Epsilon II; *and* (3) Equinoxe Alternative Investment Services Ltd., Epsilon II's current fund administrator/broker; Goldman Sachs & Co., Epsilon II's former broker; and JPMorgan Chase, Epsilon II's former broker, are to produce all financial information related to Epsilon II from 2003 to present; *and* (5) Epsilon II is to cease from taking any action harmful to Plaintiff's position as an investor in Epsilon II and/or its investment in Epsilon II; *and* (6) Epsilon II is to cease from paying any management fee to

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1   Epsilon Management, or any other entity, while redemptions are not being permitted from

2   Epsilon II.

3

4       DONE IN OPEN COURT this _____ 15 _____ day of March, 2010.

5

6

7                                        _____
        The Honorable   ALLISON

8

9   Presented By:

10  FOSTER PEPPER PLLC

11

12  _____
    Bradley P. Thoreson, WSBA No. 18190

13  Samuel T. Bull, WSBA No. 34387
    Miriam H. Cho, WSBA No. 40238

14  Attorneys for Plaintiff Seattle City Retirement Systems

15

16

17

18

19

20

21

22

23

24

25

26

TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1          SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

2   SEATTLE CITY EMPLOYEES'
    RETIREMENT SYSTEM, an agency of the
3   City of Seattle,                     The Honorable Carol Schapira

4                     Plaintiff,

        v.
5                          No. 10-2-10235-3 SEA

6   EPSILON GLOBAL ACTIVE VALUE FUND
    II, LTD., a British Virgin Islands corporation,    AFFIDAVIT OF SERVICE
7   EPSILON GLOBAL MASTER FUND II, L.P.,
    a limited partnership formed under the laws of
8   the Cayman Islands, EPSILON INVESTMENT
    MANAGEMENT, LLC, a Delaware limited
9   liability company, EPSILON GLOBAL
    ASSET MANAGEMENT LTD., a corporation
10   formed under the laws of the Cayman Islands,
    and STEVEN G. STEVANOVICH, a resident
11   of Florida,

12                   Defendants.

13   STATE OF DELAWARE        )
                        ) ss
14   COUNTY OF Kent          )

15       The undersigned, being first duly sworn, on oath deposes and says that:

16       (1)  I am now and at all times mentioned herein was a citizen of the United States and

17   resident of the State of Delaware, over the age of eighteen years, not a party to or interested in

18   the above action, and competent to be a witness therein.

19       (2)  On March 16, 2010, at 3:55 p.m., at 160 Greentree Drive, Suite 101, Dover, DE

20   19904, affiant duly served the following pleadings and documents on EPSILON

21   INVESTMENT MANAGEMENT, LLC in care of National Registered Agents, Inc.:

22
        Summons;
23      Complaint for Injunctive Relief;
        Order Setting Civil Case Schedule;
24      Temporary Restraining Order/Order to Show Cause;
        Motion for Temporary Restraining Order and Order to Show Cause
25      Declaration of Cecelia M. Carter; and
26      Declaration of Bradley P. Thoreson.

AFFIDAVIT OF SERVICE - 1                **FOSTER PEPPER PLLC**
                                     1111 THIRD AVENUE, SUITE 3400
                      SEATTLE, WASHINGTON 98101-3299 ◆ 206-447-4400

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

EXHIBIT   E

1
2
3     DATED this 16th day of March, 2010.
4
5                                              Edward J Jones I
                                               (Print Name)
6
7     SUBSCRIBED AND SWORN to before me this 16th day of March, 2010.
8
                                           Shelly Rae Miles
9                                          Notary Signature
                                           Shelly Rae Miles
10                                         Print/Type Name
                                           Notary Public in and for the State of DE,
11                                         residing at 1111B South Guernors Ave Dover
                                           My commission expires 2-7-2014
12
13                                         SHELLY RAE MILES
                                               Notary Public
14                                         No. 200532012D
                                            State of Delaware
15                                          County of Kent
                                           My Commission Expires Feb. 7, 2014
16
17
18
19
20
21
22
23
24
25
26

AFFIDAVIT OF SERVICE - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

1

2

3

4

5

6

7       SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8   SEATTLE CITY EMPLOYEES'
    RETIREMENT SYSTEM, an agency of the
9   City of Seattle,                                The Honorable Carol Schapira

