THE HONORABLE CAROL SCHAPIRA
Hearing Date: April 1, 2010
Hearing Time: 8:45 a.m.

SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| SEATTLE CITY EMPLOYEES' RETIREMENT SYSTEM, an agency of the City of Seattle,<br><br>Plaintiff,<br><br>v.<br><br>EPSILON GLOBAL ACTIVE VALUE FUND II, LTD., a British Virgin Islands corporation, EPSILON GLOBAL MASTER FUND II, L.P., a limited partnership formed under the laws of the Cayman Islands, EPSILON INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company, EPSILON GLOBAL ASSET MANAGEMENT LTD., a corporation formed under the laws of the Cayman Islands, and STEVEN G. STEVANOVICH, a resident of Florida,<br><br>Defendants. | No. 10-2-10235-3 SEA<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR DISSOLUTION OF TEMPORARY RESTRAINING ORDER** |

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL17979180.1

## I. RELIEF REQUESTED

Given the rhetoric employed in Plaintiff's filings to date,[1] one can easily forget that, at bottom, the Complaint in this action asserts a *single* cause of action: alleged breach of contract by Epsilon II for failure to timely provide an annual report with audited financial statement for 2008. Plaintiff has *not* asserted a claim that Epsilon II's suspension of fund redemptions is a breach of contract or otherwise invalid. Despite the limited nature of the sole claim asserted in the Complaint, Plaintiff seeks a preliminary injunction to perpetuate a temporary restraining order ("TRO") issued by the *ex parte* division of this Court that includes relief that bears no relation to the alleged breach and lacks required specificity. Where the injunctive relief does relate to the alleged breach, it goes well beyond an effort to preserve the status quo until a resolution on the merits can be achieved. Instead, the requested "temporary" relief is identical to the ultimate relief sought in the lawsuit, an order of specific performance to provide documents to Plaintiff.

Plaintiff cannot satisfy the high showing necessary for issuance of a preliminary injunction, particularly so given the overbroad nature of the requested relief. Defendants, therefore, respectfully request that the Court deny Plaintiff's motion for a preliminary injunction and dissolve the previously issued TRO (and amended TRO) as improperly granted.[2]

## II. STATEMENT OF FACTS

Epsilon Global Active Value Fund II, Ltd. ("Epsilon II") is a private investment entity incorporated under British Virgin Islands ("BVI") law. In December 2003, Plaintiff invested $10 million in Epsilon II; it invested another $10 million a year later. Decl. of Edmund P. Bergan, Jr. ("Bergan Decl.") ¶ 8. Plaintiff's investments were made pursuant to Epsilon II's Confidential Offering Memoranda and two executed Subscription Agreements. Bergan Decl. ¶ 8.

---

[1] *See, e.g.*, Pl.'s Opp. to Mot. to Continue Preliminary Injunction Hearing, at 1 ("While Defendants dither, Rome burns.").
[2] As noted, the TRO includes a requirement that defendants take affirmative steps (i.e., produce documents), and thus defendants seek express dissolution of the TRO, even though it will expire on its own terms.

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL17979180.1

The Offering Memoranda emphasize the risks associated with investment in Epsilon II. *See, e.g.*, 2003 Offering Memorandum at 7 ("An investment in the fund creates a risk of loss of capital and is designed for sophisticated persons who are able to bear such a risk."); 2004 Offering Memorandum at 10 ("A portion of the Fund's investments may consist of securities acquired directly from their issuers in private transactions. These securities will be restricted securities under the Securities Act of 1933 . . . Such securities will therefore be illiquid.").[3] Under the Offering Memoranda and Epsilon II's Articles of Association, the directors of the Company are authorized to suspend the determination of Net Asset Value of shares and the redemption and issuance of shares on the occurrence of certain events, including when the value of Epsilon II's assets cannot be accurately determined or during any state of affairs that would render disposition of the Fund's assets impracticable, as determined by the directors. Bergan Decl. ¶ 4 and Ex. 4; 2003 Offering Memorandum at 15; 2004 Offering Memorandum at 16.

