1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

THE HONORABLE CAROL SCHAPIRA

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| SEATTLE CITY EMPLOYEES' RETIREMENT SYSTEM, an agency of the City of Seattle, <br><br> Plaintiff, <br><br> v. <br><br> EPSILON GLOBAL ACTIVE VALUE FUND II, LTD., a British Virgin Islands corporation, EPSILON GLOBAL MASTER FUND II, L.P., a limited partnership formed under the laws of the Cayman Islands, EPSILON INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company, EPSILON GLOBAL ASSET MANAGEMENT LTD., a corporation formed under the laws of the Cayman Islands, and STEVEN G. STEVANOVICH, a resident of Florida, <br><br> Defendants. | No. 10-2-10235-3 SEA <br><br> DECLARATION OF ANDREW THORP |

I, ANDREW THORP, hereby declare as follows:

1.  Identity and Competency. I am a partner of the international law firm Harneys and I practice in the British Virgin Islands office of the firm. I am a graduate of the University of Nottingham (1994) and Chester College of Law, (1996), and I am licensed and admitted as a

DECLARATION OF ANDREW THORP – 1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73268-0001/LEGAL17989438.1

Solicitor of the Supreme Court of England and Wales (1998) and in the British Virgin Islands ("BVI") (2005). I have been a partner of Harneys since 2009.

    2.    <u>BVI Counsel for Epsilon</u>. I am instructed to provide legal advice and counsel to Epsilon Investment Management LLC and its affiliates, including Epsilon Global Active Value Fund II Ltd ("Epsilon II").

    3.    <u>Contact with General Counsel Ed Bergan</u>. I regularly interact with Ed Bergan, General Counsel and Chief Compliance Officer of Epsilon Investment Management LLC.

    4.    <u>Plaintiff's Rights and Obligations Under BVI Law.</u> I have read the Declaration of Edmund P. Bergan, Jr., dated March 30, 2010, filed in the above captioned action, and I agree with it in all respects regarding application of BVI law to this proceeding, to the rights and obligations of the investors in Epsilon II., and to the obligations of Epsilon II with respect to its investors or members. Epsilon is a creature of BVI law, organized, created, and operating as a BVI company pursuant to the BVI Business Companies Act 2004 and regulated pursuant to The British Virgin Islands Mutual Funds Act 1996. The controlling document governing the Company and its relationship with its shareholders is a statutory contract, the Memorandum of Association and Articles of Association ("M and A's") attached as Exhibits 3 and 4 to the Bergan Declaration. The document setting forth additional contractual terms between Epsilon and its investors is the Offering Memorandum ("OM").

    5.    Specifically, under BVI law and the controlling documents, Epsilon is entitled to suspend the redemption of shares at any time under certain specified circumstances set forth in Paragraph 76 of the Articles of Association and under "Redemption Procedure" in the Offering Memorandum. Epsilon elected pursuant to the terms as set out in the M and A's and OM to suspend redemption of shares. This election was communicated to investors by letter of 4 February 2010  prior to the redemption date of 31 March 2010 upon which the Seattle City Employees' Retirement System had the right to receive a redemption of its shares. Whilst investors, including the Seattle City Employees' Retirement System, pursuant to the terms of the

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

73288-0001/LEGAL17989438.1

OM may receive an audited financial statement and an annual report, this has not been possible in this instance. As yet, as far as I am aware Epsilon have not yet received from its auditors a completed audit opinion regarding the 2008 financial statements, and therefore is unable to provide such information. On this basis Epsilon is not withholding the information; it has not yet been prepared by Epsilon's outside auditors, PriceWaterhouseCoopers, and therefore Epsilon is not in a position to convey to its investors.

6.     It should also be noted that, pursuant to s.100 of The BVI Business Companies Act 2004, shareholders of a company are entitled, subject to the discretion of the directors, to inspect only the following limited documents:-

     a.   the memorandum and articles

     b.   the register of members;

     c.   the register of directors; and

     d.   minutes of meetings and resolutions of members and of those classes of members of which he is a member.

7.     Investors do not have a right, pursuant to the M and A's, the terms of the OM nor statute to receive the underlying data regarding Epsilon's strategic investment positions which the Company deems confidential and proprietary. This is further underlined within the terms of the OM, see page 2, which specifically states that quarterly investment reports will provide details of fund's activities as the investment manager in his sole discretion shall determine. At page 10 of the OM, under "Unidentified Investments" it is made clear that prospective investors must rely on the ability of the Investment Manager in making investments consistent with the Fund's objectives. *"Shareholders will not have the opportunity to evaluate the relevant economic, financial and other information which will be utilized by the Fund in deciding whether or not to make a particular investment".*

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

23288.0001/LEGAL17989418.1

8.      Under BVI law and the controlling documents, Epsilon is not required to forego a Management Fee during a period when redemptions are suspended and/or audited financial statements are not available.


**I declare under penalty of perjury under the laws of the British Virgin Islands that the foregoing is true and correct.**

EXECUTED at Tortola, British Virgin Islands, this 30th day of March, 2010.

Andrew Thorp

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

73298-0001/LEGAL17989438.1

## CERTIFICATE OF SERVICE

On the 30th day of March, 2010, I caused to be served upon the following, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

| Bradley P. Thoreson<br>Samuel T. Bull<br>Miriam H. Cho<br>Foster Pepper PLLC<br>1111 Third Avenue, Suite 3400<br>Seattle, WA 98101<br>thorb@foster.com<br>bulls@foster.com<br>chomi@foster.com | **X** \_\_\_\_<br>\_\_\_\_<br>\_\_\_\_<br>\_\_\_\_<br>**X** | Via hand delivery<br>Via U.S. Mail, 1st Class,<br>Postage Prepaid<br>Via Overnight Delivery<br>Via Facsimile<br>Via Email |
|---|---|---|

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 30th day of March, 2010.

*Roxann P. Ditlevson*
Roxann P. Ditlevson

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL17989428.1