UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE CITY EMPLOYEES' RETIREMENT SYSTEM, an agency of the City of Seattle,<br><br>Plaintiff,<br><br>v.<br><br>EPSILON GLOBAL ACTIVE VALUE FUND II, LTD., a British Virgin Islands corporation, EPSILON GLOBAL MASTER FUND II, L.P., a limited partnership formed under the laws of the Cayman Islands, EPSILON INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company, EPSILON GLOBAL ASSET MANAGEMENT LTD., a corporation formed under the laws of the Cayman Islands, and STEVEN G. STEVANOVICH, a resident of Florida,<br><br>Defendants. | No. 2:10-cv-555<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES |

## ANSWER

Defendants Epsilon Global Active Value Fund II, Ltd. ("Epsilon II"), Epsilon Global Master Fund II, L.P. ("Epsilon Master Fund II"), Epsilon Investment Management, LLC ("Epsilon Investment Management"), Epsilon Global Asset Management Ltd. ("Epsilon Asset Management"), and Steven G. Stevanovich (collectively "Defendants") answer Plaintiff's

DEFENDANTS' ANSWER
(NO. 2:10-CV-555) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18031548.1

Complaint as follows, in paragraphs numbered to correspond to the paragraph numbers in said Complaint:

## I. PARTIES

1. As to paragraph 1, Defendants admit that Plaintiff is an agency of the City of Seattle that provides retirement, disability, and survivors' benefits to City of Seattle employees, and which is administered in Washington state. Except as so expressly admitted, Defendants have insufficient information to admit or deny the remaining allegations of paragraph 1 and on that basis deny these allegations.

2. As to paragraph 2, Defendants admit that Epsilon II is a British Virgin Islands private investment corporation, that Mr. Stevanovich is a director of Epsilon II involved in directing its operations, and that Monahan & Biagi, PLLC, is located in Seattle and acts as legal counsel to Epsilon II. Except as so expressly admitted, Defendants deny the allegations in paragraph 2.

3. As to paragraph 3, Defendants admit that Epsilon Master Fund II is a limited partnership formed under the laws of the Cayman Islands, that proceeds from the sale of shares in Epsilon II are invested into Epsilon Master Fund II, and that Epsilon II's financial position is directly tied to Epsilon Master Fund II. Defendants further respond that Mr. Stevanovich is the director of Epsilon Asset Management, which is general partner of Epsilon Master Fund II, and therefore Mr. Stevanovich is involved in directing Epsilon Master Fund II's activities. Except as so expressly admitted, Defendants deny the allegations in paragraph 3.

4. As to paragraph 4, Defendants admit that Epsilon Asset Management is a Cayman Islands corporation that is general partner of Epsilon Master Fund II and that Epsilon Asset Management is former investment manager of Epsilon II, at which time it was solely responsible for trading and investment decisions of Epsilon II. Defendants further respond that Mr. Stevanovich is the director of Epsilon Asset Management and that he was involved in Epsilon

DEFENDANTS' ANSWER
(NO. 2:10-CV-555) – 2

73288-0001/LEGAL18031548.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

II's trading and investment decisions when Epsilon Asset Management was investment manager of Epsilon II. Except as so expressly admitted, Defendants deny the allegations in paragraph 4.

5. As to paragraph 5, Defendants admit that Epsilon Investment Management is a Delaware limited liability company and current investment manager for Epsilon II that provides analysis and recommendations related to Epsilon II's trading and investment transactions. Defendants further admit that Mr. Stevanovich is founder, president, CFO, and sole manager of Epsilon Investment Management and is therefore involved in trading and investment decisions. Defendants also admit that Epsilon Investment Management communicates with Plaintiff with respect to Plaintiff's investment in Epsilon II. Except as so expressly admitted, Defendants deny the allegations in paragraph 5.

6. As to paragraph 6, Defendants admit that Mr. Stevanovich resides in Delray Beach, Florida, is a director of Epsilon II and Epsilon Asset Management (the latter being general partner of Epsilon Master Fund II), and therefore Mr. Stevanovich is involved in directing Epsilon II's and Epsilon Master Fund II's activities. Defendants further admit that Mr. Stevanovich is manager of Epsilon Investment Management and therefore is involved in trading and investment decisions. Except as so expressly admitted, Defendants deny the allegations in paragraph 6.

7. As to paragraph 7, Defendants have insufficient information to admit or deny the allegations of paragraph 7 and on that basis deny these allegations.

