THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE CITY EMPLOYEES' RETIREMENT SYSTEM, an agency of the City of Seattle,<br><br>Plaintiff,<br><br>v.<br><br>EPSILON GLOBAL ACTIVE VALUE FUND II, LTD., a British Virgin Islands corporation, EPSILON GLOBAL MASTER FUND II, L.P., a limited partnership formed under the laws of the Cayman Islands, EPSILON INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company, EPSILON GLOBAL ASSET MANAGEMENT LTD., a corporation formed under the laws of the Cayman Islands, and STEVEN G. STEVANOVICH, a resident of Florida,<br><br>Defendants. | No. 2:10-cv-555 RAJ<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF OPPOSING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND REQUESTING DISSOLUTION OF TEMPORARY RESTRAINING ORDER**<br><br>**Hearing Date:** April 29, 2010, 11:00 a.m. |

DEFENDANTS' SUPPLEMENTAL BRIEF OPPOSING
PRELIMINARY INJUNCTION AND REQUESTING
DISSOLUTION OF TRO (NO. 2:10-CV-555)

LEGAL18188520.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I. INTRODUCTION

Three weeks ago Plaintiff urged this Court to enter extraordinary injunctive relief while it developed evidence in support of its Complaint. Today, Plaintiff's narrowly drafted Complaint is largely moot. Epsilon has voluntarily provided information over the past three weeks as an accommodation in light of the delayed issuance of the independent audit of Epsilon's 2008 financial statement, but enough is enough. The Complaint provides no basis for compulsory production of the additional information Plaintiff now seeks. There is no claim for fraud, no allegation of deception, and the relief sought does not include an award of damages or revocation of the contract at issue. As such, Plaintiff has no right to additional information, as the Offering Memorandum makes clear that all Plaintiff is entitled to receive is information showing the *results* of Epsilon's investment performance, not the details of its investment decisions, its strategies, or the identity of its other investors. Accordingly, Plaintiff's motion for preliminary injunction should be denied, and the Court should vacate the TRO previously issued by the King County Superior Court Commissioner as improvidently granted.

## II. SUPPLEMENTAL STATEMENT OF FACTS

### A. Defendants Have Complied with the April 2, 2010, Order

At the April 2, 2010, hearing, Defendants informed the Court that although Plaintiff is not entitled to the extraordinary relief it seeks, Defendants were nevertheless willing to provide certain financial documents relevant to the status of Plaintiff's investment in Epsilon Global Active Value Fund II, Ltd. ("Epsilon II"). Hearing Transcript ("Tr.") at 36-41.[1] Specifically, Defendants agreed to provide (1) Epsilon II's 2008, 2009, and January 2010 financial statements, unaudited; (2) information about the Epsilon II portfolio, including investment type and sector allocation; and (3) information on whether Epsilon II has other investors, and, if so, the amounts of their investments. Tr. 46-51; *see also* Tr. 38-44. Defendants' counsel also agreed to forward certain additional inquiries to Epsilon II, as requested by Plaintiff. Tr. 51-57. The Court then issued an Order making these

---

[1] The transcript is attached as Exhibit A to the Declaration of Joseph M. McMillan ("McMillan Decl.").

DEFENDANTS' SUPPLEMENTAL BRIEF OPPOSING
PRELIMINARY INJUNCTION AND REQUESTING
DISSOLUTION OF TRO (NO. 2:10-CV-555)

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL18188520.1

agreements binding upon the parties, and without dissolving or vacating the TRO, stated that it "has no further effect as of the date of this order." Dkt. No. 15.

Over the next week, Defendants fully complied with the April 2 Order. On April 7, Epsilon II produced the unaudited financial statements for 2008, 2009, and for January 2010. McMillan Decl., Ex. B. In addition, going beyond the agreement at the hearing, Defendants also produced, voluntarily, the 2006 and 2007 audited annual reports for Epsilon Global Master Fund II, L.P. ("the Master Fund"), the fund in which Epsilon II (a "feeder" fund) invests.

On April 8, Epsilon II produced the remaining documents and information that it had agreed to provide, identifying the types of investments and sector allocation of the Epsilon II portfolio and the investment balances for the four other investors in Fund. McMillan Decl., Ex. C. In addition, once again going beyond the April 2 agreement, Epsilon II voluntarily produced a Transaction Summary detailing the Master Fund's investments in the Westford Special Situations Fund (showing investment date, number of shares purchased, Westford unit costs, and trade amounts). *Id.*; Tr. 54. This is directly responsive to one of Plaintiff's current demands.

On April 9, Defendants provided responses to each of the additional inquiries posed by Plaintiff. McMillan Decl., Ex. D. Specifically, Epsilon II (1) provided contact information for the Fund Administrator; (2) confirmed that it has not paid, and would refrain from paying, a management fee for the first quarter of 2010 until clarification is obtained from the Court; and (3) agreed to pass on to Plaintiff copies of communications from the Liquidator of the Westford fund appointed in the BVI. *See id.* Thus, by April 9, Defendants had fully complied with the April 2 Order and, in fact, had produced information above and beyond what was required.

