THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE CITY EMPLOYEES'
RETIREMENT SYSTEM, an agency of
the City of Seattle,

              Plaintiff,

      v.

EPSILON GLOBAL ACTIVE VALUE
FUND II, LTD., a British Virgin Islands
corporation, EPSILON GLOBAL
MASTER FUND II, L.P., a limited
partnership formed under the laws of the
Cayman Islands, EPSILON
INVESTMENT MANAGEMENT, LLC, a
Delaware limited liability company,
EPSILON GLOBAL ASSET
MANAGEMENT LTD., a corporation
formed under the laws of the Cayman
Islands, and STEVEN G.
STEVANOVICH, a resident of Florida,

              Defendants.

No. 2:10-cv-555 RAJ

**SUPPLEMENTAL DECLARATION OF
ANDREW THORP**

I, ANDREW THORP, hereby declare as follows:

    1.    <u>Identity and Competency.</u>  I am a partner of the international law firm Harneys

and I practice in the British Virgin Islands office of the firm.  I am a graduate of the University

of Nottingham and Chester College of Law, Class of 1996, and I am licensed and admitted as a

Solicitor in England and Wales (1998) and in the British Virgin Islands ("BVI") (2005).  I have

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

been a partner of Harneys since 2009, and in that capacity I provide legal advice and counsel to

Epsilon Investment Management LLC and its affiliates, including Epsilon Global Active Value

Fund II Ltd ("Epsilon II"). I make this Declaration based upon personal knowledge, about which

I am competent to testify.

    2.   <u>Law of the British Virgin Islands</u>. The BVI is a dependent territory of the United

Kingdom, which, pursuant to a 1705 statute (revised in 1991), the Common Law (Declaration of

Application) Act (Cap.13) (the "CLDAA"), follows English common law, including in matters

of contract, unless specifically superseded by statute. As a Solicitor practicing before the courts

in the BVI, I have relied upon and cited to the courts English cases that have provided authority

in commercial contract disputes. They are routinely accepted by the BVI courts as relevant and

highly persuasive, consistent with the CLDAA.

    3.   <u>Common Law Contract Defenses</u>. The English Common Law of contract is an

ancient and well developed area. Among the common law defenses to a breach of contract claim

are the defenses of impossibility and frustration. These defenses have not been superseded or

repudiated by any statute in the BVI, and hence remain part of BVI law. According to the classic

treatise CHITTY ON CONTRACTS, "the effect of frustration is to 'kill the contract and discharge the

parties from further liability under it.'" *Id.* at § 23-066 (30th ed. 2008) (citation omitted).

However, there is authority which, according to Chitty, makes it "clear that the contract as a

whole is not discharged: the argument is the more limited one that the occurrence of some new

circumstance may excuse (perhaps temporarily) the performance of a particular contractual

obligation without frustrating the whole contract." *Id.* Aside from the incorporation of force

majeure clauses into contracts, Chitty identifies a second group of cases based on a general

common law doctrine referred to as "Partial excuse at common law." In the case *H.R. & S.*

*Sainsbury Ltd. v. Street* [1972] 1 W.L.R. 834, "[t]he parties entered into a contract under which

the defendant agreed to sell to the plaintiffs 275 tons of barley from a crop growing on a farm.

Without any fault on the part of the defendant, the yield turned out to be only 140 tons. The

SUPPLEMENTAL DECLARATION OF ANDREW
THORP (NO. 2:10-CV-555) – 2

73288-0001/LEGAL18187239.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

defendant refused to supply the plaintiff with the 140 tons harvested and so the plaintiff brought a claim for damages." CHITTY at § 23-068. The court did not hold the defendants liable for breach for failing to deliver the 135 tons that never came into existence, but held that the defendant remained bound to deliver the 140 tons. Chitty "suggests that English law, in certain circumstances, recognises that a contracting party may have a partial excuse for non-performance of a contractual obligation. It is on this ground that a seller is excused for his failure to deliver 135 tons of barley . . . ." CHITTY at § 23-066. Chitty summarizes his discussion of these cases on "*partial excuse*" by noting that "while there is much to be said for recognising that frustration operates within narrow confines, this should not prevent the courts from recognizing that a contracting party who, without fault on his part has been disabled from performing part of his contractual obligations, may be able to rely on the supervening event as an excuse for that non-performance." *Id.* at § 23-068. This view also appears to be shared by another leading commentary on English Contract law, TREITEL, THE LAW OF CONTRACT (12th ed.). At 17-059, whilst noting that both parties may treat themselves discharged from a contract where an extraneous event renders it frustrated, he also proposes that where the effects of the event are less drastic, it may provide a party with an excuse for non-performance which would not render the contract frustrated. Copies of the referenced sections of CHITTY ON CONTRACTS (30th ed. 2008) and TREITEL, THE LAW OF CONTRACT are attached hereto as Exs. A and B. *H.R. & S. Sainsbury* is attached hereto as Ex. C.

