THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE CITY EMPLOYEES' RETIREMENT SYSTEM, an agency of the City of Seattle,<br><br>    Plaintiff,<br><br>v.<br><br>EPSILON GLOBAL ACTIVE VALUE FUND II, LTD., a British Virgin Islands corporation, EPSILON GLOBAL MASTER FUND II, L.P., a limited partnership formed under the laws of the Cayman Islands, EPSILON INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company, EPSILON GLOBAL ASSET MANAGEMENT LTD., a corporation formed under the laws of the Cayman Islands, and STEVEN G. STEVANOVICH, a resident of Florida,<br><br>    Defendants. | No. 2:10-cv-555 RAJ<br><br>**SUPPLEMENTAL DECLARATION OF EDMUND P. BERGAN, JR. IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

I, EDMUND P. BERGAN, JR., hereby declare as follows:

1. <u>Identity and Competency</u>. I am General Counsel and Chief Compliance Officer of Epsilon Investment Management LLC (the "Manager") and its affiliates. In that capacity, I am knowledgeable about Epsilon Global Active Value Fund II Ltd. ("Epsilon II" or "the

SUPPLEMENTAL DECLARATION OF EDMUND P. BERGAN, JR. (NO. 2:10-CV-555) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18189137.1

Company"), which is the fund in which plaintiff Seattle City Employees' Retirement System ("SCERS") invested several years ago. I have been a member of the Bar of the State of New York since 1976 and have spent my entire professional career in the field of securities law in general and the laws applicable to investment managers and investment companies in particular. I make this Declaration based upon personal knowledge, about which I am competent to testify.

2. <u>Resumption of the 2008 Audits</u>. As General Counsel and Chief Compliance Officer, I recently participated in two days of meetings between Epsilon II's independent auditors, PricewaterhouseCoopers Accountants N.V. ("PwC"), and senior representatives of the Epsilon and Westford organizations. Those meetings occurred in Toronto on April 12 and 13, 2010. At those meetings, PwC reiterated a point that I communicated to the Court in my March 30, 2010, declaration in this matter; namely, that the 2008 audit of Epsilon II, as well as the audits of all other funds managed by the Epsilon and Westford organizations, have been resumed on an expedited basis following the conclusion of SEC interviews, each lasting one day, of the two most senior PwC officials involved in the audits. The tasks involved in resuming and completing the audits were discussed in detail at the meetings, and specific plans, and the associated project assignments, were developed for the completion of all such tasks. Thus far, these plans are proceeding on schedule, and it is the current contemplation that all the audits, including that of Epsilon II, will be completed within approximately 3-5 weeks.

3. <u>Statements Made at the April 2, 2010, Hearing</u>. I have reviewed a copy of the transcript of the April 2, 2010, hearing before the Court in this matter. Plaintiff's counsel made a number of false, misleading and prejudicial statements made to the Court about the Epsilon and Westford organizations, and about Mr. Stevanovich, which require correction. Unsurprisingly, there was no evidence offered to support any of these inaccurate and highly prejudicial statements, many of which were, most unfortunately, further disseminated in a newspaper story that appeared in the Seattle Times on Sunday, April 4, 2010.

SUPPLEMENTAL DECLARATION OF EDMUND P. BERGAN, JR. (NO. 2:10-CV-555) – 2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18189137.1

4.   <u>Epsilon II's Investment in the Westford Special Situations Fund II Ltd</u>. Counsel for Plaintiff repeatedly suggested to the Court that there was something improper about Epsilon II's investment in Westford Special Situations Fund II Ltd ("Westford"), arguing that the Westford investment was "disallowed by . . . the investment guidelines," that Westford "wasn't supposed to get [SCERS's] funds," and that Epsilon II "took [SCERS's] money and put it into another fund that was disallowed." *See* the April 2, 2010, Hearing Transcript at 8, 16, 13, attached as Ex. A to the Declaration of Joseph M. McMillan. But there was, and is, nothing at all improper or inappropriate about that investment. As explained in my March 30 declaration, it was the Manager's business judgment that, in light of market conditions in recent years, the most attractive available investment opportunities were the "structured securities" and "alternative lending" strategies that make up Westford's portfolio. As it would be impracticable for a small fund such as Epsilon II to duplicate Westford's portfolio composition without excessive administrative and transaction costs which would be borne by Epsilon II and thus its shareholders, the decision was made that Epsilon II would invest in Westford, through the regular channel of the Epsilon Master Fund. That investment was, and is, entirely consistent with the Confidential Offering Memorandum, which clearly discloses that "the investment and reinvestment of the Fund's assets" are under the supervision and control of its Board of Directors, and effected with the recommendations and through the services of the Manager. *See* Epsilon II 2009 Confidential Offering Memorandum at 6, McMillan Decl., Ex. F. Further, the exercise of business judgment that led to the Westford investment was fully consistent with the "Investment Principles" disclosed in the Confidential Offering Memorandum, which highlighted Epsilon II's "opportunistic investment style" and expressly referenced "Special Situations" of the type that the Westford Special Situations Fund II was designed to exploit. *See id.* at 5. Thus, there is no basis whatsoever for Plaintiff's counsel's utterly fallacious suggestion that the Westford investment was a departure from the Investment Principles disclosed to investors.

