

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Harry H. Schneider, Jr.
PHONE: (206) 359-8508
FAX: (206) 359-9508
EMAIL: HSchneider@perkinscoie.com

April 7, 2010

**VIA HAND DELIVERY AND EMAIL**

Bradley P. Thoreson
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299

**Re: SCERS v. Epsilon**

Dear Brad:

Enclosed are documents that defendant Epsilon Global Active Fund II, Ltd. ("Epsilon II") undertook to produce this week. They consist of the following:

1. A 2008 financial statement of Epsilon II, not accompanied by an audit opinion of PricewaterhouseCoopers ("PwC").

2. A 2009 financial statement of Epsilon II, not accompanied by an audit opinion of PwC.

3. A month-end January 2010 financial statement of Epsilon II, not accompanied by an audit opinion of PwC.

In addition, Epsilon II is producing herewith the General Partner's Reports and audited Financial Statements of Epsilon Global Master Fund II L.P. ("Epsilon Master Fund II"), for the years 2006 and 2007, which, among other things, provide information concerning Epsilon's Master Fund II's investment in the Westford Fund.

These documents are bates-numbered EPSILON 0000001 – 0000070, and are designated "Confidential" under the Stipulated Protective Order that the parties have signed and are jointly submitting to the Court for entry. We make this production on the understanding that your client will afford these materials the protection required for "Confidential" information under that Order, even though it has not yet been entered by Judge Jones.

**EXHIBIT B**

73288-0001/LEGAL18046795.1

We anticipate that the other information Epsilon II undertook to provide, *i.e.*, portfolio information on Epsilon II's investment positions, including identification of sector or industry, amounts, status, and type of investment (debt, equity, etc.), and information on whether there are other investors in Epsilon II, and if so, their ownership percentages, will be forthcoming by Friday.

In addition, I also agreed at the April 2, 2010, hearing to make inquiry of Epsilon II on a number of other topics. I have done so, and should be able to provide you responses well before the Friday deadline, perhaps as early as tomorrow morning.

As indicated in my email of earlier today, we are copying Josh Johnson, Law Clerk to Judge Jones, on this transmittal letter without enclosures to keep the Court apprised of our client's compliance with what I represented to the Court at last Friday's hearing

Very truly yours,

Harry H. Schneider, Jr.

Enclosures

cc: Josh Johnson, Law Clerk to U.S. District Court Judge Richard A. Jones (via email w/o enclosures)



1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Harry H. Schneider, Jr.
PHONE: (206) 359-8508
FAX: (206) 359-9508
EMAIL: HSchneider@perkinscoie.com

April 8, 2010

**VIA EMAIL**

Bradley P. Thoreson
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299

**Re: SCERS v. Epsilon**

Dear Brad:

The purpose of this letter is to follow up on defendant Epsilon Global Active Value Fund II, Ltd.'s ("Epsilon II's") document production yesterday and provide you with the remaining information that Epsilon II undertook to produce this week. That additional information consists of the following:

1. Portfolio information. The information provided identifies the key characteristics of Epsilon II's investment positions, including industry allocation both overall and for the direct lending positions, leverage, long-short exposure, geographical allocation and the breakdown between direct lending and other positions. *See* document bates-numbered EPSILON 0000072, enclosed.

2. Information regarding other investors in Epsilon II. At the present time, in addition to SCERS, there are four other investors in Epsilon II, with the following dollar balances: (1) $543,245.30; (2) $184,139.12; (3) $90,685.31; and (4) $380,340.62.

In addition, and going beyond what Epsilon II committed last week to provide, enclosed is a Transaction Summary reflecting investments of Epsilon Global Master Fund II, LP in Westford Special Situation Fund Ltd., beginning from a time period prior to SCERS investment in Epsilon II. That Transaction Summary is bates-numbered EPSILON 0000071.