10                          Plaintiff,

11          v.                                      No. 10-2-10235-3 SEA

12  EPSILON GLOBAL ACTIVE VALUE FUND
    II, LTD., a British Virgin Islands corporation,  AFFIDAVIT OF SERVICE OF
    EPSILON GLOBAL MASTER FUND II, L.P.,  WINFIELD SMITH
13  a limited partnership formed under the laws of
    the Cayman Islands, EPSILON INVESTMENT
14  MANAGEMENT, LLC, a Delaware limited
    liability company, EPSILON GLOBAL
15  ASSET MANAGEMENT LTD., a corporation
    formed under the laws of the Cayman Islands,
16  and STEVEN G. STEVANOVICH, a resident
    of Florida,
17
                            Defendants.
18

19          The undersigned, being first duly sworn, on oath deposes and says that:

20          (1)  I am now and at all times mentioned herein was a citizen of the British Virgin

21  Islands, over the age of eighteen years, not a party to or interested in the above action, and

22  competent to be a witness therein.

23          (2)  On March 23rd, 2010, at 3.10 p.m., at Craigmuir Chambers, Road Town, Tortola,

24  British Virgins Islands, VG1110, affiant duly served the following pleadings and documents on

25

26

AFFIDAVIT OF SERVICE - 1                    **FOSTER PEPPER PLLC**
                                            1111 THIRD AVENUE, SUITE 3400
                                            SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

51059266.1

# EXHIBIT  F

EPSILON GLOBAL ACTIVE VALUE FUND II, LTD. in care of Harneys Corporate Services
Limited:

    1.  Summons;

    2.  Complaint for Injunctive Relief;

    3.  Order Setting Civil Case Schedule;

    4.  Temporary Restraining Order/Order to Show Cause;

    5.  Motion for Temporary Restraining Order and Order to Show Cause

    6.  Declaration of Cecelia M. Carter; and

    7.  Declaration of Bradley P. Thoreson.


DATED this 25th day of March, 2010.

                                              _____

                                            Winfield Smith
                                            (Print Name)

SUBSCRIBED AND SWORN to before me this 25th day of March, 2010.

                                  _____
                                  Notary Signature
                                  _CHARLES KERINS_____
                                  Print/Type Name
                                  Notary Public in and for the Country of British
                                  Virgin Islands, of 34 Main Street, Road Town,
                                  Tortola, British Virgin Islands
                                  My commission expires _31 Dec 2010_

AFFIDAVIT OF SERVICE - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

51059266.1

1
2
3
4
5
6
7
SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8
9
SEATTLE CITY EMPLOYEES'
RETIREMENT SYSTEM, an agency of the
City of Seattle,

The Honorable Carol Schapira

10
                                        Plaintiff,
        v.

11
No. 10-2-10235-3 SEA

12
EPSILON GLOBAL ACTIVE VALUE FUND
II, LTD., a British Virgin Islands corporation,

AFFIDAVIT OF SERVICE

13
EPSILON GLOBAL MASTER FUND II, L.P.,
a limited partnership formed under the laws of
the Cayman Islands, EPSILON INVESTMENT

14
MANAGEMENT, LLC, a Delaware limited
liability company, EPSILON GLOBAL

15
ASSET MANAGEMENT LTD., a corporation
formed under the laws of the Cayman Islands,

16
and STEVEN G. STEVANOVICH, a resident
of Florida,

17
                                        Defendants.

18

19
The undersigned, being first duly sworn, on oath deposes and says that:

20
        (1)  I am now and at all times mentioned herein was a citizen of the Cayman Islands,

21
over the age of eighteen years, not a party to or interested in the above action, and competent to

22
be a witness therein.

23
        (2)  On March 25, 2010, at 2.43 a.m. / p.m., at UGLAND HOUSE, SOUTH CHURCH
                                                        (street address)  STREET

24

25
GEORGE TOWN, Cayman Islands, KY1 – 1104, affiant duly served the

26
    (city)                              (postal code)

AFFIDAVIT OF SERVICE - 1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

51059496.1

EXHIBIT  G

1   following pleadings and documents on EPSILON GLOBAL MASTER FUND II, L.P. in care of

2   _MARLES AND CALDER_:

3   (registered agent)

4   Summons;
    Complaint for Injunctive Relief;
5   Order Setting Civil Case Schedule;
    Temporary Restraining Order/Order to Show Cause;
6   Motion for Temporary Restraining Order and Order to Show Cause
    Declaration of Cecelia M. Carter; and
7   Declaration of Bradley P. Thoreson.