Epsilon II is a private hedge fund, and the strategies and particular investment positions taken by the Fund and its affiliated entities are confidential, proprietary, and constitute trade secrets that are never disclosed to the public or to those who are shareholders of the Company. Bergan Decl. ¶ 15. Epsilon II's shareholders, including Plaintiff, understand when investing that they will not be entitled to know the specifics of the fund's holdings. Bergan Decl. ¶ 15. As the Offering Memoranda make clear, shareholders will receive an annual report "describing the *results* of the Fund's trading activities for that fiscal year" (i.e., not the specifics of the holdings or trading activities) and quarterly investment reports that include the amount of detail that the Investment Manager (Epsilon Global Asset Management Ltd.) determines is appropriate, in its sole discretion. 2003 and 2004 Offering Memoranda at 2. Epsilon II and its Investment Manager never disclose the specifics of Epsilon II's holdings. Bergan Decl. ¶ 15.

---

[3] The 2003 and 2004 Offering Memoranda are attached as Exhibits A and B, respectively, to the Carter Declaration filed by Plaintiff on March 15, 2010.

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 2

73288-0001/LEGAL17979180.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

With regard to the referenced annual report, the Offering Memoranda provide that, "[w]ithin 120 days following the conclusion of each fiscal year, each Shareholder will receive an annual report (together with an annual audited financial statement) describing the results of the Fund's trading activities for that fiscal year. 2003 and 2004 Offering Memoranda at 2. Notwithstanding Plaintiff's suggestions to the contrary, *see, e.g.*, Compl. ¶ 18, the Offering Memoranda call for a single, consolidated annual report with audited financial statement, not a separate annual report and separate audited financial statement. *See* 2003 and 2004 Offering Memoranda at 2 ("[E]ach Shareholder will receive an annual report (together with an audited financial statement) . . . . *The annual report will be audited* by the Fund's independent public accountants.") (emphasis added). The most recent annual report ("Annual Report with Audited Financial Statement") that was issued to investors was for fiscal year 2007. Bergan Decl. ¶ 10; *see* Carter Decl. Ex. K (entitled "Director's report and financial statements for year ended December 31, 2007"). Epsilon II's auditors are PricewaterhouseCoopers ("PwC") and the engagement is with the Rotterdam, Netherlands, office of PwC. Bergan Decl. ¶ 9.

The 2008 Annual Report with Audited Financial Statement has not been prepared because PwC made a decision not to issue its audit opinion. Bergan Decl. ¶ 12. Epsilon did not make the decision that an audited financial statement not be prepared. Bergan Decl. ¶ 12. PwC's decision is apparently based on the fact of an SEC investigation of one of Epsilon II's affiliated funds, Westford Fund I, which caused the auditors to suspend their efforts to complete the audit and issue their opinion. Bergan Decl. ¶ 12. Neither Epsilon II nor its management is able to require PwC to issue an audit opinion if it has decided not to do so. Bergan Decl. ¶ 12. Epsilon II did provide to PwC all information requested during the course of performing its audit. Bergan Decl. ¶ 12.

As a result of the SEC's investigation and PwC's suspension of its efforts to complete its audit, Epsilon II made the decision to suspend redemptions as it is authorized to do under the terms of the Offering Memorandum and its Articles of Association. Bergan Decl. ¶ 12. In a February 4, 2010, memorandum distributed to all current investors, including Plaintiff, Epsilon II

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 3

73288-0001/LEGAL17979180.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

(and affiliated funds) announced the suspension of redemptions and disclosed the SEC investigation. Bergan Decl. ¶ 12; *see* March 15, 2010, Carter Decl., Ex. G. Epsilon II is not a target of the SEC investigation; rather, its affiliate Westford I is the subject of the inquiry, and Epsilon II is materially invested in Westford I. Bergan Decl. ¶ 12.

Although Plaintiff provided a notice of redemption prior to Epsilon II's suspension of redemptions, the suspension occurred prior to the date on which shares would have been redeemed (i.e., the "Redemption Date," which is defined as the last day of each calendar quarter, if written notice is provided at least 45 days prior). Bergan Decl. ¶ 17. Accordingly, under the Articles of Association and the terms of the Offering Memoranda, those shares are not redeemable until the suspension terminates because no Redemption Date has occurred in the interim. Bergan Decl. ¶ 17.