## II. JURISDICTION AND VENUE

8. As to paragraph 8, Defendants admit that Plaintiff received materials soliciting its investment in Epsilon II. Except as so expressly admitted, Defendants deny the allegations in paragraph 8.

9. As to paragraph 9, Defendants admit that King County Superior Court had subject matter jurisdiction over the action. Defendants further respond that the United States District

DEFENDANTS' ANSWER
(NO. 2:10-CV-555) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18031548.1

Court for the Western District of Washington has subject matter jurisdiction on the basis of diversity. Except as so expressly admitted, Defendants deny the allegations in paragraph 9.

10. As to paragraph 10, Defendants admit that venue was proper in King County Superior Court. Defendants further respond that venue is proper in United States District Court for the Western District of Washington. Except as so expressly admitted, Defendants deny the allegations in paragraph 10.

### III. FACTS

11. As to paragraph 11, Defendants admit that Plaintiff received materials soliciting its investment in Epsilon II. Except as so expressly admitted, Defendants deny the allegations in paragraph 11.

12. As to paragraph 12, Defendants admit that Plaintiff received materials soliciting its investment in Epsilon II. Defendants further admit that a copy of the January 2003 Confidential Offering Memorandum is attached as Exhibit A to the Complaint. Except as so expressly admitted, Defendants deny the allegations in paragraph 12.

13. As to paragraph 13, Defendants admit that, in or about December 2003, Plaintiff purchased $10 million in shares in Epsilon II by accepting the terms offered in the January 2003 Confidential Offering Memorandum and executing a Subscription Agreement and Standing Proxy. Defendants further admit that Plaintiff purchased an additional $10 million in shares approximately one year later. Defendants further respond that the second investment occurred in or about December 2004. Except as so expressly admitted, Defendants deny the allegations in paragraph 13.

14. As to paragraph 14, Defendants respond that the January 2003 Confidential Offering Memorandum speaks for itself. Defendants further respond that paragraph 14 asserts a legal conclusion, to which no response is required.

DEFENDANTS' ANSWER
(NO. 2:10-CV-555) – 4

73288-0001/LEGAL18031548.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15. As to paragraph 15, Defendants respond that the January 2003 Confidential Offering Memorandum speaks for itself. Defendants further respond that paragraph 15 asserts a legal conclusion, to which no response is required.

16. As to paragraph 16, Defendants admit that historically, annual reports with financial statements for Epsilon II have been provided to Plaintiff. Except as so expressly admitted, Defendants deny the allegations in paragraph 16.

17. As to paragraph 17, Defendants admit that Epsilon II did not provide Plaintiff with a 2008 annual report with audited financial statement by May 1, 2009. Defendants further respond that paragraph 17 asserts a legal conclusion for which no response is required. To the extent a response is required, except as so expressly admitted, Defendants deny the allegations in paragraph 17.

18. As to paragraph 18, Defendants admit that Plaintiff inquired about the status of the 2008 annual report with audited financial statement. Defendants further admit that Epsilon Investment Management informed Plaintiff that the 2008 annual report with audited financial statement would be forthcoming once Pricewaterhouse Coopers ("PwC") completed and released the audit. Except as so expressly admitted, Defendants deny the allegations in paragraph 18.

19. As to paragraph 19, Defendants admit the allegations therein. Defendants further respond that, as of the date hereof, the 2008 annual report with audited financial statement cannot be provided because PwC has not completed and released the audit.

20. As to paragraph 20, Defendants admit that on or about January 28, 2010, Plaintiff notified Epsilon Investment Management that Plaintiff would like to redeem its shares in Epsilon II. Defendants further admit that on February 4, 2010, Epsilon Investment Management announced the temporary suspension of redemptions in three funds, including Epsilon II. Defendants further respond that a copy of the February 4 memorandum ("Memorandum") is attached as Exhibit C to the Complaint, and the Memorandum speaks for itself. To the extent a response is required, Defendants further admit that the Memorandum references an SEC

DEFENDANTS' ANSWER
(NO. 2:10-CV-555) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18031548.1

investigation into Westford I, a lack of liquidity (particularly affecting Westford I), and the fact that PwC informed Defendants that completion and release of audited financial statements would be delayed because of the SEC investigation. Except as so expressly admitted, Defendants deny the allegations in paragraph 20.