On April 16, Defendants provided, voluntarily, additional documents and information, including (1) the audited annual reports for the Master Fund for 2004 and 2005, (2) a letter to all Westford investors from the fund Liquidator, (3) the identity of one of the other investors in Epsilon II, and (4) an update on the status of PricewaterhouseCoopers' ("PwC's") audit of Epsilon II's 2008 annual report. McMillan Decl., Ex. E.

DEFENDANTS' SUPPLEMENTAL BRIEF OPPOSING
PRELIMINARY INJUNCTION AND REQUESTING
DISSOLUTION OF TRO (NO. 2:10-CV-555) – 2

LEGAL18188520.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

B.   **Plaintiff's Latest Demands**

Plaintiff now seeks (1) to bar payment of the management fee, (2) names and contact information for the three other investors in Epsilon II, (3) names and contact information for the directors and officers of Epsilon II, and (4) documents "memorializing" Epsilon II's investment in the Master Fund and/or Westford Special Situations Fund.

Defendants' response is as follows: (1) Plaintiff has identified no contractual, legal, or equitable basis to prevent payment of the management fee, and none exists; (2) Epsilon II's directors have an obligation to protect the privacy expectations of its investors, but have agreed to write to the other three investors asking whether they will consent to the disclosures sought by Plaintiff; (3) Epsilon II agrees to identify and provide contact information for its current directors and officers; and (4) Epsilon II has already gone beyond its legal obligation under governing BVI law to produce documents "memorializing" the Master Fund and Westford investments (including audited annual reports for the Master Fund from 2004-2007, and the specially prepared Transaction Summary), and there is no authority for compelling further document productions, particularly as the independent audit of the 2008 financial statements has resumed on an expedited basis and is expected to be completed in a matter of weeks.[2]

### III.   ARGUMENT

A.   **Plaintiff is Not Entitled to a Preliminary Injunction**

Plaintiff has not come close to satisfying the standards for a preliminary injunction. Indeed, the weakness of the showing suggests that Plaintiff's true purpose is to manipulate the Court's equitable powers to obtain documents to which Plaintiff is not entitled under BVI law.

1.   **The TRO, Enjoining "Harmful" Conduct, Should Be Vacated**

Plaintiff has abandoned its request for an injunction ordering Epsilon II "to cease from taking any action harmful to Plaintiff's position as an investor in Epsilon II and/or its investment is Epsilon II." Amended TRO at 4. That step is well advised, as the request offends the specificity requirement

---

[2] *See* Supplemental Declaration of Edmund P. Bergan, Jr. ¶ 2.

DEFENDANTS' SUPPLEMENTAL BRIEF OPPOSING
PRELIMINARY INJUNCTION AND REQUESTING
DISSOLUTION OF TRO (NO. 2:10-CV-555) – 3

LEGAL18188520.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

of Rule 65(d). Enjoining any conduct "harmful" to Plaintiff's investment is far too vague to guide Epsilon II's actions.[3] However, because the TRO obtained by Plaintiff *ex parte* at the outset of this litigation contains this improper element of relief, the Court should vacate that Order to protect Defendants against frivolous claims of contempt.

### 2. There is No Basis to Prevent Payment of a Management Fee

Plaintiff continues to press for an order preventing the payment of a contractually required management fee. But Plaintiff has not, and cannot, show a likelihood of success on this issue. The only alleged wrongdoing in this action is "breach of contract" for failure to provide the 2008 audited annual report. But the remedy for such a breach, if a breach exists, would have nothing to do with the management fee. Moreover, Plaintiff relies on the *delayed redemption* provision in the 2009 Offering Memorandum as the basis for this relief. *See* Plaintiff's 3/31/10 Reply at 5. That provision states that if Epsilon II delays redemptions, it will forego charging the management fee for the duration of the delay. McMillan Decl., Ex. F at 4, 19. But Plaintiff has not alleged breach of the delayed redemption provision, and in fact it is completely inapposite to the facts at bar. Epsilon II has not *delayed* redemptions. Instead, it *suspended* redemptions based on the *suspension* provision in the Offering Memoranda and Articles of Association and disclosed elsewhere in the Offering Memorandum. *See* Supp. Bergan Decl, Ex. A at 2-3; 2009 Offering Mem. at 19-20; Articles of Assoc. ¶ 76. The suspension took effect on February 4, 2010, well before Plaintiff's "Redemption Date" (March 31, 2010). Under the governing documents, suspension does not require delay or forfeiture of the management fee.