       4.    Specific Performance. Notwithstanding the points raised above, the plaintiff has prayed for specific performance (and a positive injunction) for the production of certain documents based on the alleged breach of contract. In addition to the discussion in the prior paragraph, also relevant to plaintiff's request is another principle recognized by English law: namely, English courts are hesitant to grant an order for specific performance if the performance of the contract is subject to a condition precedent not within the control of the claimant. *See Chattey v. Farndale Holdings Inc.* [1997] 1.E.G.L.R. 153.

SUPPLEMENTAL DECLARATION OF ANDREW
THORP (NO. 2:10-CV-555) – 3

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18187239.1

5.    <u>Epsilon II is a Creature of BVI Statute.</u>  I understand that in its April 26, 2010, supplemental brief regarding the preliminary injunction hearing, Plaintiff cited and attached the International Business Companies Act (the "IBCA").  Epsilon II was incorporated under the IBCA on May 30, 2001.  The IBCA, however, was superseded by the BVI Business Companies Act, 2004 (the "BVIBCA").  Effective January 1, 2007, all companies originally organized under the IBCA were compulsorily re-registered under the BVIBCA.  Thus, Epsilon II currently operates as a BVI business company pursuant to the BVIBCA, and the company is regulated pursuant to the BVI Mutual Funds Act, 1996.  The controlling document governing a company and its relationship with its shareholders is a statutory contract, the Memorandum of Association and Articles of Association ("M and A's"), the Epsilon II versions of which are attached as Exhibits 3 and 4 to the March 30, 2010, Bergan Declaration.  The Confidential Offering Memorandum of a company ("OM") may also set forth additional contractual terms between a company and its investors.

6.    <u>Plaintiff's Right to Company Documents under BVI Law.</u>  I have been informed that in its most recent brief filed with the Court, Plaintiff has requested disclosure of (1) the names of, and contact information for, other investors in Epsilon II, and (2) documents evidencing Epsilon II's investment in Epsilon Global Master Fund II, L.P. ("Epsilon Master Fund II"), and the Westford Special Situations Fund, Ltd. ("Westford Fund").  Under Section 100 of the BVIBCA, shareholders of a company are entitled, subject to the discretion of the directors, to inspect only the following limited documents:

    a.    the memorandum and articles;

    b.    the register of members;

    c.    the register of directors; and

    d.    minutes of meetings and resolutions of members and of those classes of members of which he is a member.

SUPPLEMENTAL DECLARATION OF ANDREW
THORP (NO. 2:10-CV-555) – 4

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

73288-0001/LEGAL18187239.1

A copy of section 100 of the BVIBCA is attached hereto as Ex. D.  Although some companies may, in their M and A's or OM's, provide access to a broader range of documents, there is nothing within the M and A's or OM of Epsilon II that creates an entitlement to see such documents.  Thus, under BVI law, Plaintiff is *not* entitled to the contact information for other investors, nor is it entitled to the requested documents evidencing Epsilon II's investment in Epsilon Master Fund II or the Westford Fund.  With respect to the names of other investors, Plaintiff's right to such information is subject to the directors' discretion, who may refuse to provide access to the information "if they are satisfied that it would be contrary to the company's interests."  *See* Section 100(3) of the BVIBCA (Ex. D).  I understand that, in light of investors' expectations of privacy and confidentiality, the directors of Epsilon II have determined that the company's interests require that the other investors be asked whether they consent to disclosure of their identity.  *See* April 16, 2010 letter from Joseph M. McMillan to Bradley P. Thoreson, which is attached as Exhibit E to the April 28, 2010, McMillan Declaration.

**I declare under penalty of perjury under the laws of the British Virgin Islands that the foregoing is true and correct.**

EXECUTED at Tortola, British Virgin Islands, this 25 day of April, 2010.


Andrew Thorp

SUPPLEMENTAL DECLARATION OF ANDREW
THORP (NO. 2:10-CV-555) – 5

73288-0001/LEGAL18187239.1

# CERTIFICATE OF SERVICE

On the 28th day of April, 2010, I caused to be served upon the following, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

| | |
|---|---|
| Bradley P. Thoreson<br>Samuel T. Bull<br>Miriam H. Cho<br>Foster Pepper PLLC<br>1111 Third Avenue, Suite 3400<br>Seattle, WA 98101<br>thorb@foster.com<br>bulls@foster.com<br>chomi@foster.com | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class,<br>    Postage Prepaid<br>_X_ Via CM/ECF system<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>_X_ Via Email |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 28th day of April, 2010.

*Roxann P. Ditlevson*

Roxann P.Ditlevson

SUPPLEMENTAL DECLARATION OF ANDREW
THORP (NO. 2:10-CV-555) – 6

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18187239.1