SUPPLEMENTAL DECLARATION OF EDMUND P.
BERGAN, JR. (NO. 2:10-CV-555) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18189137.1

5. <u>Timing of the Westford Investment</u>. In addition, I respectfully call to the Court's attention the totally erroneous representations of plaintiff's counsel suggesting that Epsilon II invested in Westford (using SCERS's funds) at a point *after* SCERS had declined to invest in Westford directly, and did so without going through the Epsilon Master Fund as provided for in the Confidential Offering Memorandum, are a total travesty of the facts and highly misleading. (*See* McMillan Decl., Ex. A, Hearing Transcript at 28: "instead of going into the master fund and being invested, they invested in the very entity [Westford] we declined to be invested in.") In fact, as disclosed in a Transaction Summary that we provided to SCERS on April 8, 2010, Epsilon II made no direct investments in Westford; rather, all the pertinent Westford investments went through the Epsilon Master Fund, as contemplated and disclosed in the Confidential Offering Memorandum. Moreover, the Master Fund's initial investment in Westford dated from March of 2003, *fully nine months prior* to SCERS's initial subscription to Epsilon II. Thereafter, the Epsilon Master Fund purchased additional shares in Westford in February 2006, and in January 2007, both of which were disclosed in its audited annual reports for 2006 and 2007 (which were always available upon request to SCERS are frequently requested in the ordinary course by institutional investors in our funds such as SCERS, and have now been provided to plaintiff). In addition, following the "pitch [of] the Westford funds in October of 2009" that plaintiff's counsel complained about at the April 2 hearing (*see* Hearing Transcript at 28), neither Epsilon II nor the Epsilon Master Fund made any new investments in Westford. Accordingly, the characterization of the manner and timing of the Westford investments presented by Plaintiff's counsel at the April 2 hearing, suggesting that those unit purchases were improper or in conflict with SCERS's expressed preferences, was utterly false in all respects and highly prejudicial.

SUPPLEMENTAL DECLARATION OF EDMUND P.
BERGAN, JR. (NO. 2:10-CV-555) – 4

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18189137.1

6. <u>Communications with SCERS</u>. Counsel for plaintiff also repeatedly suggested to the Court that Epsilon II and its management personnel refused to communicate with SCERS or respond to its inquiries, stating, for example, that "Mr. Stevanovich and his group wouldn't show up and give us the information, he wouldn't show up and talk to us about what's happened." McMillan Decl., Ex. A, Hearing Transcript at 35. This is false, highly misleading and prejudicial. Indeed, representatives from Epsilon Investment Management had requested permission to attend the meeting of SCERS' Investment Committee in late January 2010 in order to provide information and answer questions about SCERS's investment in Epsilon II. They were not permitted to do so. On February 4, 2010, Epsilon Investment Management transmitted a memorandum to SCERS (and to all other investors in the Epsilon and Westford funds) reporting on quarterly performance, analyzing market conditions, and explaining the reasons for the temporary suspension of redemptions and closing of the funds to new subscriptions. *See* February 4, 2010, Memorandum, attached hereto as Ex. A. On February 12, 2010, I participated in a lengthy teleconference with SCERS's Executive Director and other representatives of SCERS, providing detailed information about the status of Epsilon II. We were given to understand by SCERS that the teleconference had been very helpful to them. *See* February 12, 2010, email from Cecilia Carter, attached hereto as Ex. B. However, when a March 8, 2010, email from Ms. Carter abruptly demanded an in-person meeting in Seattle on one week's notice, representatives of Epsilon Investment Management were simply unable to accommodate that demand as a simple scheduling matter. *See* March 8, 2010, email from Cecelia Carter, attached hereto as Ex. C. Nevertheless, Mr. George Rudman, Epsilon's investor services executive who was the regular point of contact with SCERS, telephoned and emailed Ms. Carter in response to her March 8 demand. *See* email exchanges between Mr. Rudman and Ms. Carter, attached hereto as Ex. D. By the week of March 8, however, SCERS was apparently intent on initiating litigation, as evidenced by the fact that on the morning of March 15 (the same date for which it

SUPPLEMENTAL DECLARATION OF EDMUND P.
BERGAN, JR. (NO. 2:10-CV-555) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18189137.1

had requested a meeting on short notice), it filed its Complaint in this action and obtained a TRO from the *ex parte* department of the King County Superior Court.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

EXECUTED at New York, New York, this 28th day of April, 2010.

_____
Edmund P. Bergan, Jr.

SUPPLEMENTAL DECLARATION OF EDMUND P.
BERGAN, JR. (NO. 2:10-CV-555) – 6

73288-0001/LEGAL18189137.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## CERTIFICATE OF SERVICE

On the 28th day of April, 2010, I caused to be served upon the following, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

| | |
|---|---|
| Bradley P. Thoreson<br>Samuel T. Bull<br>Miriam H. Cho<br>Foster Pepper PLLC<br>1111 Third Avenue, Suite 3400<br>Seattle, WA 98101<br>thorb@foster.com<br>bulls@foster.com<br>chomi@foster.com | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>_X_ Via CM/ECF system<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>_X_ Via Email |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 28th day of April, 2010.

*Roxann P. Ditlevson*
Roxann P. Ditlevson

SUPPLEMENTAL DECLARATION OF EDMUND P. BERGAN, JR. (NO. 2:10-CV-555) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL18189137.1