Like the materials produced yesterday, the documents and information produced herewith are all designated "Confidential" under the Stipulated Protective Order that the parties have signed and

**EXHIBIT C**

submitted to the Court for entry. Again, we make this production on the understanding that your client will afford these materials the protection required for "Confidential" information under that Order, even though it has not yet been entered by Judge Jones.

As noted in my letter yesterday, I have also made inquiry of Epsilon II on the other topics that I agreed to pursue at the April 2 hearing, and I expect to be able to provide you with responses by the close of business tomorrow.

Once again, we are copying Josh Johnson, Law Clerk to Judge Jones, on this transmittal letter (without enclosures) to keep the Court apprised of our client's compliance with what I represented to the Court at last Friday's hearing

Very truly yours,

Harry H. Schneider, Jr.

Enclosures

cc: Josh Johnson, Law Clerk to U.S. District Court Judge Richard A. Jones (via email w/o enclosures)

73288-0001/LEGAL18053223.1



1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Harry H. Schneider, Jr.
PHONE: (206) 359-8508
FAX: (206) 359-9508
EMAIL: HSchneider@perkinscoie.com

April 9, 2010

**VIA EMAIL**

Bradley P. Thoreson
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299

**Re: SCERS v. Epsilon**

Dear Brad:

At the hearing in this matter on April 2, we informed the Court that I would forward a number of SCERS's inquiries to our client, defendant Epsilon Global Active Value Fund II, Ltd. ("Epsilon II"), and provide responses if permitted. The specific inquiries I agreed to submit, and the responses from Epsilon II that we are authorized to convey, are as follows:

1. Inquiry: Will Epsilon II specifically identify and provide contact information for the other investors in the fund?

   Response: Epsilon II has informed SCERS of the fact that there are four other investors in Epsilon II, and has identified the size of the accounts currently held by each of those investors. However, given Epsilon II's obligation to protect the confidentiality and privacy interests of those investors, none of whom is a party to this lawsuit, it is precluded from providing actual names and contact information as requested.

**EXHIBIT D**

2. Inquiry: Will Epsilon II identify the timing and amounts of the fund's investments in the Westford Special Situations Fund?

Response: Epsilon II has provided this information for the period of time during which SCERS has been an investor in the Epsilon II. *See* the previously produced document bates-numbered EPSILON 0000071. In addition, Epsilon II has produced the General Partner's Reports and audited Financial Statements of Epsilon Global Master Fund II LP, for the years 2006 and 2007, that, among other things, provide information concerning the Master Fund's investment in the Westford Fund. These documents are bates-numbered EPSILON 0000007 – 0000070.

3. Inquiry: Will Epsilon II produce underlying contractual documents pursuant to which it invested in the Westford Fund?

Response: There are no such contractual documents. Epsilon II's investment policies, as disclosed in its Offering Memorandum, enable it to invest in any type of security, and accordingly there are "no underlying contractual documents," necessary or otherwise.

4. Inquiry: Will Epsilon II provide written authorization to permit the Liquidator of the Westford Fund to provide information to plaintiff?

Response: The powers and prerogatives of the Liquidator of the Westford Special Situations Fund Ltd. ("Westford Ltd.") are matters of British Virgin Islands ("BVI") law, which Epsilon II does not understand to be open to expansion beyond the classes of concern to the Liquidator under BVI law. However, Epsilon II will undertake to promptly pass through to plaintiff for its information copies of whatever communications it, as a shareholder of Westford Ltd., may receive from the Liquidator (without in any way surrendering or encumbering its prerogatives as shareholder). It bears noting that Westford Ltd. is a feeder fund into the Westford master fund, Westford Special Situations Master Fund Ltd., as to which the Liquidator has at his time no legal interest or rights.

5. Inquiry: Will Epsilon II provide written authorization to permit the plaintiff to communicate directly with PricewaterhouseCoopers ("PwC") concerning the reasons for the delay in completing the independent audit of Epsilon II's financial statements?