8

9   DATED this 25 day of March, 2010.

10

11

12   MARY AUSTIN
     (Print Name)

13

14   SUBSCRIBED AND SWORN to before me this 25 day of March, 2010.

15

16   Notary Signature
     BETTY ANN DUTY

17   Print/Type Name
     Notary Public in and for the Country of _Grand Cayman_

18   residing at _Cayman Islands_
     My commission expires _JAN 2011_

19

20

21

22

23

24

25

26

AFFIDAVIT OF SERVICE - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

51059496.1

1
2
3
4
5
6

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

7

8  SEATTLE CITY EMPLOYEES'
   RETIREMENT SYSTEM, an agency of the
9  City of Seattle,                              The Honorable Carol Schapira

10                          Plaintiff,
        v.
11                                               No. 10-2-10235-3 SEA
   EPSILON GLOBAL ACTIVE VALUE FUND
12 II, LTD., a British Virgin Islands corporation,    AFFIDAVIT OF SERVICE
   EPSILON GLOBAL MASTER FUND II, L.P.,
13 a limited partnership formed under the laws of
   the Cayman Islands, EPSILON INVESTMENT
14 MANAGEMENT, LLC, a Delaware limited
   liability company, EPSILON GLOBAL
15 ASSET MANAGEMENT LTD., a corporation
   formed under the laws of the Cayman Islands,
16 and STEVEN G. STEVANOVICH, a resident
   of Florida,
17
                            Defendants.
18

19      The undersigned, being first duly sworn, on oath deposes and says that:

20      (1)  I am now and at all times mentioned herein was a citizen of the Cayman Islands,

21 over the age of eighteen years, not a party to or interested in the above action, and competent to

22 be a witness therein.

23      (2)  On March _25_, 2010, at _2.43_ ~~a.m.~~ / p.m., at _UGLAND HOUSE, SOUTH CHURCH_
24                                                        (street address)  _STREET_

25 _GEORGE TOWN_, Cayman Islands, _KY1-1104_, affiant duly served the
26      (city)                                    (postal code)

AFFIDAVIT OF SERVICE - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

51059497.1


EXHIBIT H

1 | following pleadings and documents on EPSILON GLOBAL ASSET MANAGEMENT LTD. in

2 | care of _MAPLES AND CALDER_____:

3 |                                   (registered agent)

4 |        Summons;
         Complaint for Injunctive Relief;

5 |        Order Setting Civil Case Schedule;
         Temporary Restraining Order/Order to Show Cause;

6 |        Motion for Temporary Restraining Order and Order to Show Cause
         Declaration of Cecelia M. Carter; and

7 |        Declaration of Bradley P. Thoreson.

8 |

9 |        DATED this 25 day of March, 2010.

10 |

11 |                              _Mary Austin_____

12 |                              MARY AUSTIN
                               (Print Name)

13 |

14 |        SUBSCRIBED AND SWORN to before me this 25 day of March, 2010.

15 |                              _Betty Ann Dury_

16 |        Notary Signature
         BETTY ANN DURY

17 |        Print/Type Name
         Notary Public in and for the Country of Grand Cayman

18 |        residing at _Cayman Islands_
         My commission expires _JAN 2011_

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

AFFIDAVIT OF SERVICE - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

51059497.1

## AFFIDAVIT OF SERVICE

State of Washington                    County of King                    Circuit Court

Case Number: 10-2-10235-3  Court Date: 8/29/2011

Plaintiff:
**SEATTLE CITY EMPLOYEES' RETIREMENT SYSTEM,**
vs.
Defendants:
**EPSILON GLOBAL ACTIVE FUND II, LTD., ET AL**

For:
Bradley Thoreson, Esq
FOSTER PEPPER PLLC

Received by Legal Process, Inc. on the 16th day of March, 2010 at 4:55 pm to be served on **STEVEN G. STEVANOVICH, 7521 ISLA VERDE WAY, DELRAY BEACH, FL 33446.**

I, Peter J. Werner, being duly sworn, depose and say that on the **19th day of March, 2010 at 9:40 am, I:**

**Substitute Served** by leaving a true copy of this **Summons, Complaint for Injunctive Relief, Order Setting Case Schedule, Temporary Restraining Order/Order to Show Cause, Motion for a Temporary Restraining Order, Declaration of Brad Thoreson, and  Declaration of Cecelia Carter** with the date and hour of service endorsed thereon by me, at the within named person's usual place of abode, to a person residing therein who is 15 years of age or older to wit: "Jane Doe", Co-Resident and informing said person of the contents thereof.