On March 15, 2010, following an *ex parte* application to the King County Superior Court,[4] Plaintiff obtained a TRO that required:

(1) all Defendants to produce an annual report and audited financial statement for Epsilon II for fiscal year 2008; or if those documents do not exist, to produce all underlying documents provided to Epsilon II's outside auditor, PricewaterhouseCoopers, for the purpose of preparing the 2008 audited financial statement;

(2) all Defendants to produce an annual report and audited financial statement for Epsilon II for fiscal year 2009 when they come due on May 1, 2010;

(3) nonparties Equinoxe Alternative Investment Services Ltd., Goldman Sachs & Co., and JP Morgan Chase to produce all financial information related to Epsilon II from 2003 to the present;

(4) Epsilon II "to cease from taking any action harmful to Plaintiff's position as an investor in Epsilon II and/or its investment in Epsilon II"; and

(5) Epsilon II "to cease from paying any management fee to Epsilon Management, or any other entity, while redemptions are not being permitted from Epsilon II."

March 15, 2010, Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue at 4-5. The TRO apparently issued with about one hour's notice, sent via email, to a number of individuals associated with the Defendants, including an email to the

---

[4] Defendants had no opportunity to submit opposing papers, nor were they represented before the Commissioner at the time the TRO was issued.

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 4

73288-0001/LEGAL17979180.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Epsilon email address of the one Defendant sued in his individual capacity, Mr. Stevanovich. March 15, 2010, Decl. of Bradley P. Thoreson ¶ 2. On March 16, 2010, an amended TRO was entered by the Court, again following an *ex parte* presentation, modifying the original TRO by adding PwC to the list of nonparty entities ordered to produce documents. The Complaint seeks injunctive relief, as awarded in the TRO, based on the assertion of a single cause of action: Epsilon II's alleged breach of contract for failure to provide the 2008 Annual Report with Audited Financial Statement. Compl. ¶¶ 33-48.[5]

### III.  STATEMENT OF THE ISSUE

Whether Plaintiff's motion for preliminary injunction should be denied and the temporary restraining order dissolved, where the requested injunctive relief is overbroad, lacks required specificity, and Plaintiff cannot make the required showing for issuance of preliminary injunctive relief.

### IV.  EVIDENCE RELIED UPON

Defendants rely upon the Declarations of Edmund P. Bergan, Jr., and Andrew Thorp, the Complaint, and other records and files herein.

### V.  AUTHORITY AND ARGUMENT

**A.  The Purpose of a TRO and a Preliminary Injunction is to Preserve the Status Quo**

"A preliminary injunction serves the same general purpose as a temporary restraining order—to preserve the status quo until the trial court can conduct a full hearing on the merits of the complaint." *N.W. Gas Ass'n v. Wash. Util. and Transp. Comm'n*, 141 Wn. App. 98, 116 (2007). Courts recognize a difference between orders requiring a litigant to refrain from acting versus those that would require an affirmative act. "'Since the object of a preliminary injunction is to preserve the status quo, the court will not grant such an order where its effect would be to change the status.'" *State ex rel. Pay Less Drug Stores v. Sutton*, 2 Wn.2d 523, 526 (1940)

---

[5] A "Second Claim For Relief" is styled as "Violation of British Virgin Islands Business Companies Act of 2004," but it asserts the same claim: "Epsilon II failed to provide the 2008 annual report and audited financial statements by May 1, 2009, and therefore, breached its duty under the parties' agreement." Compl. ¶ 39.

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 5

73288-0001/LEGAL17979180.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

(quoting 1 High, *Injunctions* § 5a, at 9 (4th ed.)); *see also Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979) ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo *Pendente lite*, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party.").