21. As to paragraph 21, Defendants admit the allegations therein. Defendants further respond that a copy of the referenced email is attached as Exhibit D to the Complaint, and the email speaks for itself.

22. As to paragraph 22, Defendants admit that Exhibit E to the Complaint is an "Investor Statement" showing Plaintiff's Epsilon II account summary for the period December 2009, which document speaks for itself. To the extent a response is required, Defendants further respond that the Investor Statement was provided by Equinoxe, administrator of the Epsilon II fund. Defendants deny that the statement indicates a closing position of $24,865,756.33 (rather, it indicates $24,856,756.33). Except as expressly admitted, Defendants have insufficient information to admit or deny the allegations in paragraph 22 and on that basis denies all remaining allegations therein.

23. As to paragraph 23, Defendants admit that Exhibit F to the Complaint is a copy of an email sent to Epsilon Investment Management on or about March 8, 2010, which document speaks for itself.

24. As to paragraph 24, Defendants incorporate their response to paragraph 23 above.

25. As to paragraph 25, Defendants admit that a representative of Plaintiff sent a March 8, 2010, email demanding a meeting in Seattle on March 15, 2010, and that representatives of Defendants were unable to travel to Seattle for the requested meeting on such short notice. Except as so expressly admitted, Defendants deny the allegations in paragraph 25.

26. As to paragraph 26, Defendants deny the allegations therein.

27. As to paragraph 27, Defendants respond that Exhibit G to the Complaint is a copy of the Epsilon II "Directors' report and financial statements for the year ended December 31,

DEFENDANTS' ANSWER
(NO. 2:10-CV-555) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18031548.1

2007," which document speaks for itself. To the extent a further response is required, Defendants admit that the referenced 2007 report indicates that "Net assets attributable to holders of redeemable participating shares" was $24,222,405 (as of December 31, 2007). As to the remaining allegations in paragraph 27, Defendants incorporate by reference their response above to paragraph 22.

28. As to paragraph 28, Defendants deny the allegations therein.

29. As to paragraph 29, Defendants admit that Mr. Stevanovich is involved, in various capacities, in the operations of Epsilon Investment Management, Epsilon Asset Management, and Epsilon Master Fund II. Defendants further admit that "Defendant . . . Stevanovich . . . [is] controlled by [Defendant] Stevanovich." Except as expressly admitted, Defendants deny the allegations in paragraph 29.

30. As to paragraph 30, Defendants admit that Mr. Stevanovich is a director of Epsilon II and is therefore involved in directing its operations and activities. Defendants also admit that Mr. Stevanovich is manager of Epsilon Investment Management and therefore is involved in its trading and investment decisions. Defendants further respond that Mr. Stevanovich is the director of Epsilon Asset Management, which is general partner of Epsilon Master Fund II, and therefore Mr. Stevanovich is involved in directing Epsilon Master Fund II's activities. Except as expressly admitted, Defendants deny the allegations in paragraph 30.

31. As to paragraph 31, Defendants admit that the February 4, 2010, memorandum to shareholders announcing the suspension of redemptions in Epsilon and Westford funds was written on Epsilon Investment Management letterhead and signed by Mr. Stevanovich. Defendants further respond that the February 4 memorandum speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 31.

32. As to paragraph 32, Defendants admit that Mr. Stevanovich is involved in directing the operations of the Defendant Epsilon entities. Defendants further respond that PwC has not completed and released the 2008 annual report with audited financial statement and

DEFENDANTS' ANSWER
(NO. 2:10-CV-555) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18031548.1

therefore it cannot be produced. Except as expressly admitted, Defendants deny the allegations in paragraph 32.

## V. CAUSES OF ACTION

### First Claim for Relief

### Breach of Contract

33. As to paragraph 33, Defendants incorporate their responses to paragraphs 1 through 32 as though fully set forth herein.

34. As to paragraph 34, defendants deny the allegations therein.

35. As to paragraph 35, defendants deny the allegations therein.

### Second Claim for Relief

### Violation of British Virgin Islands Business Companies Act of 2004

36. As to paragraph 36, Defendants incorporate their responses to paragraphs 1 through 35 as though fully set forth herein.

37. As to paragraph 37, Defendants respond that it asserts a legal conclusion, to which no response is required.

38. As to paragraph 38, Defendants respond that the referenced offering memorandum speaks for itself. Defendants further respond that paragraph 38 asserts a legal conclusion, to which no response is required.