### 3. Defendants Should Not be Ordered to Identify the Other Investors

Epsilon II has already informed Plaintiff that there are four other investors in the fund, disclosed the size of those other investments, and disclosed the identity of one of those investors (an entity controlled by Mr. Stevanovich). *See* McMillan Decl., Ex. C. In addition, the directors of

---

[3] When the Court inquired concerning the "rather nebulous" quality of "what harmful means," Plaintiff's counsel offered no greater specificity, but resorted instead to unwarranted and highly prejudicial invocations of the Madoff and Enron scandals to try to justify this extraordinary relief. Tr. at 9.

DEFENDANTS' SUPPLEMENTAL BRIEF OPPOSING
PRELIMINARY INJUNCTION AND REQUESTING
DISSOLUTION OF TRO (NO. 2:10-CV-555) – 4

LEGAL18188520.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Epsilon II have agreed to seek written consent from the other three investors before disclosing identities and contact information. That is an exercise of discretion permissible under the BVI Business Companies Act, 2004, and a perfectly appropriate response given the confidentiality expectations that the directors are obligated to protect. *See* Supp. Thorp Decl. ¶ 6. Epsilon II will identify and provide contact information for its current officers and directors. No further steps should be ordered, as Plaintiff has not shown any entitlement to additional disclosures.

### 4.  Plaintiff is Not Entitled to Additional Documents

Nor is Plaintiff entitled to a mandatory injunction requiring production of additional documents, particularly where it has already received documents that "memorialize" the Master Fund and Westford investments. Plaintiff is not entitled to anything beyond the 2008 audited annual report of Epsilon II, a document that will promptly be provided to Plaintiff and all other Epsilon II shareholders as soon as it is available. Epsilon II's failure to produce this document is not a breach of contract because it has a valid defense of "partial excuse," which is recognized under the English Common Law of contracts that governs in the BVI.[4]

However, even if Plaintiff could ultimately prove breach of contract, an order to produce documents "memorializing" investments in the Master Fund and Westford represents an improper remedy, as it has nothing to do with the supposed "breach of contract" and in any events goes far beyond what Plaintiff is entitled to receive under the parties' contractual relationship and business relationship based on the Articles of Association. The Court should not reform that contract and business relationship for the benefit of one shareholder. Instead, an appropriate remedy would simply be an order that Epsilon II promptly provide the 2008 annual report as soon as PwC completes its audit. *See* Supp. Bergan Decl. ¶ 2.[5]

---

[4] The BVI is a dependent territory of the United Kingdom. The Common Law (Declaration of Application) Act imports English common law, including in matters of contract. *See* Supp. Decl. of A. Thorp at ¶¶ 2-4.

[5] Injunctive relief against the non-Epsilon II defendants is inappropriate for other reasons as well. First, the Complaint asserts no cause of action against them. Second, Plaintiff has failed to allege any facts that would support a conclusion that this Court has personal jurisdiction over the non-Epsilon II defendants. Before entering a preliminary injunction, this Court must conclude that it likely has personal jurisdiction over the enjoined parties. *Zango, Inc. v. PC Tools Pty Ltd.*, 494 F.Supp.2d 1189, 1194 (W.D.Wash., 2007).

DEFENDANTS' SUPPLEMENTAL BRIEF OPPOSING
PRELIMINARY INJUNCTION AND REQUESTING
DISSOLUTION OF TRO (NO. 2:10-CV-555) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL18188520.1

RESPECTFULLY SUBMITTED this 28th day of April, 2010.

**PERKINS COIE LLP**

/s Harry H. Schneider, Jr.
Harry H. Schneider, Jr., WSBA No. 09404
Joseph M. McMillan, WSBA No. 26527
Jeffrey M. Hanson, WSBA No. 34871
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
hschneider@perkinsoie.com
jmcmillan@perkinsoie.com
jhanson@perkinsoie.com

Attorneys for Defendants

DEFENDANTS' SUPPLEMENTAL BRIEF OPPOSING
PRELIMINARY INJUNCTION AND REQUESTING
DISSOLUTION OF TRO (NO. 2:10-CV-555) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL18188520.1

## CERTIFICATE OF SERVICE

On the 27th day of April, 2010, I caused to be served upon the following, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

| | |
|---|---|
| Bradley P. Thoreson<br>Samuel T. Bull<br>Miriam H. Cho<br>Foster Pepper PLLC<br>1111 Third Avenue, Suite 3400<br>Seattle, WA 98101<br>thorb@foster.com<br>bulls@foster.com<br>chomi@foster.com | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>_X_ Via CM/ECF system<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>_X_ Via Email |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 28th day of April, 2010.

*Roxann P. Ditlevson*
Roxann P. Ditlevson

DEFENDANTS' SUPPLEMENTAL BRIEF OPPOSING
PRELIMINARY INJUNCTION AND REQUESTING
DISSOLUTION OF TRO (NO. 2:10-CV-555) – 7

LEGAL18188520.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000