Response: Epsilon II is not inclined to provide such authorization. From long experience with PwC, Epsilon II knows that, as a matter of its own professional standards and internal policies, PwC will not communicate with a third party, including a shareholder or a shareholder representative, concerning an audit client, other than, at the client's request, to confirm to the third party that it is engaged in an audit of the client. In any event, the matter would appear to be moot, as Epsilon II has been advised by PwC, following the latter's interview by the staff of the SEC as discussed in Epsilon's February 4, 2010 letter to all shareholders, that it is now resuming work on the 2008 audit, which is currently anticipated to be completed by mid-May, 2010.

6. Inquiry: Will Epsilon II provide written authorization to permit the plaintiff to communicate directly with Equinoxe Alternative Investment Services (Ireland) Limited, the current Fund Administrator?

   Response: Epsilon II will inform the Fund Administrator that plaintiff is interested in making inquiries concerning the fund. Epsilon II has no objection to such inquiries and is happy to provide what we understand is the best contact at Equinoxe for this purpose: Chris Foy (cfoy@equinoxeais.com, Tel: ++353-1854-8102).

7. Inquiry: Will Epsilon II refrain from paying the management fee currently due and owing for the first quarter of 2010?

   Response: To date, as I thought was the case when addressing this issue in Court on April 2, Epsilon II has refrained from paying the management fee currently due and owing for the first quarter of 2010, but intends to seek clarification from the Court regarding this matter as there is no legal or equitable basis under applicable law for the fund managers to forego or delay collection of such a fee.

8. Inquiry: Will defendant Steven G. Stevanovich authorize defense counsel Perkins Coie LLP to accept service on his behalf?

   Response: Mr. Stevanovich is not a proper party to this lawsuit. In the interest of efficiency, however, Mr. Stevanovich has authorized Perkins Coie LLP to accept service on his behalf, without prejudice to his right to promptly move for dismissal on multiple grounds under Fed. R. Civ. P. 12. I believe you now have my signed Acceptance of Service transmitted last night.

Epsilon II hopes this expedited discovery will promote a speedy resolution of this lawsuit. Please let me know if you have any questions.

Very truly yours,

Harry H. Schneider, Jr.

73288-0001/LEGAL18054835.1




1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Joseph M. McMillan
PHONE: (206) 359-6354
FAX: (206) 359-7354
EMAIL: JMcMillan@perkinscoie.com

April 16, 2010

**VIA EMAIL**

Bradley P. Thoreson
Foster Pepper PLLC
1111 Third Avenue, Suite 3440
Seattle, WA 98101-3299

**Re: SCERS v. Epsilon**

Dear Brad:

We write in response to the two follow-up inquiries that you and your colleague, Mr. Bull, forwarded to us in connection with Harry Schneider's letter of April 9, 2010. Those two inquiries involved items (1) and (3) on the list set forth in that April 9 letter. Specifically, you reiterated your client's request for the names of the other investors in Epsilon II, and you indicated in the course of our telephone conversation Tuesday that, despite the absence of strictly "contractual" documents relating to Epsilon II's investment in Westford Special Situations Fund Ltd., you are nevertheless interested in administrative, custodial, and/or banking records that would evidence the dates and status of those investments.

We have consulted with our clients in connection with those follow-up requests, and they are prepared to offer the following:

1. Names of other investors in Epsilon II. The only other investor in Epsilon II that the company is at liberty to immediately identify is Capital Strategies Fund Ltd. ("Capital Strategies"), a Cayman Islands vehicle whose sole investor is Mr. Stevanovich himself. Capital Strategies' investment in Epsilon II is currently valued at $380,340.62. As explained in our April 9 letter, Epsilon II is committed to respecting the privacy and confidentiality expectations of its investors. Epsilon II has already provided information on the number of other investors, and the current size of their respective accounts in the Epsilon II fund, which we understood to be the matters of primary interest to SCERS.