**Additional Information pertaining to this Service:**
ATTEMPTED SERVICE AT GIVEN ADDRESS. THE HOUSEKEEPER CAME TO THE DOOR AND STATED THAT DEFENDANT HAD LEFT FOR THE DAY. DEFENDANT'S WIFE WAS HOME BUT WOULD NOT COME TO THE DOOR. SERVER ATTEMPTED AGAIN 20 MINUTES LATER AND THERE WAS NO ANSWER. SERVER ATTEMPTED BUSINESS ADDRESS, 7280 W. PALMETTO PARK ROAD, SUITE 310, BOCA RATON, FL 33446. THIS IS A CONFERENCE CENTER. SERVER ATTEMPTED GIVEN ADDRESS AGAIN. THIS IS A GATED RESIDENCE. A WOMAN CAME ON THE INTERCOM AND STATED THAT SHE WOULD NOT ACCEPT SERIVCE. PER CLIENT  SERVER LEFT SERVICE AT THE GATE.

**Description of Person Served:** Age: 40,  Sex: F,  Race/Skin Color: Hispanic,  Height: 5'5,  Weight: 135,  Hair: Brown,  Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the 15th. Judicial Circuit in and for Palm Beach County.

COPY

Subscribed and Sworn to before me on the 26th day
of March, 2010 by the affiant who is personally known
to me.

COPY
NOTARY PUBLIC

Peter J. Werner
CPS#1278

Legal Process, Inc.
7040 W. Palmetto Park Road
#4-718
Boca Raton, FL  33433
(561) 832-2625
Our Job Serial Number: 2010002214

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4a

EXHIBIT I

## Samuel Bull

| | |
|---|---|
| **From:** | McMillan, Joseph M. (Perkins Coie) [JMcMillan@perkinscoie.com] |
| **Sent:** | Thursday, March 25, 2010 1:38 PM |
| **To:** | Court, Schapira |
| **Cc:** | Schneider, Harry (Perkins Coie); Ditlevson, Roxann (Perkins Coie); Hanson, Jeff (Perkins Coie); Brad Thoreson; Miriam H. Cho; Samuel Bull |
| **Subject:** | RE: Seattle City Employees' Retirement System v. Epsilon, No. 10-2-10235-3 |

Ms. Pearson:
Thank you for your efforts to assist in this scheduling issue. Perkins Coie LLP has, as of today, been retained by defendants in this action. My colleague, Mr. Harry Schneider, is available to appear for defendants at a hearing at **8:30 am on Thursday, April 1**, and accordingly, we request that the Show Cause hearing -- currently scheduled for 8:45 am Monday, March 29 (when counsel for defendants is <u>not</u> available) -- be re-set for 8:30 am Thursday.

Nevertheless, because we have only been retained today, we anticipate that in order to be able to gain a full understanding of the facts and submit responsive papers to the court, we will still need (even with an April 1 hearing date) to file a motion to continue the hearing date, to be heard on shortened time. In the absence of a continuance, defendant's papers in opposition to a motion for preliminary injunction set for an April 1 hearing would be due by noon on Tuesday, March 30. Accordingly, we expect to file that motion for continuance, and accompanying motion to shorten time, later today.


Best regards,


Joe McMillan
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
jmcmillan@perkinscoie.com
**Tel:    206-359-6354**
**Fax:    206-359-7354**



**From:** Samuel Bull [mailto:BullS@foster.com]
**Sent:** Thursday, March 25, 2010 11:03 AM
**To:** Court, Schapira
**Cc:** Schneider, Harry (Perkins Coie); Ditlevson, Roxann (Perkins Coie); McMillan, Joseph M. (Perkins Coie); Hanson, Jeff (Perkins Coie); Brad Thoreson; Miriam H. Cho
**Subject:** RE: Seattle City Employees' Retirement System v. Epsilon, No. 10-2-10235-3

Ms. Pearson,

Plaintiff Seattle City Employees' Retirement System is available on Thursday, 4/1, at 8:30 a.m.

Thanks,

Sam
Samuel T. Bull
Foster Pepper PLLC


EXHIBIT J

3/26/2010

1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
Tel. (206) 447-5142
Fax (206) 749-1949

---

**From:** Court, Schapira [mailto:Schapira.Court@kingcounty.gov]
**Sent:** Thursday, March 25, 2010 10:26 AM
**To:** Court, Schapira; Samuel Bull
**Cc:** Schneider, Harry (Perkins Coie); Ditlevson, Roxann (Perkins Coie); McMillan, Joseph M. (Perkins Coie); Hanson, Jeff (Perkins Coie); Brad Thoreson; Miriam H. Cho
**Subject:** RE: Seattle City Employees' Retirement System v. Epsilon, No. 10-2-10235-3

Hello All,

The court was just informed that there is a conflict with the hearing set for Monday at 8:45 am. Here are possible dates and time that the hearing can be moved to if ALL parties agree.
Thursday 04/01/2010 at 8:30 am and Friday 04/02/2010 at 10:00 am. If there are still conflicts, the hearing shall remain set for Monday 03/29/10 at 8:45 am.