**B.     Standard for Issuance of a Preliminary Injunction**

A preliminary injunction is an extraordinary equitable remedy. *Kucera v. Dep't of Transp.*, 140 Wn.2d 200 (2000). Accordingly, "they should not be lightly indulged in, but should be used sparingly and only in a clear and plain case." *Id.* at 209 (citation and internal quotation marks omitted); *see also San Juan County v. No Gas Tax*, 160 Wn.2d 141, 153-54 (2007) ("A preliminary injunction should not issue in a doubtful case."). For a preliminary injunction to issue, the movant "must establish (1) a clear legal or equitable right, (2) a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of either have or will result in actual and substantial injury. The failure to establish any of these criteria requires the denial of injunctive relief." *No Gas Tax*, 160 Wn.2d at 153 (citations omitted). To establish a "clear legal or equitable right," plaintiff must show a likelihood of success on the merits. *Rabon v. City of Seattle*, 135 Wn.2d 278, 285 (1998).

**C.     Injunctive Relief Must Describe with Specificity the Acts to be Restrained**

In addition, CR 65(d) requires that an order granting injunctive relief "shall be specific in terms" and "shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." This requirement reflects the concern that a vague injunction would possibly subject a defendant to unwarranted sanctions based on an unwitting violation of its terms. *See* 13 James Wm. Moore, et al., *Moore's Federal Practice*, ¶ 65.60[2] (3d ed. 2001) ("The specificity requirement serves two essential functions: (1) to prevent uncertainty and confusion on the part of those faced with injunctive orders in order to avoid a possible contempt citation on a decree too vague to be understood, and (2) to facilitate informed and intelligent appellate review.").

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 6

73288-0001/LEGAL17979180.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### D. British Virgin Islands Law Applies to Substantive Issues of Law in this Action

"Shareholder claims involving a corporation's internal affairs are governed by the law of the state in which the corporation was incorporated." *Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 718 (2008); *see also* Restatement (Second) of Conflict of Laws § 302; Bergan Decl. ¶ 5; Thorp Decl. ¶ 4. Here, Epsilon II is incorporated under the law of the British Virgin Islands, and thus BVI substantive law applies. Plaintiff brings this claim as a shareholder of Epsilon II.

### E. Plaintiff Cannot Make the Required Showing for the Requested Relief

#### 1. Management Fee

Plaintiff seeks injunctive relief ordering Epsilon II "to cease from paying any management fee to Epsilon Management, or any other entity, while redemptions are not being permitted from Epsilon II." Amended TRO at 4-5. Under the terms of the Offering Memorandum, "the General Partner of the Master Fund [i.e., Defendant Epsilon Global Asset Management Ltd.] will receive a quarterly fixed fee equal to one half of one percent (0.50%) of the Total Net Assets (as defined) of the Fund as of the last day of each calendar quarter . . . ." 2003 Offering Memorandum at 19; 2004 Offering Memorandum at 23.

Plaintiff is not entitled to the requested relief. Even assuming *arguendo* that Plaintiff is likely to prevail on its claim that Epsilon II has breached its contractual duty to timely provide the 2008 Annual Report with Audited Financial Statement (which it is not, as discussed below), the requested injunction bears no relation to the relief that would be available for such a breach. Plaintiff's Complaint seeks specific performance for the alleged breach (i.e., provision of the 2008 Annual Report with Audited Financial Statement or, in substitution, underlying documents provided to PwC). Further injunctive relief to prevent payment of the management fee is unwarranted. Plaintiff's Complaint does *not* allege that Epsilon II's suspension of redemptions was invalid—and understandably so, given the suspension right provided for under the Offering Memoranda and Articles of Association. 2003 Offering Memorandum at 15; 2004 Offering Memorandum at 16; Bergan Decl. ¶ 7 and Ex. 4. There can be no legitimate basis to enjoin

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 7

73288-0001/LEGAL17979180.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Epsilon II from paying the contractually agreed-to management fee on account of the sole alleged breach relating to financial documents. Moreover, Plaintiff cannot make the required showing of actual and substantial harm, because the alleged harm can be remedied by money damages, rendering injunctive relief unnecessary.