39. As to paragraph 39, Defendants admit that Epsilon II has yet to provide Plaintiff with the 2008 annual report with audited financial statement. Defendants further respond that PwC has not completed and released the 2008 annual report with audited financial statement and therefore it cannot be produced. Except as expressly admitted, Defendants deny the allegations in paragraph 39.

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### Third Claim for Relief

### Injunctive Relief Requiring Production of Financial Documents

40. As to paragraph 40, Defendants incorporate their responses to paragraphs 1 through 39 as though fully set forth herein.

41. As to paragraph 41, defendants deny the allegations therein.

42. As to paragraph 42, defendants deny the allegations therein.

43. As to paragraph 43, defendants deny the allegations therein.

44. As to paragraph 44, defendants deny the allegations therein.

### Fourth Claim for Relief

### Injunctive Relief Preventing Epsilon II from Taking Action Harmful to SCERS as an Investor or Its Investment

45. As to paragraph 45, Defendants incorporate their responses to paragraphs 1 through 44 as though fully set forth herein.

46. As to paragraph 46, defendants deny the allegations therein.

### Fifth Claim for Relief

### Injunctive Relief Preventing Epsilon II from Paying Any Management Fee During the Gating of SCERS's Investment

47. As to paragraph 47, Defendants incorporate their responses to paragraphs 1 through 46 as though fully set forth herein.

48. As to paragraph 48, defendants deny the allegations therein.

### AFFIRMATIVE DEFENSES

Defendants further respond to Plaintiff's Complaint by alleging the following affirmative defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The Court lacks personal jurisdiction over Defendants.

DEFENDANTS' ANSWER
(NO. 2:10-CV-555) – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

3. Service of process on Defendants Epsilon II, Epsilon Master Fund II, and Epsilon Asset Management was insufficient.

4. Plaintiff's claim, in part, is brought prematurely and is not actionable.

5. Defendants' contractual obligations were not due because of the nonoccurrence of a necessary condition to performance.

6. Defendants' contractual obligations are excused based on the doctrines of impossibility and/or impracticability.

7. Plaintiff's claim is barred by the equitable doctrine of laches.

8. Plaintiff is estopped from asserting the claim against Defendants.

9. Plaintiff has waived its rights against Defendants and is not entitled to relief.

10. The requested injunctive relief is unavailable because Plaintiff has an adequate remedy at law.

11. The relief sought by Plaintiff is not available under the law of the British Virgin Islands, which is the applicable substantive law in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendants demand the following relief:

A. Dismissal of Plaintiff's claims with prejudice;

B. Defendants' costs of suit, including reasonable attorneys' fees; and

C. Such other relief as the Court may deem just and proper.

DEFENDANTS' ANSWER
(NO. 2:10-CV-555) – 10

73288-0001/LEGAL18031548.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | |
|---|---|
| 1 | DATED this 14th day of April, 2010. |
| 2 | |
| 3 | |
| 4 | s/ *Joseph M. McMillan* |
| 5 | Harry H. Schneider, Jr., WSBA No. 09404 |
| 6 | Joseph M. McMillan, WSBA No. 26527 |
| 7 | Jeffrey M. Hanson, WSBA No. 34871 |
| 8 | **Perkins Coie LLP** |
| 9 | 1201 Third Avenue, Suite 4800 |
| 10 | Seattle, WA 98101-3099 |
| 11 | Telephone: 206.359.8000 |
| 12 | Facsimile: 206.359.9000 |
| 13 | hschneider@perkinsoie.com |
| 14 | jmcmillan@perkinsoie.com |
| 15 | jhanson@perkinsoie.com |
| 16 | |
| 17 | Attorneys for Defendants |

DEFENDANTS' ANSWER
(NO. 2:10-CV-555) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18031548.1

# CERTIFICATE OF SERVICE

On the 14th day of April, 2010, I caused to be served upon the following, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

| | |
|---|---|
| Bradley P. Thoreson<br>Samuel T. Bull<br>Miriam H. Cho<br>Foster Pepper PLLC<br>1111 Third Avenue, Suite 3400<br>Seattle, WA 98101<br>thorb@foster.com<br>bulls@foster.com<br>chomi@foster.com | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>**X** Via CM/ECF system<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>**X** Via Email |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 14th day of April, 2010.

*/s/ Roxann P. Ditlevson*
Roxann P. Ditlevson

DEFENDANTS' ANSWER
(NO. 2:10-CV-555) – 12

73288-0001/LEGAL18031548.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000