**EXHIBIT E**

73288-0001/LEGAL18099863.1

However, you have made clear that SCERS also wishes to contact the other investors and have alluded to the British Virgin Island Business Companies Act of 2004 as a source of rights in that regard. But section 100 of that statute provides that the share register may only be divulged where the directors consider that to do so would be in the best interests of the company. The directors of Epsilon II do not consider that it would be appropriate to provide this information without the consent of each particular shareholder, who may not wish to share this information with your client. The directors are of the view that disclosing without such permission would not be in the best interests of the Fund nor its investors as a whole. The directors cannot prefer one shareholder over another by ignoring privacy expectations of all shareholders at the request of a single shareholder.

Accordingly, Epsilon II's management will agree to write to each of the other shareholders (aside from Capital Strategies) asking whether they consent to their identity being disclosed to another shareholder. In the event that they are amenable to the request, but have questions, we presume that SCERS will have no difficulty in supplying information or explanations that other shareholders may seek prior to authorizing disclosure. We will let you know as soon as we have received responses from the other shareholders.

2. <u>Records evidencing Epsilon II's investment in Westford</u>. In response to this inquiry, defendants are producing herewith documents bates numbered EPSILON 0000073-0000189, designated "Confidential" under the Stipulated Protective Order signed by the parties. These documents consist of the General Partner's reports and audited financial statements for Epsilon Global Master Fund II L.P. for the years 2004 and 2005 (the annual reports and audited financial statements for 2006 and 2007 from this entity have already been produced), and the Directors' reports and audited financial statements for Epsilon Global Active Value Fund II Ltd. for the years 2005, 2006, and 2007. We draw your attention specifically to pages bates numbered EPSILON 0000095 and 0000121 (and EPSILON 0000030 and 00000067 in previously produced documents), which identify investments in Westford Special Situations Fund Ltd. As noted, these are audited financial statements and therefore, as described in PricewaterhouseCoopers' Auditor's reports (*see, e.g.*, EPSILON 0000095), "evidence supporting the amounts and disclosures" has been subject to examination by the independent auditor.

In addition, in keeping with the statement in our April 9 letter, we are producing herewith a letter from the Liquidator of the Westford Fund, appointed by the court in the British Virgin Islands. This document was provided by the Liquidator to all investors in Westford's BVI feeder, Epsilon II's master fund among them. It is bates numbered EPSILON 0000190, and designated "Confidential."

While other administrative, custodial, and/or banking records relating to Epsilon II's investment in Westford certainly exist, such materials are currently being reviewed by the company's independent auditor, PricewaterhouseCoopers Accountants N.V. ("PwC") as part of the 2008 audits of Epsilon II's feeders and master fund. As explained in previous communications, those audits, as well as the audits of all other funds managed by the Epsilon and Westford organizations, have been resumed on an expedited basis following the conclusion of SEC interviews, each lasting one day, of the two most senior PwC officials involved in the audits. The tasks involved in resuming and completing the audits were the subjects of two days of meetings between PwC and senior representatives of the Epsilon and Westford organizations earlier this week. It is the current contemplation that all the audits, including that of Epsilon II, will be completed within approximately 4-6 weeks.

Under these circumstances, where an independent auditor is currently engaged in reviewing such records, and where the investments are disclosed in audited financial statements produced previously and herewith (along with a Transaction Summary identifying by date and amount the Westford investments, *see* EPSILON 0000071), Epsilon II does not believe it useful or necessary to gather and review for production underlying administrative or custodial documentation which would simply allow for duplication of PwC's efforts in an ongoing audit that is nearing completion.

Again, Epsilon II and the other defendants are committed to cooperating in the interests of a speedy and mutually satisfactory resolution of this lawsuit, and hope the steps described above will promote that end. We believe that these steps, along with the document productions of last week, go well beyond any legal obligation incumbent upon any of the defendants in this action.

We will be in touch with you to convey the responses of the other investors regarding SCERS' request for disclosure.

Very truly yours,

Joseph M. McMillan.

Enclosures

cc: Harry H. Schneider, Jr.
Jeff M. Hanson

73288-0001/LEGAL18099863.1