Thank you,

*Tikecha Pearson*
Bailiff to the Honorable Carol A. Schapira
Judge, King County Superior Court
Courtroom - W331
516 3rd Avenue
Seattle, WA  98104
Phone: (206) 296-9150
Fax: (206) 296-0953
schapira.court@kingcounty.gov


*IMPORTANT: In order to avoid inappropriate ex-parte contact, you are hereby directed to forward this communication to all other counsel not already copied on this e-mail.*

---
**From:** Court, Schapira
**Sent:** Thursday, March 25, 2010 9:50 AM
**To:** 'Samuel Bull'
**Cc:** Schneider, Harry (Perkins Coie); Ditlevson, Roxann (Perkins Coie); McMillan, Joseph M. (Perkins Coie); Hanson, Jeff (Perkins Coie); Brad Thoreson; Miriam H. Cho
**Subject:** RE: Seattle City Employees' Retirement System v. Epsilon, No. 10-2-10235-3

Hello All,

I will move the hearing to 03/29/2010 at 8:45 am, unless I am informed differently by all parties.
I apologize for any inconvenience this may have cause.

Thank you,

*Tikecha Pearson*
Bailiff to the Honorable Carol A. Schapira
Judge, King County Superior Court

3/26/2010

Courtroom - W331
516 3rd Avenue
Seattle, WA 98104
Phone: (206) 296-9150
Fax: (206) 296-0953
schapira.court@kingcounty.gov

*IMPORTANT: In order to avoid inappropriate ex-parte contact, you are hereby directed to
forward this communication to all other counsel not already copied on this e-mail.*

**From:** Samuel Bull [mailto:BullS@foster.com]
**Sent:** Thursday, March 25, 2010 9:44 AM
**To:** Court, Schapira
**Cc:** Schneider, Harry (Perkins Coie); Ditlevson, Roxann (Perkins Coie); McMillan, Joseph M. (Perkins Coie); Hanson, Jeff (Perkins Coie); Brad Thoreson; Miriam H. Cho
**Subject:** Seattle City Employees' Retirement System v. Epsilon, No. 10-2-10235-3

Dear Ms. Pearson,

We represent the Plaintiff Seattle City Employees' Retirement System. This email is in response to the Court's need to reschedule Monday's preliminary injunction hearing that was originally scheduled for 4 p.m. It sounds like the Court has availability on Monday, March 29 at 8:45 a.m. and Wednesday, March 31 at 4 p.m.

We are available Monday at 8:45 a.m. Unfortunately, lead counsel, Brad Thoreson, has a different preliminary injunction hearing in front of Judge Yu on Wednesday at 3:30 p.m. and so the Wednesday time will not work for us.

We have copied Perkins Coie attorneys on this email, as they apparently will be representing at least one of the defendants, Epsilon Global Active Value Fund II, Ltd. Perkins Coie attorney Harry Schneider emailed that he has an unspecified conflict on Monday at 8:45 a.m. In addition, Perkins Coie has asked to continue the hearing on the ground that they were just hired yesterday.

Seattle City Employees' Retirement System is concerned about any further delays beyond Monday in having the preliminary injunction hearing. A TRO was entered in this case on Monday, March 15. Since that time, we have been in contact with various counsel for the Defendants (Monahan & Biagi in Seattle, as well as general counsel for the Defendant entities). We were repeatedly assured by these various counsel that they would be immediately retaining Seattle counsel. Instead, they sat on their hands. In addition, while we provided these various counsel with the pleadings, they have refused to accept service, and none of the Defendants have complied with TRO and produced a single document. In fact, despite requests for assurances, the Defendants have refused to give an indication that they will comply with TRO.

Our concern has been heightened by the fact that a liquidator has been appointed to take over another large fund managed by Defendant Stevanovich (known as the Westford Fund). Because not a single document has been produced in response to the existing TRO in this case, Seattle City Employees' Retirement System is concerned that the assets of the Epsilon Fund in which it invested may be intermingled with those of Westford and therefore at immediate risk.

If Defendants will agree to immediately comply with the terms of the TRO, then Seattle City Employees' Retirement System does not object to continuing preliminary injunction hearing. If Defendants are not willing to do so, then Seattle City Employees' Retirement System requests that the Court move the hearing to Monday at 8:45 a.m.

Sincerely,

Samuel T. Bull
Foster Pepper PLLC

3/26/2010

1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
Tel. (206) 447-5142
Fax (206) 749-1949

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.