2.  **No "Harm" to Plaintiff's Position as Investor**

Similarly overbroad and unwarranted is Plaintiff's request for an injunction ordering that "Epsilon II is to cease from taking any action harmful to Plaintiff's position as an investor in Epsilon II and/or its investment in Epsilon II." Amended TRO at 4. Again, the requested injunction bears no relation to the relief that would be available if Plaintiff ultimately succeeded in proving that Epsilon II breached its obligation to timely provide the 2008 Annual Report with Audited Financial Statement.

In addition, the requested relief suffers from another fatal defect: it lacks the specificity required by CR 65(d), which, in pertinent part, mandates that "[e]very order granting an injunction . . . shall be specific in terms; [and] shall describe in reasonable detail . . . the act or acts sought to be restrained." Ordering an investment fund and its manager to take no action that could be deemed "harmful" to an investor's position or investment is far too vague and ambiguous to be proper under CR 65(d), particularly where there is no dispute – and it was understood by all parties – that the investment in the fund carried significant risk. An injunction "must be specifically tailored to remedy the specific harms shown rather than to enjoin all possible breaches of the law." *Kitsap Co. v. Kev, Inc.*, 106 Wn.2d 135, 143 (1986).

3.  **Mandatory Injunction Regarding Financial Documents**

Plaintiff also seeks injunctive relief with respect to financial documents.[6] Specifically, Plaintiff requests that Defendants be ordered (1) to produce the 2008 annual report with audited

---

[6] Also reflecting the overreaching aim of the requested relief, Plaintiff seeks an injunction, and the Amended TRO includes a provision, ordering *nonparties* Equinoxe Alternative Investment Services Ltd., Goldman Sachs & Co., JPMorgan Chase, and PwC "to produce all financial information related to Epsilon II from 2003 to present." An injunction, however, "is binding only upon the parties to the action." CR 65(d). Although they may be subject to

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 8

73288-0001/LEGAL17979180.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

financial statement; or (2) if those documents do not exist, to produce all underlying documents provided to PwC for the purpose of preparing the 2008 audited financial statement. For the reasons discussed below, Plaintiff is not entitled to the requested injunctive relief.

### a. 2008 Annual Report with Audited Financial Statement

Under the Offering Memoranda, "[w]ithin 120 days following the conclusion of each fiscal year, each Shareholder will receive an annual report (together with an audited financial statement) describing the results of the Fund's trading activities for that fiscal year." 2003 and 2004 Offering Memoranda at 2. The contemplated report is a single consolidated report, which must be audited by an independent public accountant: "*The annual report will be audited* by the Fund's independent public accountants." *Id.* (emphasis added).

Plaintiff alleges that Epsilon II has breached its obligation to provide the 2008 Annual Report with Audited Financial Statement. As discussed above and in the Bergan Declaration, however, PwC has suspended its audit work on the report (but soon to be resumed). Bergan Decl. ¶ 13. Thus, no 2008 Annual Report with Audited Financial Statement yet exists to provide to Plaintiff or any other Epsilon II investor. Although the financial statements are the Company's, the "audit" is the product of PwC after undergoing various audit procedures with regard to the information contained in the Company's financial statements. Bergan Decl. ¶ 9. The Company does not have the ability or the authority to issue an audited financial statement—it must be prepared by an independent firm such as PwC. Bergan Decl. ¶ 9. Thus, it has been and remains *impossible* for Epsilon II to provide the report to Plaintiff. *See* Thorp Decl. ¶ 5; Bergan Decl. ¶¶ 9, 12. As such, Epsilon II's failure to timely provide the report does not constitute a breach of contract. Instead, its duty to render performance is discharged while PwC has not completed its audit. Alternatively, the auditor's completion of its audit is an implied or constructive condition (an omitted term to be supplied by the Court) that must be satisfied before Epsilon II's duty to

---

subpoenas duly issued by courts of competent jurisdiction, the nonparties cannot be bound by the preliminary injunction that Plaintiff requests be entered by this Court.

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 9

73288-0001/LEGAL17979180.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

provide the report comes due.[7] Epsilon II has not breached any obligation owed to Plaintiff, and therefore Plaintiff cannot make the required showing that it is likely to prevail on the merits.[8]

This is particularly true given the fact that Plaintiff does not seek injunctive relief to preserve the status quo until the merits can be tried. Instead, Plaintiff seeks a mandatory injunction that would change the status quo and in fact would afford Plaintiff much of the ultimate relief it seeks in this Complaint (i.e., the provision of financial documents). *See State ex rel. Pay Less Drug Stores v. Sutton*, 2 Wn.2d 523, 526 (1940) ("'Since the object of a preliminary injunction is to preserve the status quo, the court will not grant such an order where its effect would be to change the status.'") (quoting 1 High, *Injunctions* § 5a, at 9 (4th ed.)); *N.W. Gas Ass'n v. Washington Util & Transp. Comm'n*, 141 Wn. App. 98, 115-16 (2007) ("A preliminary injunction serves the same general purpose as a temporary restraining order—to preserve the status quo until the trial court can conduct a full hearing on the merits of the complaint.").

### b. Underlying Documents Provided to Pricewaterhouse Coopers

Because there has been no breach of contract by Epsilon II, Plaintiff's requested alternative relief must also fail (i.e., an order that Epsilon II provide all underlying documents provided to PwC). Yet even assuming *arguendo* that Plaintiff could demonstrate that Epsilon II has breached an obligation, the requested alternative relief is improper. An appropriate remedy would be to order Epsilon II to provide the 2008 Annual Report with Audited Financial Statement promptly after PwC completes its audit.

---

[7] The same would be true under Washington law. *See Public Util. Dist. No. 1 of Lewis County v. Wash. Public Power Supply System*, 104 Wn.2d 353, 363-64 (1985) (discussing impracticability defense); *see also* Restatement (Second) of Contracts § 263 ("If the existence of a specific thing is necessary for the performance of a duty, its failure to come into existence . . . is an event the non-occurrence of which was a basic assumption on which the contract was made."); *id.* § 261 ("Discharge by Supervening Impracticability"). *See also* Restatement (Second) of Contracts § 226 & cmt. c (regarding constructive conditions).

[8] The requested injunction would also order Defendants to produce the Annual Report with Audited Financial Statement for Epsilon II for fiscal year 2009, when it comes due on May 1, 2010. Amend. TRO at 4. This requested relief also underscores the overbreadth of Plaintiff's motion. The performance is not due for another month, Plaintiff has made no allegation that Epsilon II has repudiated this obligation. In short, Plaintiff cannot demonstrate a likelihood of prevailing on the merits or that substantial harm will result if this requested injunctive relief is denied.

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL17979180.1

Instead, Plaintiff essentially asks this Court to reform the parties' contractual relationship and order Epsilon II to provide Plaintiff with highly confidential, proprietary, and trade secrets information that is never disclosed to the public or to fund shareholders. *See* Bergan Decl. ¶ 15; Thorp Decl. ¶¶ 6-7. Epsilon II is a private hedge fund, and its investors, including Plaintiff, understand when investing that they will not be entitled to know the specifics of the fund's holdings. Bergan Decl. ¶ 15. Plaintiff has no right to the information provided to PwC either under BVI corporation law or under the Articles of Association or Offering Memoranda. Thorp Decl. ¶¶ 6-7; Bergan Decl. ¶ 15. As the Offering Memoranda make clear, shareholders will receive an annual report "describing the *results* of the Fund's trading activities for that fiscal year" (i.e., not the specifics of trading activities) and quarterly investment reports that include the amount of detail that the Investment Manager (Epsilon Global Asset Management Ltd.) determines is appropriate, in its sole discretion. 2003 and 2004 Offering Memoranda at 2 (emphasis added); Bergan Decl. ¶ 15. Epsilon II and its Investment Manager never disclose the specifics of Epsilon II's holdings. Bergan Decl. ¶ 15.

Plaintiff's requested order for the production of PwC documents is another unwarranted request for mandatory injunctive relief that does not aim to preserve the status quo, but instead seeks to change it. Plaintiff cannot make the required showing that it is likely to prevail on the merits in such a manner that the requested affirmative relief is an appropriate remedy, let alone a proper remedy as a preliminary injunction.[9]

### F. Plaintiff's Motion for a Preliminary Injunction Should be Denied and the TRO Dissolved

In sum, for each component of the injunctive relief requested, Plaintiff cannot demonstrate a likelihood of success on the merits or that actual and substantial injury will result if the

---

[9] The non-Epsilon II defendants reserve their rights to challenge personal jurisdiction. In addition, Plaintiff has failed to demonstrate a likelihood of success with respect to its *alter ego* argument (the basis on which Plaintiff seeks to have this court enjoin the non-Epsilon II defendants. Plaintiff cannot begin to make that showing simply on the unremarkable facts that Mr. Stevanovich is involved in each of the defendant entities, that they have contractual relationships with one another, and that his February 4, 2010 memorandum suspending redemptions in multiple Epsilon-affiliated funds was sent on "Epsilon Investment Management letterhead." *See* Compl. ¶¶ 29-31.

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 11

73288-0001/LEGAL17979180.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

injunction does not issue. Plaintiff's motion for a preliminary injunction, therefore, should be denied in its entirety. The TRO issued improperly and should be dissolved, particularly since it orders defendants to take affirmative action.[10] The appropriate time for the Court to consider granting the ultimate and comprehensive relief sought in Plaintiff's Complaint is not on a motion for preliminary injunction, but rather at a hearing or trial on the merits where witnesses testify and a complete evidentiary record is afforded the litigants. Defendants have no objection to a prompt trial setting within the next two months, at which time the relief sought by Plaintiff can be considered in an orderly, thorough process, so long as the parties have an opportunity to conduct some discovery, perpetuate the testimony of out of state and out of country witnesses, including the following witnesses on behalf of Epsilon:

> General Counsel Ed Bergan who is a resident of New York City
>
> Mr. Steve Stevanovich who is a resident of Florida
>
> Mr. Andrew Thorp who is a resident of the British Virgin Islands
>
> The auditors at PriceWaterhouseCoopers who are residents of Rotterdam, the Netherlands
>
> Masoud Emanmi, Epsilon's manager of settlements and operations, who is a resident of Switzerland

## VI.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for a Preliminary Injunction and Dissolve the Temporary Restraining Order previously entered in this action. A Proposed Order accompanies this motion.

---

[10] Plaintiff further requests an award of attorneys' fees and costs incurred, in an amount to be determined on a post-hearing submission of a Declaration detailing the time incurred and costs expended. *Cornell Pump Co. v. City of Bellingham*, 123 Wn. App. 226 (2004) (awarding attorneys' fees for wrongfully issued TRO).

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 12

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL17979180.1

```
 1
 2   DATED: March 30, 2010              s/ Harry H. Schneider, Jr., WSBA No. 9404
 3                                      HSchneider@perkinscoie.com
 4                                      Joseph M. McMillan, WSBA No. 26527
 5                                      JMcMillan@perkinscoie.com
 6
 7                                      Perkins Coie LLP
 8                                      1201 Third Avenue, Suite 4800
 9                                      Seattle, WA 98101-3099
10                                      Telephone: 206.359.8000
11                                      Facsimile:  206.359.9000
12
13                                      Attorneys for Defendants
```

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 13

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL17979180.1

## CERTIFICATE OF SERVICE

On the 30th day of March, 2010, I caused to be served upon the following, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

| | | |
|---|---|---|
| Bradley P. Thoreson<br>Samuel T. Bull<br>Miriam H. Cho<br>Foster Pepper PLLC<br>1111 Third Avenue, Suite 3400<br>Seattle, WA 98101<br>thorb@foster.com<br>bulls@foster.com<br>chomi@foster.com | __X__<br>____<br><br>____<br>____<br>__X__ | Via hand delivery<br>Via U.S. Mail, 1st Class,<br>Postage Prepaid<br>Via Overnight Delivery<br>Via Facsimile<br>Via Email |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 30th day of March, 2010.

*Roxann P. Ditlevson*
Roxann P. Ditlevson

---

DEFENDANTS' OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION AND REQUEST FOR
DISSOLUTION OF TRO – 14

73288-0001/LEGAL17979180.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000